1  Daniel C. Girard (State Bar No. 114826)
   dcg@girardgibbs.com
2  Matthew B. George (State Bar No. 239322)
3  mbg@girardgibbs.com
   Heidi H. Kalscheur (State Bar No. 287993)
4  hhk@girardgibbs.com
   GIRARD GIBBS LLP
5  601 California Street, 14th Floor
6  San Francisco, California 94104
   Telephone: (415) 981-4800
7  Facsimile: (415) 981-4846

8
   Attorneys for Plaintiffs
9

10

11                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
12                        **SAN JOSE DIVISION**
13

14 | ERIC HOLLAND and CODY BAKER,          | Case No. _____
   | on behalf of themselves and all others similarly
15 | situated,                             | **CLASS ACTION COMPLAINT FOR:**
16 |
   |                Plaintiffs,            |   (1)   Violation of California's Invasion of
17 |        vs.                            | Privacy Act (Cal. Penal Code §§ 630 *et*
   |                                       | *seq.*)
18 | YAHOO! INC.,                          |   (2)   Violation of the Electronic
19 |                                       | Communications Privacy Act (18 U.S.C.
   |                Defendant.             | §§ 2510 *et seq.*)
20 |
21 |                                       | **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

                        CLASS ACTION COMPLAINT

ORIGINAL FILED
2013 OCT 25 P 12: 54
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HRL

CV 13 4980

**INTRODUCTION**

1.      Yahoo! Inc. ("Yahoo") is a leading internet company that provides web-based services, including Yahoo! Mail, to millions of users.  In exchange for using Yahoo's "free" services, Yahoo catalogues personal and confidential information and turns profit by selling that information for targeted advertising.  Over time, Yahoo has developed technology that increasingly encroaches on consumers' privacy rights by monitoring and recording confidential communications without making adequate disclosures of its conduct so that consumers are even aware that their rights are being violated. Moreover, Yahoo not only reviews the contents of its own users' correspondence, but also scans incoming email from non-Yahoo users and uses all of the data it gathers to sell advertising and other content based on the information it collects.  As a result, Yahoo is violating state and federal privacy laws that have been enacted to prohibit the abuses this type of technology can have in intercepting electronic communications.

2.      Plaintiffs Eric Holland and Cody Baker bring this class action lawsuit against Yahoo for its violation of consumers' state and federal privacy rights that are designed to protect citizens from invasions of their private, privileged, and confidential communications.  Through this proposed class action, Plaintiffs Holland and Baker request relief from the Court in the form of damages on behalf of themselves and the proposed class, injunctive and declaratory relief to curb or prohibit Yahoo's conduct complained of herein, and any other relief the Court deems appropriate.

**PARTIES**

3.      Plaintiff Holland is a resident of Derry, New Hampshire.

4.      Plaintiff Baker is a resident of Brooklyn, New York.

5.      Defendant Yahoo! Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo does business throughout the State of California and the United States.

**JURISDICTION AND VENUE**

6.      This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the

1

CLASS ACTION COMPLAINT

proposed class consists of more than 100 class members, and (d) none of the exceptions under the subsection apply to this action.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Yahoo maintains its headquarters and principal place of business in this District and a substantial part of the events giving rise to Plaintiffs' Complaint occurred in this District.

## INTRADISTRICT ASSIGNMENT

8.     Assignment is proper to the San Jose division of this District under Local Rule 3-2(c), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Santa Clara County, and Yahoo is headquartered in Santa Clara County.

## COMMON FACTUAL ALLEGATIONS
### The ECPA and CIPA

9.     Congress enacted the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510 *et seq.*, to update the existing federal wiretapping law to include new forms of electronic communications, including new "electronic mail" technology.  At the time, the use of email was primarily for business purposes, but its use was expanding and projected to grow.  The Senate Report on the ECPA stated that its purpose was to "clarify federal privacy protections and standards in light of dramatic changes in new computer and telecommunications technologies."  The Senate Committee on the Judiciary also noted that it was "increasingly possible for private parties to intercept the personal or proprietary communications of others."  As a result, the ECPA protects citizens from unwanted invasions of their electronic communications, such as email or instant messaging.  In order to enforce the ECPA's privacy protections, Congress authorized private citizens to bring civil actions for damages, injunctive relief, and attorneys' fees.  The ECPA provides that any person harmed may be awarded damages in the amount of $100 per day for each violation, or $10,000, whichever is greater.

10.     The state of California has also long recognized the privacy rights of its citizens, which are well rooted in California's Constitution. Cal. Const. Art 1, § 1.  California has enacted many laws regulating citizens' right to privacy, including California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 630, *et seq.*  Similar to the ECPA, California recognized that technological advances allowed eavesdropping on private communications and were an "invasion of privacy" that was "a

1   serious threat to the free exercise of personal liberties [that] cannot be tolerated in a free and civilized

2   society." By enforcing its Constitutional rights through the CIPA, California made it clear that an

3   individual's right to privacy must be balanced against technological developments. Much like the

4   ECPA, California also grants citizens a private right of action to recover in court for violations of the

5   law. Under CIPA, any person who is injured by a violation of the statute may recover $5,000 or three

6   times his or her actual damages, whichever is greater. A plaintiff may also seek injunctive relief to

7   prohibit future violations.

8                                                    **Yahoo! Mail**

9          11.     Founded in 1994, Yahoo!, Inc. provides internet-based services across its Yahoo.com

10  platform, including the popular Yahoo! Mail email service that was launched in 1997 with the first

11  version of "Yahoo! Mail Classic." The "Yahoo! Mail Classic" interface was available to users until

12  2013, when all Yahoo users were migrated to "Yahoo! Mail."

13         12.     Yahoo supports its "free" Yahoo! Mail services by selling advertising that is delivered

14  directly to users through the interfaces on their computer screens or mobile devices. Yahoo is able to

15  charge premium prices for its advertisements because Yahoo has developed and employed advanced

16  technology that can review and analyze the contents of users' email and instant messages and match

17  advertisers to their targeted demographics based on information culled from these communications. For

18  example, Yahoo profits from its intrusive technology by selling advertisers services such as "Smart

19  Ads" that Yahoo claims use a "powerful combination of industry-leading, dynamic creative and

20  unmatched Yahoo user data." Yahoo reportedly derives 75% of its entire revenue from advertisements

21  which drives its increasingly aggressive business practices to take as much consumer data it can in order

22  to maximize profits.

23         13.     On its website, Yahoo provides its "Terms of Service" and "Privacy Policy" that

24  purportedly govern the use of Yahoo's products, including Yahoo! Mail. Yahoo's Privacy Policy states

25  that Yahoo collects and shares information with its "trusted partners" in order to "customize the

26  advertising and content [users] see." Yahoo states in its fine print that "[w]hen you use the new Yahoo

27  Mail our automated systems scan and analyze all incoming and outgoing communications content sent

28

                                                        3
                                          CLASS ACTION COMPLAINT

and received from your account."  Yahoo admits to categorizing this information "for immediate and future use."

14.    Over time, Yahoo has become increasingly aggressive in its use of consumers' information.  Now, Yahoo scans and analyzes each and every email sent to Yahoo! Mail users, including those sent from non-Yahoo! Mail users who: (1) are not on notice of Yahoo's Terms of Service or Privacy Policy; and (2) have no knowledge that their communications to Yahoo! Mail users will be scanned, intercepted, stored, analyzed, and used for Yahoo's profit.

15.    As email replaces traditional mail as the primary means of written communication in the digital age, consumers have a reasonable expectation of privacy in their email.  Among other things, consumers share sensitive financial information through email.  Banks, retailers, and investment advisors share receipts, account information, bank statements and other reports with customers via email.  Doctors and lawyers also routinely communicate privileged and sensitive information with their patients and clients over email.  Email has become increasingly confidential and sensitive to the point that many email service providers like Microsoft reportedly require court-ordered search warrants before turning over the contents of a citizen's email account to law enforcement.

16.    Consumers regularly send emails through Yahoo that contain personal, confidential, privileged, financial, health, or other private information in which they have a reasonable expectation of privacy.  Accordingly, Yahoo's conduct alleged herein intrudes on the legally recognized privacy of these consumers in violation of the ECPA and CIPA.

**PLAINTIFFS' EXPERIENCES**

17.    Plaintiff Holland is a resident of Derry, New Hampshire.  Plaintiff Holland has held an @aol.com address for approximately 15 years.  His @aol.com address has been his primary email address for email communications in which he has a reasonable expectation of privacy.

18.    Throughout the time period he has held his @aol.com email address, Plaintiff Holland has regularly corresponded with Yahoo! Mail users through their @yahoo.com email addresses.  Because of this, his email address and the contents of his emails to and from Yahoo users have been intercepted, scanned, stored, read, and analyzed by Yahoo.

CLASS ACTION COMPLAINT

19.     Plaintiff Baker is a resident of Brooklyn, New York.  Plaintiff Baker has held a gmail.com address since approximately 2004.  His @gmail.com account has been his primary email address for email communications in which he has a reasonable expectation of privacy.

20.     Throughout the time period he has held his @gmail.com email address, Plaintiff Baker has regularly corresponded with Yahoo! Mail users through their @yahoo.com email addresses.  Because of this, his email address and the contents of his emails to and from Yahoo users have been intercepted, scanned, stored, read, and analyzed by Yahoo.

## CLASS ACTION ALLEGATIONS

21.     Plaintiffs Holland and Baker bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and a class preliminarily defined as:

> All persons who, through non-Yahoo! Mail accounts, either received an email message from a Yahoo! Mail user with an @yahoo.com email address or sent an email to a Yahoo! Mail user with an @yahoo.com email address within the past two years.

Excluded from the class are Yahoo; any agent, affiliate, parent, or subsidiary of Yahoo; any entity in which Yahoo has a controlling interest; any officer or director of Yahoo; any successor or assign of Yahoo; and any Judge to whom this case is assigned, as well as his or her staff and immediate family.

22.     Plaintiffs satisfy the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Rule 23.

23.     <u>Numerosity</u>.  The proposed class consists of millions of persons—far too many to practically join in a single action.

24.     <u>Commonality</u>.  Plaintiffs' and class members' claims raise predominantly common factual and legal questions that can be answered for all class members through a single class-wide proceeding.  Among other questions, the following inquiries are relevant to all Plaintiffs' and class members' claims, and the answers to these questions are apt to advance the litigation:

        a.  Is Yahoo a person, or do they act through persons for whose actions they are liable? Cal. Penal Code § 7; 18 U.S.C. §2510(6).

        b.  Did Yahoo intercept or make an unauthorized connection to electronic communications or messages in order to read them or learn the meaning of their

1    contents without consent?  Cal. Penal Code § 631; 18 U.S.C. §§ 2510(4),

2    2511(1)(a), 2511(2)(d).

3    c.    When Yahoo's interception or unauthorized connection was made, was it made

4    possible by use of a machine, instrument, contrivance, or electronic or mechanical

5    device?  Cal. Penal Code § 631; 18 U.S.C. § 2510(4).

6    d.    When Yahoo's unauthorized connection was made, were the messages in transit

7    to or from the Yahoo! Mail users, and passing over any wire, line, or cable and

8    did Yahoo use those same lines or cables to make the connection?  Cal. Penal

9    Code § 631.

10   e.    Do emails qualify as messages, reports, communications or electronic

11   communications?  Cal. Penal Code § 631; 18 U.S.C. § 2510(12).

12   f.    Do users have a reasonable expectation that their emails are confidential

13   communications?  Cal. Penal Code § 632.

14   g.    Was Yahoo's conduct of intercepting, wiretapping, reading, scanning, and

15   analyzing of email intentional and willful?  Cal. Penal Code § 631; 18 U.S.C. §

16   2511.

17   h.    Is Yahoo liable for statutory damages in the amount of $5,000 or three times

18   actual damages for Plaintiffs' and class members' CIPA claims, and $100 per day

19   for each violation, or $10,000 for Plaintiffs' and class members' ECPA claims?

20   Cal. Penal Code § 637.2; 18 U.S.C. § 2520.

21   i.    Should the Court issue injunctive or declaratory relief and award Plaintiffs'

22   attorneys' fees and costs against Yahoo for its violations of the ECPA and CIPA?

23   Cal. Penal Code § 637.2; 18 U.S.C. § 2520.

24        25.    Typicality.  Plaintiffs' claims are typical of class members' claims as they arise from

25   Yahoo's conduct and the same alleged privacy violations.

26        26.    Adequacy.  Plaintiffs will fairly and adequately protect the interests of the class.  Their

27   interests do not conflict with class members' interests and they have retained counsel experienced in

28

CLASS ACTION COMPLAINT

complex class action litigation and data privacy lawsuits to vigorously prosecute this action on behalf of the class.

27.     In addition to satisfying the prerequisites of Rule 23(a), Plaintiffs satisfy the requirements for maintaining a class action under Rule 23(b)(3).  Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation.  The amount of damages available to individual plaintiffs may be insufficient to make litigation addressing Yahoo's conduct economically feasible in the absence of the class action procedure.

28.     In the alternative, class certification is appropriate under Rule 23(b)(2) and/or (c)(4) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the members of the class as a whole and/or there are particular issues that can be collectively resolved for all class members through the efficiencies of a class action.

## FIRST CAUSE OF ACTION
### (For violation of California's Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq*.)

29.     Plaintiffs incorporate the above allegations by reference.

30.     By scanning, analyzing, indexing, reading, learning, storing or otherwise using Plaintiffs' email communications intentionally and without Plaintiffs' consent, as set forth above, Yahoo has violated and continues to violate California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630 *et seq.* Yahoo admits to using the information it unlawfully acquires for marketing purposes, including but not limited to, selling targeted advertising to its subscribers.

31.     Yahoo, as a corporation, is a person under the California Penal Code.

32.     Under section 631(a) of the California Penal Code, it is unlawful for any person to use "any machine, instrument, or contrivance" to "willfully and without the consent of all parties to the communication … read, or [attempt] to read or to learn the contents of meaning of any message, report, or communication," while the message is "in transit or passing over any wire, line, or cable."

33.     Yahoo's practices set forth above violates the privacy rights CIPA was enacted to protect. Such conduct is unlawful because consumers have not given either express or implied consent to

Yahoo's practices, nor are they on notice that the contents of their communications are monitored and used by Yahoo.

34.     Yahoo's practices also violate section 632 of the California Penal Code, which prohibits non-consensual recording of confidential communications. Communications are confidential if a party to the communication has an objectively reasonable expectation that their conversation is private. Plaintiffs and class members did not consent to Yahoo's practices of scanning and storing their private communications, in whose confidentiality they held a reasonable belief. Plaintiffs' and class members' email correspondence contained private and confidential materials including but not limited to information about health and financial matters, personally sensitive information, and identification information.

35.     These communications were made directly from the non-Yahoo! Mail user's account to an @yahoo.com email address. Much like sending a paper letter directly to a postal address, communicating directly from one email address to another creates an objectively reasonable expectation among Plaintiffs and the class that their emails were private and would not be scanned, analyzed, stored, or otherwise used by Yahoo in a manner that the sender did not have notice of or consent to.

36.     Yahoo has willfully and intentionally violated Plaintiffs' and class members' privacy by scanning, analyzing, reading, attempting to read, and learning the contents of and storing email communications without Plaintiffs' and class members' consent or knowledge. Yahoo's conduct subjects it to statutory damages and injunctive relief pursuant to section 637.2 of the California Penal Code. Plaintiffs and class members are entitled to, among other things: preliminary and permanent injunctive relief to require Yahoo to cease its violations and change its practices; declaratory relief; monetary relief in the amount of $5,000 or three times actual damages for each violation, as set forth in § 637.2(a)(1), as well as reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### (For violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*)

37.     Plaintiffs incorporate the above allegations by reference.

38.     Yahoo's unlawful interception and use of Plaintiffs' and class members' email communication violates the ECPA, 18 U.S.C. §§ 2510, *et seq.* Plaintiffs have standing to assert their

claims under ECPA on behalf of themselves and similarly situated individuals pursuant to 18 U.S.C. § 2520(a), which grants standing to "persons[s] whose… electronic communication[s] [were] intercepted… in violation of this chapter."

39.     Yahoo, as a corporation, is a "person" under 18 U.S.C. § 2510(6).

40.     Yahoo! Mail is offered as a service throughout the United States, and its conduct affects interstate commerce.  Additionally, Plaintiffs and class members reside in various states, and frequently send email to states outside their own, the contents of which may be routed to or through California in the course of Yahoo's unlawful practices.

41.     The ECPA protects those, like Plaintiffs, whose privacy has been violated by any person or corporation who "intentionally intercepts, endeavors to intercept… any wire, oral, or electronic communication," and who then "intentionally uses or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection." 18 U.S.C. § 2511.

42.     Yahoo intercepted and used the contents of Plaintiffs' and class members' email for the purpose of driving profits from, among other things, the marketing of their personal data and the sales of targeted advertising and content.  The scanning, analyzing, and storing of email that Yahoo undertakes is beyond what is necessary to operate an electronic communication platform.  Yahoo is incentivized to scan emails in order to sell targeted advertising at a premium, but the scanning is not essential to the email service itself.

43.     As a result of Yahoo's violations of the ECPA, pursuant to 18 U.S.C. § 2520, Plaintiffs and class members are entitled to appropriate relief including, but not limited to: preliminary and permanent injunctive relief to require Yahoo to stop the unlawful conduct alleged herein; statutory damages for Plaintiffs and class members in the amount of $100 per day of violation, or $10,000; plus reasonable attorneys' fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that the Court:

CLASS ACTION COMPLAINT

a.      Certify this case as a class action on behalf of the class defined above, appoint Plaintiffs Holland and Baker as class representatives, and appoint Girard Gibbs LLP as class counsel;

b.      Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and other class members;

c.      Award statutory damages to Plaintiffs and class members in an amount to be determined at trial;

d.      Award Plaintiffs and class members their reasonable litigation expenses and attorneys' fees under CIPA, the ECPA, Federal Rule of Civil Procedure 23, California Code of Civil Procedure 1021.5, or other applicable law;

e.      Award Plaintiffs and class members pre- and post-judgment interest, to the extent allowable; and

f.      Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.


Dated: October 25, 2013                    **GIRARD GIBBS LLP**

By: _____
        Matthew B. George

Daniel C. Girard
Matthew B. George
Heidi H. Kalscheur
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT