1       UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA

3          SAN JOSE DIVISION

4

5

6   ERIC HOLLAND AND CODY BAKER, ON    )  C-13-04980 LHK
    BEHALF OF THEMSELVES AND ALL       )  C-13-04989 LHK
    OTHERS SIMILARLY SITUATED,         )  C-13-05326 LHK
7                                      )  C-13-05388 LHK
                                       )
8              PLAINTIFFS,             )  SAN JOSE, CALIFORNIA
                                       )
        VS.                            )
9                                      )  JANUARY 22, 2014
    YAHOO! INC.,                       )
10                                     )  PAGES 1-25
              DEFENDANT.               )
11   _____       )
                                       )
12   AND RELATED CASES,                )
     _____       )
13

14        TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE LUCY H. KOH
15        UNITED STATES DISTRICT JUDGE

16

17        APPEARANCES ON NEXT PAGE

18

19

20

21

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
          TRANSCRIPT PRODUCED WITH COMPUTER

1

2          A P P E A R A N C E S:

3          FOR THE PLAINTIFF:      GIRARD & GIBBS
                                   BY:  DANIEL C. GIRARD
4                                       MATTHEW B. GEORGE
                                   601 CALIFORNIA STREET, 14TH FLOOR
5                                  SAN FRANCISCO, CALIFORNIA  94104

6                                  KAPLAN, FOX & KILSHEIMER
                                   BY:  LAURENCE D. KING
7                                  350 SANSOME STREET, SUITE 400
                                   SAN FRANCISCO, CALIFORNIA  94104

8                                  BY:  DAVID A. STRAITE
9                                  850 THIRD AVENUE, 14TH FLOOR
                                   NEW YORK, NEW YORK  10022

10

11         FOR THE DEFENDANT:      MORRISON & FOERSTER
                                   BY:  REBEKAH KAUFMAN
12                                 425 MARKET STREET
                                   SAN FRANCISCO, CALIFORNIA  94105

13

                                   ZWILLGEN PLLC
14                                 BY:  MARC ZWILLINGER
                                   1900 M STREET NW, SUITE 250
15                                 WASHINGTON, D.C.  20036

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                          JANUARY 22, 2014 |
| 2 | P R O C E E D I N G S |
| 3 | (COURT CONVENED AT 2:20 P.M.) |
| 4 | THE CLERK:  CALLING CASE NUMBERS C-13-04980, HOLLAND, |
| 5 | ET AL, VERSUS YAHOO; 04989 LHK, NOBLES VERSUS YAHOO; 5326 LHK, |
| 6 | PINCUS VERSUS YAHOO; AND 5388 LHK, ABRAMS VERSUS YAHOO. |
| 7 | MR. GIRARD:  GOOD AFTERNOON, YOUR HONOR.  DAN GIRARD |
| 8 | FOR THE PLAINTIFFS IN THE HOLLAND CASE. |
| 9 | THE COURT:  OKAY.  GOOD AFTERNOON. |
| 10 | MR. KING:  GOOD AFTERNOON, YOUR HONOR.  LAURENCE KING |
| 11 | FOR PLAINTIFF PINCUS, AND WE'RE ALSO APPEARING WITH PERMISSION |
| 12 | FOR PLAINTIFFS NOBLES AND ABRAMS TODAY. |
| 13 | MS. KAUFMAN:  GOOD AFTERNOON, YOUR HONOR. |
| 14 | REBEKAH KAUFMAN ON BEHALF OF DEFENDANT YAHOO. |
| 15 | MR. ZWILLINGER:  GOOD AFTERNOON, YOUR HONOR. |
| 16 | MARC ZWILLINGER ON BEHALF OF DEFENDANT YAHOO. |
| 17 | THE COURT:  HOW DO YOU SPELL YOUR LAST NAME, PLEASE? |
| 18 | ZWILLINGER? |
| 19 | MR. ZWILLINGER:  ZWILLINGER, Z-W-I-L-L-I-N-G-E-R. |
| 20 | THE COURT:  Z-W-I-L-I-N-G-E-R? |
| 21 | MR. ZWILLINGER:  IT'S TWO L'S, YOUR HONOR. |
| 22 | THE COURT:  OH, SORRY.  OKAY.  ALL RIGHT.  THANK YOU. |
| 23 | HAVE YOU MADE AN APPEARANCE IN THE CASE? |
| 24 | MR. ZWILLINGER:  I HAVE, YOUR HONOR.  YOU GRANTED MY |
| 25 | PRO HAC VICE MOTION. |

1          THE COURT:  OKAY.  THANK YOU.

2          ALL RIGHT.  SO I JUST GRANTED YOUR CONSOLIDATION REQUEST,

3     OR STIPULATION I SHOULD SAY, AND YOUR ADR STIPULATION.  THAT'S

4     FINE.  THOSE TWO ARE FINE.

5          I HAD A QUESTION ABOUT INTERIM LEAD COUNSEL BECAUSE I'M

6     CONCERNED THAT THERE'S GOING TO BE A LOT OF DUPLICATION.  YOU

7     KNOW, RATHER THAN HAVING THE COURT MAKE AN ELECTION AS TO WHICH

8     FIRM SHOULD BE LEAD COUNSEL, THAT YOU ALL HAVE JUST AGREED,

9     "WELL, LET'S JUST BOTH DO IT," AND SO THAT -- THERE'S GOING TO

10    BE A LOT OF REDUNDANCY AND A LOT OF EXTRA COSTS AND EXPENSES

11    THAT THE CLASS WILL HAVE TO PAY FOR.

12         I DON'T KNOW.  HOW MANY LAWYERS DO YOU HAVE HERE TODAY,

13    BOTH SITTING IN THE COURTROOM AND HERE?  HOW MANY LAWYERS DO

14    YOU HAVE?

15             MR. GIRARD:  FOUR.

16             THE COURT:  FOUR, OKAY.  AND WHO ARE THE OTHER

17    ATTORNEYS WHO ARE HERE?

18             MR. GIRARD:  THE OTHER ATTORNEYS ARE MR. GEORGE, WHO

19    IS THE ASSOCIATE AT GIRARD GIBBS WHO'S BEEN RESPONSIBLE FOR THE

20    CASE, AND HIS BACKGROUND IS DESCRIBED IN OUR 23(G) APPLICATION;

21    AND FROM THE KAPLAN FOX FIRM, DAVID STRAITE IS IN ATTENDANCE

22    ALSO AND HIS BACKGROUND IS SIMILARLY DESCRIBED IN OUR

23    APPLICATION.

24             THE COURT:  OKAY.  I -- HOW MANY LAWYERS DOES YAHOO

25    HAVE TODAY?

1        MS. KAUFMAN:  MR. ZWILLINGER AND MYSELF, AND THEN TWO

2    ASSOCIATES HAVE ACCOMPANIED US AS WELL, YOUR HONOR.

3        THE COURT:  OKAY.  ALL RIGHT.  WELL, LET ME HEAR FROM

4    THE PLAINTIFFS' COUNSEL AS TO YOUR PLANS TO ENSURE EFFICIENCY.

5        MR. GIRARD:  CERTAINLY.

6        THE COURT:  DO YOU SEE MY CONCERN?

7        MR. GIRARD:  ABSOLUTELY, YOUR HONOR.

8        THE COURT:  BECAUSE WHAT I SEE OFTEN IS THAT PAYING

9    CLIENTS, MAYBE NOT IN THIS CASE, BUT PAYING CLIENTS OFTEN HAVE

10   MUCH FEWER REPRESENTATION AT THE COURT PROCEEDINGS THAN

11   NON-PAYING CLIENTS.

12       MR. GIRARD:  RIGHT.

13       THE COURT:  BECAUSE THE NON-PAYING CLIENTS ARE NOT

14   HERE TO WATCH THE BILLS.

15       AND SO I NEED SOME ASSURANCE THAT THERE'S NOT GOING TO BE

16   JUST, YOU KNOW, TWO LAW FIRMS BILLING WHEN ONE LAW FIRM WOULD

17   SUFFICE.

18       I'D RATHER MAKE AN ELECTION OF ONE OF YOU AND HAVE THE

19   OTHER ONE GET SHUT OUT OF THE FEES, BUT YOU'VE MADE AN ELECTION

20   TO HAVE BOTH OF YOU STAY ON.

21       SO WHAT ASSURANCES DO YOU HAVE THAT THIS IS GOING TO BE

22   EFFICIENT?

23       MR. GIRARD:  WELL, LET ME -- I'M PLEASED TO RESPOND

24   TO THAT QUESTION, YOUR HONOR.

25       I GUESS THERE'S FOUR THINGS I'D LIKE TO SAY.  FIRST OF

1    ALL, THE KAPLAN FOX FIRM AND MY FIRM HAVE WORKED TOGETHER GOING

2    BACK TO THE '90S, AND THERE ARE SITUATIONS WHERE YOU HAVE

3    CO-COUNSEL WHERE THEY TEND TO WANT TO DO WHAT YOU'RE DOING AND

4    WATCH YOU DO IT AND IT -- I AGREE IT'S COMPLETELY DUPLICATIVE.

5         I HAVE WORKED WITH THE FIRM ENOUGH AND IN DIFFERENT

6    CONTEXTS TO KNOW THAT IF WE DIVIDE WORK AND WE TAKE ON A

7    PARTICULAR JOB AND I ASK THEM TO TAKE ON ANOTHER JOB THAT THEY

8    WILL DO IT AND THE WORK WILL BE DIVIDED INSTEAD OF DUPLICATED.

9    THAT'S POINT NUMBER ONE.

10        TWO -- SO THAT'S OUR PRIOR WORK EXPERIENCE WITH THEM.

11             THE COURT:  UM-HUM.

12             MR. GIRARD:  POINT NUMBER TWO, WE HAVE BEEN WORKING

13   IN THIS CASE -- MR. STRAITE AND MR. KING HAVE SPENT QUITE A BIT

14   OF TIME ON THESE ISSUES.  MR. STRAITE HAS SOME EXPERIENCE THAT

15   IS A FAIR AMOUNT OF DEPTH IN VERY SPECIFICALLY TARGETED AREAS

16   THAT ARE ANALOGOUS TO THIS CASE.

17        MR. GEORGE HAS, ON MY SIDE OF THE FIRM, MY FIRM'S SIDE,

18   HAS SOME VERY RELEVANT EXPERIENCE AS WELL.

19        MR. KING HAS GOT A LOT OF PRACTICE EXPERIENCE IN CONSUMER

20   CASES.

21        I'VE BEEN INVOLVED IN CLASS ACTIONS --

22             THE COURT:  WELL, I MEAN --

23             MR. GIRARD:  -- AND RESOLVING THOSE.

24             THE COURT:  THAT IS NOT MY QUESTION.  MY QUESTION IS

25   NOT DO YOU HAVE EXPERIENCE.  I'M NOT QUESTIONING THAT AT ALL.

1                MR. GIRARD:  OKAY.

2                THE COURT:  I WANT TO KNOW -- SO NO ONE ELSE IS HERE

3        ON BEHALF OF THE PLAINTIFFS TODAY OTHER THAN THE FOUR LAWYERS?

4                MR. GIRARD:  THAT'S CORRECT, YOUR HONOR.

5                THE COURT:  OKAY.  I WANT TO KNOW WHAT SAFEGUARDS

6        WILL BE MAINTAINED TO MAKE SURE THAT ANY RECOVERY, IF THERE IS

7        ONE, MAXIMALLY GOES TO THE CLASS AND IS NOT PAYING FOR

8        DUPLICATIVE PLAINTIFFS' LAWYERS' FEES.  THAT'S WHAT I WANT TO

9        KNOW.

10            I DON'T WANT TO KNOW ABOUT -- I'M NOT AT ALL QUESTIONING

11       WHETHER YOU HAVE EXPERTISE IN CLASS ACTIONS OR SUBSTANTIVE

12       AREAS OF THE LAW.

13               MR. GIRARD:  I THINK MY POINT IS LESS THAT WE HAVE

14       THE EXPERTISE, BUT THAT THE EXPERTISE IS COMPLEMENTARY.

15            THE OTHER POINT I WAS GOING TO MAKE IS WHAT WOULD A CLIENT

16       WANT?  I GUESS IF I WERE -- KNOWING WHAT I KNOW -- I MEAN, OUR

17       CLIENTS AREN'T PAYING US.  WE'RE OBVIOUSLY TAKING THE CASE IN

18       THE HOPE THAT WE'LL BE SUCCESSFUL AND ULTIMATELY PREVAIL AND

19       GET PAID.

20            I THINK IF I WERE A CLIENT, I'D WANT THIS COMBINATION OF

21       EXPERTISE.  I'D WANT TO KNOW THAT I HAD THE RIGHT TO REVIEW THE

22       BILLS THAT ARE GOING TO BE SUBMITTED TO THIS COURT IN TERMS OF

23       SAFEGUARDS.

24            I MEAN, THERE ARE -- I GUESS THE COURT HAS DIFFERENT

25       APPROACHES.  OBVIOUSLY WE HAVE A CONCERN THAT WE GET THE SAME

1    LEVEL OF CONFIDENTIALITY.  WE CAN SUBMIT BILLS TO THE COURT AS

2    LONG AS IT'S IN CAMERA.

3         WE CAN -- I MEAN, WE HAVE THE ABILITY TO PROVIDE THE COURT

4    WITH A BUDGET, FOR EXAMPLE, THAT'S STAGED IF THAT'S WHAT YOUR

5    HONOR WOULD LIKE.

6         I MEAN, WE'RE PREPARED TO BE ANSWERABLE TO THIS COURT IN

7    THE SAME WAY THAT WE WOULD BE TO A PRIVATE PAYING CLIENT, AS

8    LONG AS WE HAVE THE BENEFIT OF CONFIDENTIALITY SO THAT WE'RE

9    NOT BEING PREJUDICED BY THE DEFENDANTS HAVING SOME INSIGHT INTO

10   HOW WE'RE PROPOSING TO RUN THE CASE.

11        BEYOND THAT, IF YOUR HONOR WANTS US TO COMPETE, WE CAN DO

12   THAT.  YOU KNOW, WE NEVER KNOW WHETHER THE COURT WANTS PRIVATE

13   ORDERING -- NOT THIS COURT SPECIFICALLY, BUT THE COURTS WE

14   APPEAR IN FRONT OF.  SOMETIMES WE'RE TOLD, "DON'T FIGHT WITH

15   EACH OTHER, GO OFF AND COME UP WITH YOUR OWN ARRANGEMENT."

16   OTHER TIMES WE'RE TOLD, "DON'T DO THAT.  INSTEAD WE WANT YOU TO

17   COMPETE."

18        WE'LL COMPETE.  WE THOUGHT IT WAS EFFICIENT HERE TO NOT

19   HAVE A DISPUTE OVER THAT BECAUSE WE THINK THEY BRING SOMETHING

20   TO THE TABLE THAT'S VALUABLE AND INDEPENDENT OF WHAT WE BRING.

21        I THINK AT THE END OF THE DAY -- I MEAN, I THINK, YOU

22   KNOW, IF YOUR COURT WERE TO SAY, "LOOK, IF YOU WANT ME TO

23   APPOINT BOTH FIRMS, I'M GOING TO DO IT, BUT I'M RESERVING THE

24   RIGHT, DEPENDING ON WHAT YOU SUBMIT, IF YOU ARE SUCCESSFUL IN

25   THE CASE TO THE POINT WHERE I SEE A FEE APPLICATION, I MAY

1     REFER THAT OUT TO A MAGISTRATE TO DETERMINE WHETHER THERE'S

2     BEEN DUPLICATION OF EFFORT."

3          YOU KNOW, I THINK THAT'S OBVIOUSLY SOMETHING THAT'S WITHIN

4     THIS COURT'S DISCRETION, AND IF THAT'S THE CASE, I SUSPECT WE

5     WON'T GET PAID FOR THAT TIME.

6          THE COURT:  YOU DEFINITELY WON'T.  IF THERE ARE

7     EXCESSES AND THINGS THAT ARE NOT REASONABLE AND A LOT OF

8     DUPLICATION -- AND I WILL REQUIRE, IF THERE IS ANY ULTIMATE

9     RECOVERY, VERY DETAILED BILLING RECORDS OF EXACTLY WHAT WAS

10    DONE AND HOW MUCH TIME WAS SPENT ON IT BECAUSE I DON'T WANT TO

11    SEE A LOT OF LODESTAR INFLATION AND THEN FOLKS COMING IN

12    SAYING, "OH, WELL, I ACTUALLY SPENT" -- OR, YOU KNOW, "MY RATE

13    IS" -- YOU KNOW?

14         I WANT TO SEE, WOULD A PRIVATE PAYING CLIENT PAY THIS KIND

15    OF BILLING RATE?  HOURLY RATE?  AND WOULD THEY PAY FOR THIS

16    AMOUNT OF WORK?

17         BECAUSE I THINK THAT'S ONLY FAIR TO PROTECT THE CLASS

18    BECAUSE THEY ARE ABSENT.  THEY SHOULD NOT BE BILKED.

19         I'M NOT SAYING YOU'RE GOING TO DO THAT, BUT I NEED TO KNOW

20    THAT THERE ARE SAFEGUARDS TO MAKE SURE THAT THERE'S EFFICIENCY.

21         MR. GIRARD:  WELL, YOUR HONOR --

22         THE COURT:  SO WHAT SAFEGUARDS ARE THERE TO ENSURE

23    EFFICIENCY?

24         MR. GIRARD:  I THINK ULTIMATELY THE SAFEGUARD HAS TO

25    BE -- BECAUSE I THINK WHAT THE COURT IS TRYING TO REPRODUCE IS

1    REALLY THE SITUATION WE WOULD HAVE IF WE HAD A PAYING CLIENT.

2         AND WE DO WORK FOR PAYING CLIENTS AS WELL.  I REVIEW THE

3    TIME PERIODICALLY IN THE CASES IN WHICH WE APPEAR AND MAKE A

4    FEE APPLICATION AND EXERCISE BILLING JUDGMENT.

5         ONE OF THE WAYS COURTS HAVE APPLIED THAT TYPE OF

6    DISCIPLINE IS BY MAKING A PRESUMPTIVE 10 PERCENT REDUCTION

7    DEPENDING ON WHETHER OR NOT THE ATTORNEYS HAVE REPRESENTED THAT

8    THEY HAVE EXERCISED BILLING JUDGMENT AND WHAT THE COURT'S SENSE

9    OF THAT IS.  THAT'S ANOTHER POSSIBLE SAFEGUARD I CAN THINK OF.

10        BEYOND THAT, I MEAN, I THINK WHAT I'VE PROPOSED IS THAT IF

11   THE COURT WANTS TO REVIEW PERIODIC TIME, WE CAN DO THAT.

12   THAT'S ITEM ONE.

13        TWO, I PROPOSE ON THE BACK END, IF THE COURT WANTS TO

14   SUBMIT OUR TIME FOR REVIEW TO A MAGISTRATE, WE'RE PREPARED

15   TO -- I MEAN, OBVIOUSLY --

16             THE COURT:  NO.  I MEAN, I WOULD REVIEW THAT MYSELF.

17             MR. GIRARD:  WELL, OR TO YOUR HONOR.

18             THE COURT:  IF I'M GOING TO CUT IT, I WANT TO KNOW

19   WHAT I'M CUTTING AND HOW MUCH IS BEING CLAIMED BY HOW MANY

20   DIFFERENT LAWYERS WHO ALL DID THE SAME THING.  YOU KNOW, I'M

21   NOT SAYING I'M GOING TO DISADVANTAGE YOUR CLIENTS OVER A

22   PRIVATE PAYING CLIENT.

23             MR. GIRARD:  RIGHT.

24             THE COURT:  IF THEY HAVE A LOT OF REDUNDANCY, THEN

25   YOU'RE, MAYBE, ENTITLED TO SOME REDUNDANCY.  BUT EVERYTHING HAS

1      GOT TO BE REASONABLE AND IT'S GOT TO BE EFFICIENT.

2           MR. GIRARD:  YEAH.  AND IN TERMS OF --

3           THE COURT:  SO YOU'RE TELLING ME -- LET ME MAKE SURE

4      I UNDERSTAND -- THAT YOU PERSONALLY ARE GOING TO REVIEW THE

5      BILLS?

6           MR. GIRARD:  CORRECT.

7           THE COURT:  OKAY.  IF YOU ULTIMATELY SUBMIT A FEE

8      PETITION, I WILL WANT TO KNOW, WHAT ARE PAYING CLIENTS ACTUALLY

9      PAYING PER HOUR FOR EACH OF THE LAWYERS?  BECAUSE THERE ALSO

10     CAN BE INFLATION OF THE HOURLY RATES THAT GET CHARGED TO ABSENT

11     CLASS MEMBERS.  I DON'T EVEN KNOW IF THIS IS GOING TO BE A

12     CLASS.

13          SO YOU'RE GOING TO PERSONALLY REVIEW THE RATES.  WHAT

14     ELSE?  WHAT OTHER SAFEGUARDS ARE YOU GOING TO DO?

15          AND THEN I NEED TO HEAR FROM -- I NEED TO HEAR THEN THE

16     SAME FROM MR. KING, WHAT IS HE GOING TO DO TO ENSURE EFFICIENCY

17     FROM HIS TEAM?

18          MR. GIRARD:  I'LL STEP BACK AND I'LL LET HIM ANSWER

19     THAT QUESTION.

20          MR. KING:  THANK YOU, YOUR HONOR.

21          I WILL CERTAINLY DO THE SAME AS MR. GIRARD PROPOSED, WHICH

22     IS REVIEW THE BILLS ON A REGULAR BASIS TO MAKE SURE THERE'S NO

23     DUPLICATION AND EVERYTHING IS REASONABLE.

24          WE WILL CONFIRM THAT THE RATES ARE SIMILAR TO WHAT WE

25     CHARGE HOURLY CLIENTS IN A SIMILAR MANNER.

1      AND, YOU KNOW, WE WILL JUST -- AS WE DO IN EVERY CASE --

2  AND WE UNDERSTAND THE COURT'S EMPHASIS ON IT -- WE WILL ENSURE

3  THERE'S NO DUPLICATION OF WORK, BOTH WITHIN OUR FIRM AND WITH

4  CO-COUNSEL.

5      THE COURT:  SO HOW ARE YOU GOING TO -- SO I

6  APPRECIATE -- I'M GOING TO REQUIRE THAT MR. GIRARD AND MR. KING

7  PERSONALLY REVIEW YOUR FIRM'S BILLS EVERY MONTH.  THAT'S WHAT A

8  PRIVATE CLIENT WOULD REQUIRE, MONTHLY BILLING AND REVIEWING OF

9  THE BILLS BY THE PARTNERS IN CHARGE OF THE CASE.

10  HOW ARE YOU GOING TO ENSURE THAT THERE'S NO DUPLICATION

11  BETWEEN THE TWO FIRMS?

12      MR. KING:  WELL, WE WILL HAVE -- ONE WAY WE'VE DONE

13  SUCCESSFULLY IN OTHER CASES, BOTH WITH MR. GIRARD'S FIRM AND

14  OTHER FIRMS, IS WE'LL HAVE, SAY, A CONFERENCE CALL ON A REGULAR

15  BASIS TO DIVIDE UP THE WORK, WHETHER IT'S WEEKLY OR BI-WEEKLY

16  AS NEEDED, AND WE WILL ASSIGN WORK TO DIFFERENT PEOPLE AND THEN

17  WE WILL REPORT WHEN IT'S DONE.  AND, YOU KNOW, ASSIGNMENTS WILL

18  BE GIVEN OUT THAT WAY.

19  THERE WON'T BE MULTIPLE PEOPLE WORKING ON THE SAME THING

20  UNLESS, FOR EXAMPLE, IT'S A LARGE PROJECT, LIKE A REVIEW OF A

21  LARGE NUMBER OF DOCUMENTS, AND IN THOSE CASES THEY'LL BE

22  DIVIDED UP AMONG DIFFERENT LAWYERS.  THERE WON'T BE MULTIPLE

23  LAWYERS REVIEWING THE SAME DOCUMENTS AS AN EXAMPLE.

24      THE COURT:  HOW BIG ARE EACH OF YOUR FIRMS?

25      MR. KING:  OUR FIRM IS, I THINK, JUST UNDER 30

1    LAWYERS.

2              THE COURT:  OKAY.  WHAT ABOUT FOR MR. GIRARD?

3              MR. GIRARD:  OUR FIRM HAS -- I BELIEVE IT'S RIGHT

4    AROUND 30 ALSO.

5              THE COURT:  OKAY.

6              MR. GIRARD:  IN TERMS OF STAFFING, WHAT WE ANTICIPATE

7    ON THIS CASE IS I WILL STAY WITH THE CASE, MR. GEORGE WILL BE

8    INVOLVED AS WELL, AND WE HAVE ONE ASSOCIATE WHO HAS DEVOTED

9    TIME TO THIS CASE.

10             I ASSUME THE COURT'S PREFERENCE IS THAT -- THIS IS ANOTHER

11   AREA WHERE WE'RE NEVER SURE, BECAUSE SOMETIMES WE HEAR THAT THE

12   WORK SHOULD BE DONE AT AN ASSOCIATE LEVEL, AND OTHER TIMES THAT

13   ASSOCIATES ARE INEFFICIENT AND THE WORK SHOULD BE DONE AT A

14   MORE SENIOR LEVEL.

15             I ASSUME WHAT THE COURT'S EXPECTING IS THAT WE'RE GOING TO

16   USE THE ASSOCIATES TO DO WORK THAT'S APPROPRIATELY TASKED TO

17   ASSOCIATES THAT THEY CAN DO WITHOUT DUPLICATION OF EFFORT OR

18   TOO MUCH WHEEL SPINNING, BUT OTHERWISE IT'S GOING TO BE HANDLED

19   IN THE MOST EFFICIENT FASHION POSSIBLE AND THAT'S HOW WE INTEND

20   TO APPROACH IT.

21             JUST ANOTHER POINT, I GUESS, IS WE -- ON THE ISSUE OF

22   HOURLY RATES, WE DO WORK FOR PAYING CLIENTS WHO PAY THE HOURLY

23   RATES THAT WE LIST IN OUR FEE APPLICATION.  THOSE SAME HOURLY

24   RATES HAVE BEEN APPROVED IN THIS DISTRICT MULTIPLE TIMES.

25   THEY'VE BEEN APPROVED IN THE CENTRAL DISTRICT AND THEY'VE BEEN

1  APPROVED IN A NUMBER OF OTHER FEDERAL DISTRICTS THROUGHOUT THE

2  COUNTRY.

3          THE COURT:  WELL, IF THERE IS ULTIMATELY A FEE

4  PETITION, ALL OF THAT WOULD NEED TO BE SET FORTH IN THAT

5  PETITION BECAUSE I REALLY WILL EXPECT JUSTIFICATION OF THE

6  HOURLY RATES THAT ARE CLAIMED, AND WHAT I FIND MOST PERSUASIVE

7  IS WHAT SOMEONE WHO ACTUALLY PAYS OUT OF POCKET IS WILLING TO

8  PAY.

9          MR. GIRARD:  UNDERSTOOD.

10          THE COURT:  THAT'S THE MOST PERSUASIVE TO ME.

11      ALL RIGHT.  SO IF MR. GIRARD AND MR. KING ARE GOING TO

12  PERSONALLY REVIEW THE BILLS OF THEIR FIRM EVERY MONTH TO ENSURE

13  EFFICIENCY, AND THEN COORDINATE TO MAKE SURE THERE'S NO

14  DUPLICATIVE, UNNECESSARY FEES OR EXPENSES, THEN I WILL PROBABLY

15  GRANT OR SIGN OFF ON YOUR STIPULATION FOR INTERIM CO-LEAD

16  COUNSEL.

17      BUT I DID JUST WANT TO IMPRESS UPON YOU THAT I AM A

18  STICKLER WHEN IT COMES TO ATTORNEYS' FEES, AND I HAVE NO

19  PROBLEM WITH SLASHING IF I THINK THERE'S BEEN A LOT OF

20  REDUNDANCY, BECAUSE I THINK IT'S UNFAIR TO AN ABSENT CLIENT WHO

21  HAS NO ABILITY TO ACTUALLY CHECK THE BILLS TO GET LESS MONEY

22  BECAUSE THEY'RE PAYING FOR UNNECESSARY DUPLICATIVE LEGAL WORK.

23  OKAY?  SO I DID JUST WANT TO CONVEY THAT TO YOU.

24          MR. GIRARD:  THAT'S UNDERSTOOD, YOUR HONOR.

25          MR. KING:  THANK YOU, YOUR HONOR.

1          THE COURT:  NOW, LET'S TALK ABOUT INITIAL

2     DISCLOSURES.  THOSE ARE GOING TO BE EXCHANGED, I GUESS,

3     TOMORROW.  YOU'RE STILL SET TO DO THAT?

4          MR. GIRARD:  CORRECT.

5          MS. KAUFMAN:  YES, YOUR HONOR.

6          THE COURT:  OKAY.  ALL RIGHT.  ARE YOU GOING TO BE

7     EXCHANGING DOCUMENTS, OR JUST EXCHANGING LISTS OF CATEGORIES

8     OF -- BLESS YOU -- DOCUMENTS IN YOUR POSSESSION?

9          MS. KAUFMAN:  WE'RE GOING TO BE EXCHANGING LISTS.

10    WE'RE IN THE PROCESS OF DRAFTING A PROTECTIVE ORDER BECAUSE THE

11    DOCUMENTS THAT WE WOULD BE PRODUCING ARE HIGHLY CONFIDENTIAL.

12         THE COURT:  OKAY.  AND I WILL -- ACTUALLY, WHY DON'T

13    WE GET TO THAT.  I'D LIKE TO SET A DEADLINE BY WHICH YOU WILL

14    FILE YOUR PROTECTIVE ORDER, BECAUSE OTHERWISE THESE

15    CONVERSATIONS CAN LINGER.

16        AND ALSO, UNDER OUR CIVIL LOCAL RULES, THE LACK OF A

17    PROTECTIVE ORDER IS NOT A BASIS TO WITHHOLD DISCOVERY.  THE

18    DEFAULT MODEL ORDER APPLIES ALWAYS, AND SO LACK OF A PROTECTIVE

19    ORDER SHOULD NEVER BE THE JUSTIFICATION FOR WITHHOLDING OF

20    DISCOVERY.

21        SO TELL ME WHEN YOU CAN FILE A PROTECTIVE ORDER

22    REALISTICALLY, BUT QUICKLY.

23         MS. KAUFMAN:  I WOULD THINK WITHIN THE NEXT TWO

24    WEEKS.

25         THE COURT:  ALL RIGHT.  DO YOU AGREE WITH THAT?

1              MR. GIRARD:  AGREED.

2              THE COURT:  ALL RIGHT.  SO LET'S SET A DEADLINE.

3      TODAY IS THE 22ND.  LET'S SET A DEADLINE OF FEBRUARY 5TH OF

4      2014 AS THE DEADLINE TO FILE A PROTECTIVE ORDER.

5              NOW, LET'S ALSO TALK ABOUT DISCOVERY.  I DON'T DO PHASED

6      DISCOVERY, SO THAT REQUEST IS DENIED.

7              ALL RIGHT.  NOW, WITH REGARD TO ESI, YOU'RE MEETING AND

8      CONFERRING.  THAT'S FINE.

9              LET ME ASK, ARE THERE OTHER CASES THAT HAVE BEEN FILED

10     AGAINST YAHOO IN OTHER DISTRICTS FOR SIMILAR CLAIMS?

11             MR. GIRARD:  NOT TO OUR KNOWLEDGE, YOUR HONOR.

12             MS. KAUFMAN:  THERE WERE PREVIOUSLY, YOUR HONOR, BUT

13     THOSE WERE VOLUNTARILY DISMISSED.

14             THE COURT:  OKAY.  SO THERE'S NOTHING RIGHT NOW?

15             MS. KAUFMAN:  THAT'S CORRECT, YOUR HONOR.

16             THE COURT:  OKAY.  BECAUSE I WAS GOING TO ASK YOU

17     WHAT THE POSSIBILITY WAS THAT THIS WAS GOING TO POTENTIALLY

18     TURN INTO AN MDL, BUT IT SOUNDS LIKE NONE AT THE -- AT THIS

19     TIME.

20             MS. KAUFMAN:  THAT'S CORRECT.

21             THE COURT:  OKAY.  ALL RIGHT.  THAT'S FINE.

22             NOW, THIS IS WHAT I WOULD LIKE TO DO WITH THE CASE

23     SCHEDULE.  I AGREE WITH THE DEFENDANTS THAT IT PROBABLY DOES

24     NOT MAKE SENSE AT THIS TIME TO DO A FULL CASE SCHEDULE.

25             WHAT I WOULD LIKE TO DO IS -- NOW, YOU'VE ALREADY FILED

1    YOUR MOTION TO DISMISS; CORRECT?  BUT YOU -- YOU HAVE NOT?

2           MS. KAUFMAN:  WE HAVE NOT.

3           THE COURT:  OH, THAT'S RIGHT.  YOU SET SORT OF A --

4    YOU SORT OF PROPOSED A SCHEDULE FOR BRIEFING IT.

5        THIS IS WHAT I WOULD LIKE TO DO:  I'LL SET THE DEADLINE

6    FOR YOU TO BRIEF, ASSUMING THERE IS GOING TO BE ONE, YOUR

7    MOTION TO DISMISS, AND I WILL THEN SET A SCHEDULE FOR CLASS

8    CERT.

9        NOW, IF IT TURNS OUT THAT THE MOTION TO DISMISS IS GRANTED

10   WITH LEAVE TO AMEND, THEN THAT CLASS CERT HEARING WOULD BE

11   CONVERTED INTO A MOTION, A SECOND MOTION TO DISMISS HEARING.

12       I THINK THAT IF WE SET THOSE -- IF WE SET A SCHEDULE UP

13   UNTIL THAT POINT, THAT WOULD PROBABLY BE SUFFICIENT FOR NOW.

14       IF YOU WANTED, I COULD TACK ON A FACT DISCOVERY CUT OFF,

15   BUT THAT MAY HAVE TO MOVE DEPENDING ON WHETHER THAT SECOND

16   HEARING IS A CLASS CERT HEARING OR WHETHER IT'S A SECOND MOTION

17   TO DISMISS HEARING.

18       SO IS THAT SATISFACTORY?

19          MR. GIRARD:  I THINK THAT'S RIGHT --

20          THE COURT:  OKAY.

21          MR. GIRARD:  -- BECAUSE I THINK IF WE HAVE A LITTLE

22   MORE FLEXIBILITY ON THE FACT DISCOVERY CUT OFF, I THINK IN THE

23   END IT'S GOING TO BE MORE EFFICIENT WHEN WE KNOW HOW -- I MEAN,

24   WE'RE GOING TO GO AHEAD WITH DISCOVERY, BUT I THINK IF WE HAVE

25   SOME FLEXIBILITY IN THE SENSE THAT WE'RE NOT UP AGAINST A HARD

1    DEADLINE, I THINK IT'LL GIVE US A LITTLE BIT MORE LEEWAY IN

2    TERMS OF HOW MUCH DISCOVERY WE NEED TO TAKE AND WHEN, WHICH I

3    THINK IS REALLY IN THE DEFENDANT'S INTERESTS IN THE SENSE OF

4    HOW FRONT LOADED THE CASE IS.

5            THE COURT:  WELL --

6            MR. GIRARD:  THAT'S A LONG WAY OF SAYING I AGREE WITH

7    WHAT THE COURT'S INTENDING TO DO.

8            THE COURT:  WELL, WHAT I COULD DO IS JUST SET A

9    FACT -- I MEAN, ASSUMING -- I CAN JUST SET A FACT DISCOVERY CUT

10   OFF THAT'S FOUR TO FIVE MONTHS AFTER THE CLASS CERT HEARING.

11           MR. GIRARD:  UM-HUM.

12           THE COURT:  I COULD DO THAT AS WELL.

13       SO LET ME TELL YOU WHAT I WOULD PROPOSE BASED ON WHAT YOU

14   ALL HAVE PROPOSED.

15           MR. GIRARD:  SURE.

16           THE COURT:  AND THEN YOU CAN GIVE ME FEEDBACK ON

17   THAT.

18       SO I WAS GOING TO PROPOSE THAT WE HAVE A FURTHER CASE

19   MANAGEMENT CONFERENCE ON MAY THE 14TH AT 2:00 O'CLOCK; AND I

20   WAS GOING TO PROPOSE A SLIGHTLY FASTER SCHEDULE THAN WHAT YOU

21   ALL PROPOSED, AND THAT WOULD BE IF I FILE THE ORDER TODAY

22   GRANTING YOUR STIPULATION REGARDING INTERIM CO-LEAD COUNSEL,

23   THEN HAVE -- I'LL GIVE YOU ALL 21 DAYS TO FILE A MOTION --

24   EXCUSE ME -- FILE A CONSOLIDATED AMENDED COMPLAINT; 21 DAYS

25   AFTER THAT FOR THE DEFENDANTS TO FILE A MOTION TO DISMISS; 21

1    DAYS AFTER THAT FOR AN OPPOSITION; AND 10 DAYS AFTER THAT FOR A

2    REPLY.

3          AND WHEN YOU FILE YOUR MOTION, YOU WOULD HAVE TO ASK FOR

4    THE FIRST AVAILABLE HEARING DATE, AND THE REASON I'D LIKE TO

5    EXPEDITE THIS IS THAT MY LAW AND MOTION IS REALLY CONGESTED, SO

6    YOU PROBABLY WOULDN'T GET A HEARING DATE AT LEAST PROBABLY

7    UNTIL FOUR MONTHS AFTER YOU FILE THE MOTION, APPROXIMATELY.

8          SO THE SOONER YOU CAN GET THAT ON FILE, THEN THE SOONER

9    THAT YOU CAN BE IN THE LINEUP TO GET A RULING.

10          I WAS ALSO GOING TO PROPOSE THAT OUR SUBSEQUENT HEARING

11    WOULD BE OCTOBER 31 OF 2014, AND I CAN SET A SCHEDULE NOW,

12    OR IF IT'S -- WHETHER IT'S A MOTION TO DISMISS OR WHETHER IT'S

13    A MOTION FOR CLASS CERTIFICATION, OR I CAN JUST HAVE YOU ALL

14    STIPULATE TO ONE WHEN YOU -- WELL, IT MAY BE BETTER JUST TO SET

15    IT AT THIS POINT, AND IF YOU NEED TO ALTER IT YOU'LL HAVE TO

16    FILE A STIPULATION OR WE CAN TALK ABOUT IT IN MAY WHEN YOU COME

17    BACK FOR YOUR CMC.  THE HEARING WOULD BE OCTOBER 31.

18          NOW, THIS ALL ASSUMES THAT YOU'RE GOING TO GET YOUR MOTION

19    TO DISMISS ON FILE -- LET'S SEE, 42 DAYS WOULD BE --

20          MS. PARKER BROWN, IF THEY FILED IN EARLY MARCH, WHAT DO

21    YOU THINK THE HEARING DATE THEY WOULD GET WOULD BE?  PROBABLY

22    JULY?

23              THE CLERK:  HOPEFULLY JULY.

24              THE COURT:  OKAY.

25              THE CLERK:  PROBABLY NOT MUCH SOONER THAN THAT.

1          THE COURT:  OKAY.  WELL, THE SOONER YOU CAN START

2     THIS PROCESS, THE SOONER YOU'LL GET A HEARING DATE AND WE CAN

3     GET SOME RESOLUTION ON THE MOTION TO DISMISS.

4          I WOULD LIKE TO THEN SET THE SUBSEQUENT -- WHICH REALLY

5     WOULD REQUIRE YOU TO MOVE QUICKLY -- SUBSEQUENT HEARING DATE

6     FOR OCTOBER -- OH, THE 31ST IS A FRIDAY, SO LET'S SAY

7     OCTOBER 30TH.

8          MS. KAUFMAN:  ONE POINT OF CLARIFICATION, YOUR HONOR.

9          THE COURT:  YES.

10          MS. KAUFMAN:  SO THE OCTOBER 30TH HEARING DATE WOULD

11     EITHER BE A SECOND HEARING ON A MOTION TO DISMISS AND -- OR IT

12     WOULD BE CLASS CERTIFICATION?  IS THAT --

13          THE COURT:  WELL, MAYBE IT'S NOT -- I'M JUST

14     CONCERNED THAT IF THIS DELAYS TOO MUCH, THEN WE WON'T HAVE THIS

15     DECIDED FOR A WHILE AND I WOULDN'T WANT TO HAVE IT DELAYED THAT

16     LONG.

17          BUT WE COULD JUST WAIT AND NOT EVEN SET THAT SECOND

18     HEARING DATE.  THAT'S POSSIBLE AS WELL.

19          MS. KAUFMAN:  THAT WOULD BE OUR PREFERENCE, YOUR

20     HONOR, JUST SO THAT WE CAN GET THROUGH THE FIRST MOTION AND SEE

21     HOW THE COURT DECIDES THAT.

22          MR. GIRARD:  IT SEEMS LIKE THERE MIGHT BE SOME

23     BENEFIT TO HAVE IT DOWN AS A MARKER, THOUGH, EVEN IF -- I MEAN,

24     THE COURT CAN ALWAYS VACATE THAT DATE IF IT DOESN'T END UP

25     MAKING SENSE TO HOLD IT, BUT IT SEEMS, IN TERMS OF KEEPING

1   THINGS MOVING, THAT IT MIGHT BE USEFUL.

2          THE COURT:  ALL RIGHT.  WELL, DO YOU NEED THE FULL

3   21 -- I MEAN, CAN ANYONE SHAVE OFF A FEW MORE DAYS, OR DO YOU

4   WANT TO KEEP THE 21, 21, 21, 10 SCHEDULE?

5          MR. ZWILLINGER:  YOUR HONOR, I REALLY DON'T WANT TO

6   SHAVE OFF ON THE MOTION TO DISMISS.  WE DON'T HAVE AN AMENDED

7   CONSOLIDATED COMPLAINT ON FILE.  WE DON'T KNOW WHAT CLAIMS ARE

8   GOING TO BE IN IT AND SURVIVE THE PROCESS AT THIS POINT.

9       WE HAD BEEN ASKING FOR 28 DAYS TO FILE THE MOTION TO

10  DISMISS, SO I REALLY DON'T THINK WE SHOULD SHAVE OFF ANY

11  FURTHER TIME.

12         THE COURT:  THAT'S FINE.  SO YOUR -- LET'S JUST GO

13  AHEAD AND FILL IN SOME OF THE EXACT DATES.

14      IF WE FILE THE ORDER TODAY ON THE APPOINTMENT OF CO-LEAD

15  INTERIM COUNSEL, THEN FEBRUARY 12TH WOULD BE YOUR DUE DATE ON

16  THE AMENDED CONSOLIDATED COMPLAINT; AND THEN MARCH 5TH WOULD BE

17  THE DUE DATE FOR YOUR MOTION TO DISMISS; MARCH 26TH WOULD BE

18  THE DUE DATE FOR THE OPPOSITION; AND THEN APRIL 7TH, BECAUSE

19  THE 5TH IS A HOLIDAY, WOULD BE THE DUE DATE FOR THE REPLY.

20      OKAY.  AND THEN HOPEFULLY, IF YOU FILE BY MARCH 5TH, YOU

21  COULD GET A HEARING DATE IN, I MEAN, HOPEFULLY IN JUNE OR JULY.

22      ACTUALLY, OCTOBER 30TH MIGHT BE TOO SOON.  LET'S SAY IT

23  TAKES A MONTH TO GET AN ORDER OUT AND YOU HAVE A HEARING IN

24  JULY, SO YOU'D BE RE-BRIEFING IN AUGUST.  IF IT'S ANYTHING LIKE

25  WHAT YOU'VE REQUESTED IN THE BRIEFING THIS TIME --

1          LET ME ASK MS. PARKER BROWN, CAN YOU GIVE ME A DATE IN

2     MAYBE LATE NOVEMBER OR EARLY DECEMBER, PLEASE?  NOVEMBER IS

3     PROBABLY FINE.

4               THE CLERK:  DECEMBER 4TH LOOKS GOOD.

5               THE COURT:  LET'S JUST SAY DECEMBER 4TH.

6               MR. GIRARD:  OKAY.

7               THE COURT:  OKAY?  WE CAN SET THE BRIEFING SCHEDULE

8     FOR THIS DECEMBER 4TH HEARING NOW IF YOU'D LIKE.

9               MR. KING:  THAT'S FINE, YOUR HONOR.

10              THE COURT:  SO I WOULD ASK THAT THE REPLY BE FILED,

11    SINCE IT'S THE HOLIDAYS, BY NOVEMBER THE 13TH; COULD I SAY

12    OCTOBER 23RD FOR THE OPPOSITION?  OR WOULD YOU LIKE MORE TIME

13    THAN THAT?

14              MR. GIRARD:  AS I UNDERSTAND IT, THAT'S A QUESTION

15    EITHER TO THE PLAINTIFFS OR THE DEFENDANTS DEPENDING ON WHETHER

16    WE'RE MOVING FOR CLASS CERTIFICATION OR --

17              THE COURT:  IT'S THE SECOND ROUND.

18              MR. GIRARD:  -- THE DEFENDANTS ARE MOVING TO DISMISS.

19              THE COURT:  UM-HUM.

20              MR. GIRARD:  AND SO I GUESS I'LL LET DEFENSE COUNSEL

21    ANSWER.

22              MS. KAUFMAN:  IF WE'RE LOOKING AT CLASS

23    CERTIFICATION, THEN, YOU KNOW, I ANTICIPATE THAT THERE WILL BE

24    EXPERT, POTENTIALLY EXPERT ISSUES, AND SO WE WOULD WANT A

25    LONGER BRIEFING SCHEDULE THAN THE ONE THAT WE'VE JUST TALKED

1    ABOUT.

2              THE COURT:  ALL RIGHT.  WHAT ABOUT SEPTEMBER 18,

3    THEN, FOR THE MOVING PAPERS, WHATEVER IT IS?

4              MR. GIRARD:  UM-HUM.

5              THE COURT:  I'LL GIVE YOU OCTOBER 16TH FOR THE

6    OPPOSITION; NOVEMBER 13TH FOR THE REPLY; AND THE HEARING WOULD

7    BE ON DECEMBER 4TH.

8         NOW, IF IT'S JULY AND THE MOTION TO DISMISS IS GRANTED AND

9    YOU HAD UNTIL AUGUST TO DO A SECOND CONSOLIDATED AMENDED

10   COMPLAINT, I THINK SEPTEMBER 18TH WOULD STILL WORK --

11             MR. GIRARD:  OKAY.

12             THE COURT:  -- FOR A MOTION TO DISMISS.

13        AND WOULD THAT BE ENOUGH FOR A CLASS CERT MOTION?

14             MR. GIRARD:  YES.

15             THE COURT:  OKAY.  ALL RIGHT.  WELL, WHY DON'T WE --

16   AND I CAN SET -- IF YOU WANT, I CAN SET -- I CAN SET, YOU KNOW,

17   JUNE 1ST OF 2015 AS THE FACT DISCOVERY CUT OFF, BUT ALL OF THIS

18   COULD BE SUBJECT TO CHANGE DEPENDING ON HOW THE CASE EVOLVES.

19             MR. GIRARD:  THAT'S FINE FROM OUR PERSPECTIVE.  I'M

20   HOPEFUL THAT WE'RE GOING TO BE ABLE TO COMPLETE THE DISCOVERY

21   IN LESS TIME THAN THAT, YOUR HONOR, SO I THINK THAT'S FINE.

22             MS. KAUFMAN:  THAT'S FINE FROM OUR PERSPECTIVE AS

23   WELL, YOUR HONOR.

24             THE COURT:  I'M JUST LOOKING AT -- ACTUALLY, WHY

25   DON'T I SET IT SLIGHTLY SOONER THAN THAT, BECAUSE I'M LOOKING

1    AT -- THE FIRST CASE WAS FILED IN OCTOBER OF 2013, AND I

2    WOULD --

3              MR. GIRARD:  FOR WHAT IT'S WORTH, WE HAD PROPOSED

4    APRIL 2ND, WHICH IS SOMEWHAT SOONER.

5              THE COURT:  I KNOW YOU WANTED OCTOBER.

6              MS. KAUFMAN:  YES, YOUR HONOR.

7              THE COURT:  LET'S SAY MAY 1 AND SPLIT THE BABY HERE.

8         WELL, WHEN WILL IT BE TWO YEARS?  OCTOBER OF 2015.

9         I MEAN, I COULD GO AHEAD AND SET THE REST OF THE SCHEDULE

10   AND JUST GIVE YOU A TRIAL DATE OF DECEMBER 7TH OF 2015.  YOU

11   HAD A SLIGHTLY ELONGATED -- WHY DON'T WE JUST LEAVE IT FOR NOW?

12   WE'LL JUST KEEP IT THROUGH THE FACT DISCOVERY CUT OFF, AND AS

13   THE CASE PROGRESSES AND WE HAVE A BETTER SENSE WE CAN SCHEDULE

14   THE REST.

15        OKAY.  WHAT ELSE DID WE NEED TO DO TODAY?  ANYTHING ELSE?

16   LET ME SEE WHAT YOU ALL SAID.

17        WITH REGARD TO SUMMARY JUDGMENT, SUMMARY ADJUDICATION,

18   THERE'S ONLY ONE PER SIDE IN THE WHOLE CASE.  YOU CAN DECIDE

19   WHETHER YOU WOULD LIKE TO FILE IT EARLIER OR BY THE DEADLINE,

20   WHICH WILL BE CLOSER TO THE END OF THE CASE, BUT THERE IS ONLY

21   ONE.  I JUST WANT TO MAKE SURE THAT'S CLEAR.

22        WHAT ELSE?  ANYTHING ELSE THAT WE NEED TO DISCUSS TODAY?

23             MR. GIRARD:  WE DON'T HAVE ANYTHING ELSE ON OUR

24   AGENDA, YOUR HONOR.

25             MS. KAUFMAN:  NEITHER DO WE, YOUR HONOR.

1          THE COURT:  NO?  OKAY.  THANK YOU.

2          MR. GIRARD:  THANK YOU.

3          MS. KAUFMAN:  THANK YOU.

4          MR. KING:  THANK YOU, JUDGE.

5      (THE PROCEEDINGS WERE CONCLUDED AT 2:53 P.M.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                     <u>CERTIFICATE OF REPORTER</u>

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8   STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9   280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10  CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12  A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13  ABOVE-ENTITLED MATTER.

14

15

16  _____
    LEE-ANNE SHORTRIDGE, CSR, CRR
17  CERTIFICATE NUMBER 9595

18       DATED:  FEBRUARY 3, 2014

19

20

21

22

23

24

25