1    REBEKAH KAUFMAN (CA SBN 213222)
     RKaufman@mofo.com
2    ROBERT PETRAGLIA (CA SBN 264849)
     RPetraglia@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, CA 94105
     Tel: 415.268.7000
5    Fax: 415.268.7522

6    *Attorneys for Defendant YAHOO! INC.*

7

8

9

10

11

12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17                                        | Case No.   5:13-cv-4980 LHK
          In re Yahoo Mail Litigation
18                                        | **[PROPOSED] STIPULATED
                                            PROTECTIVE ORDER**
19

20

21

22

23

24

25

26

27

28

Daniel C. Girard (State Bar No. 114826)
dcg@girardgibbs.com
Matthew B. George (State Bar No. 239322)
mbg@girardgibbs.com
Heidi H. Kalscheur (State Bar No. 287993)
hhk@girardgibbs.com
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846


Frederic S. Fox (admitted *pro hac* vice)
Donald R. Hall (admitted *pro hac* vice)
David A. Straite (admitted *pro hac* vice)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile:  212-687-7714
dstraite@kaplanfox.com

*Co-Lead Interim Class Counsel*


LIONEL Z. GLANCY (#134180)
lglancy@glancylaw.com
MICHAEL GOLDBERG (#188669)
mmgoldberg@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Lesley F. Portnoy (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York  10016
Telephone:  (212) 661-1100
Email:  jalieberman@pomlaw.com

*Attorneys for Plaintiff Rebecca Abrams*

Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707

lking@kaplanfox.com
lfong@kaplanfox.com
mchoi@kaplanfox.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box13315, PMB #148
Oakland, California  94661
Telephone:  (510) 237-9700
Facsimile:  (510) 237-4616
Email:  Reggiet2@aol.com

SYDNEY J. HALL, ESQ.
LAW OFFICES OF SYDNEY JAY HALL
1308 Bayshore Highway, #220
Burlingame, California  94010
Telephone: (650)342-1830
Facsimile:  (650) 342-6344

*Attorneys for Plaintiff Halima Nobles*

Plaintiffs and Defendant Yahoo! Inc. ("Yahoo") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and any supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulation and Protective Order").

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in these actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in the In re Yahoo Mail Litigation matter.  The parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Paragraph 10 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Action or Actions</u>:  means the In re Yahoo Mail Litigation, presently pending in the United States District Court for the Northern District of California.

2.2     <u>Party</u>:  Any party to these Actions, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3     Disclosure or Discovery Material:  All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4     "CONFIDENTIAL" information or Items:  Disclosure or Discovery Material that contains or reflects information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.5     "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6     "HIGHLY CONFIDENTIAL — SOURCE CODE" information or items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revisions histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or non-Party would create a substantial risk or serious harm that could not be avoided by less restrictive means.

2.7     Receiving Party:  A Party that receives Disclosure or Discovery Material provided, produced or made available for inspection by a Producing Party.

2.8     Producing Party:  A Party or non-party that provides, produces or makes available for inspection Disclosure or Discovery Material in the course of these Actions.

2.9     Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE.

2.10    Protected Material:  Any Disclosure or Discovery Material that is designated as or deemed to be CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL — SOURCE CODE.

2.11  <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party. .

2.12  <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

2.13  <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.14  <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in these actions and (2) who is not a past or a current employee of a Party or of a competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.15  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3.    SCOPE**

This Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery conducted in these Actions.  The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate.

This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order, including the requirements to securely store and protect Protected Material, shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Procedures for Designating Material for Protection</u>:  Any Party to this litigation, or any non-party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."  Materials designated as or deemed to be CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE consistent with this Stipulation and Protective Order are subject to the provisions of this Stipulation and Protective Order and shall be protected, used, handled and disposed of in accordance with the provisions of this Stipulation and Protective Order.

5.2      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3     <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Stipulation and Protective Order or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly designated as such before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

5.3.1     <u>For Information in Documentary Form</u> (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" on each page that contains Protected Material.  In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" on each page of the document.  Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such. Except as otherwise agreed, within 45 days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL —
SOURCE CODE."

A Party or non-party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting Party has indicated which
material it would like copied and produced. During the inspection and before the designation, all
of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
copied and produced, the Producing Party must determine which documents qualify for protection
under this Order. Then, before producing the specified documents, the Producing Party must
affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE") on each
page that contains Protected Material, except that multi-page documents may be designated in
accordance with the preceding paragraph.

       5.3.2   <u>For Testimony Given in Deposition or in Other Pretrial Proceedings</u>, that
any Party or non-party offering or sponsoring the testimony may identify on the record, before the
close of the deposition, hearing or other proceeding, all protected testimony and specify the level
of protection being asserted. Alternatively, within thirty (30) days of receipt of a transcript or
recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or non-
party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," by notifying all Parties, in
writing, of the specific pages and lines of the transcript or recording that should be treated as
"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When
it is impractical to identify separately each portion of testimony that is entitled to protection and it
appears that substantial portions of the testimony may qualify for protection, a Designating Party
may specify at the deposition that transcripts or recordings of depositions or other pretrial
proceedings shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or
until written notice of a designation is received, whichever occurs first. In the case of a non-party

witness, testimony can be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information by a Party, the non-party witness or upon agreement of the Parties.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

5.3.3    For Information Produced in A Form Other than Documentary, and for Any Other Tangible Items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE."

5.4    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>:  A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" or change any Protected Material produced with a designation to a designation of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated within sixty (60) days of production by the Producing Party.  Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

5.5    <u>Inadvertent Failures to Designate and Redesignation</u>:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     INADVERTENT DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE**

6.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>:  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3     <u>Judicial Intervention</u>:  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with these Actions only for

prosecuting, defending, or attempting to settle this litigation. A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order. For electronically stored materials, securing such information includes the obligation to limit access to such materials through code-based restrictions such as complex passwords, encryption, and/or other similar technologies. A Designating Party may request specific security measures for Protected Material through a meet and confer with any disputes to be resolved in accordance with Section 7.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

8.2.1     The Receiving Party's Outside Counsel and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

8.2.2     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

8.2.3     Any Expert (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8.2.4     Any insurer or indemnitor of any defendant in this action;

8.2.5     The Court and any mediators and their respective personnel;

8.2.6    Court reporters, their staffs, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

8.2.7    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.2.8    The author(s) and recipient(s) of the "CONFIDENTIAL" Material; or other person who otherwise possessed or knew the information.

8.2.9    Any other person with the prior written consent of the Producing Party.

8.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

8.3.1    The Receiving Party's Outside Counsel of record in these Actions and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for these Actions;

8.3.2    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4, below, have been followed;

8.3.3    The Court and any mediators, and their respective personnel;

8.3.4    Court reporters, their staffs, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and

8.3.5    The author(s) and recipient(s) of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material or a custodian or other person who otherwise possessed or knew the information.

8.4    <u>Procedure for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>:  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" pursuant to paragraph 8.3.2 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

8.4.1    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

8.4.2   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

8.4.3   In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL — SOURCE CODE"

9.1     To the extent production of Source Code becomes necessary to the prosecution or defense of the cases, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL — SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

9.2     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in these actions, or to obligate any Party to produce any Source Code.

9.3     Protected Material designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 8.3 and 8.4.

9.4     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below.

Protected Material designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in herein.

**10.     DISCLOSURE AND REVIEW OF SOURCE CODE**

10.1     The following provisions apply to the production of Source Code that is designated "HIGHLY CONFIDENTIAL — SOURCE CODE," unless otherwise agreed by the Producing Party.

10.2     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

10.3     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 10.2 in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL — SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 7 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

10.4    The parties shall meet and confer regarding any additional, necessary protections for source code information prior to the production of any source code.

**11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in these actions as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL — SOURCE CODE" the Receiving Party must:

11.1    promptly notify in writing (by email, if possible) the Designating Party. Such notification shall include a copy of the subpoena or court order;

11.2    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

11.3    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

11.4    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

12.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

12.2.1  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

12.2.2  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

12.2.3  make the information requested available for inspection by the Non-Party.

12.3    If the Non-Party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 13.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately:  (a) notify the Designating Party in writing of the unauthorized disclosure (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

## 14.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the

public record in these actions. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 15. FINAL DISPOSITION

Within sixty days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that such materials are securely stored and protected. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16. MISCELLANEOUS**

16.1     Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2     Right to Assert Other Objections:  By stipulating to the entry of this Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

16.3     Computation of Time:  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

16.4     The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

16.5     The procedures set forth in this Stipulation and Order shall apply to every action that is subject to this proceeding, whether filed in or transferred to this Court for so long as such actions are pending.

STIPULATED AND AGREED TO BY:

Dated:    February 5, 2014          Rebekah Kaufman
                                    Robert Petraglia
                                    **MORRISON & FOERSTER LLP**


                                    By: /s/ Rebekah Kaufman_____

                                        Attorneys for Defendant
                                        YAHOO! INC.


Dated:    February 5, 2014          Daniel C. Girard
                                    Matthew B. George
                                    Heidi H. Kalscheur
                                    **GIRARD GIBBS LLP**


                                    By: /s/ Matthew B. George_____


Dated:    February 5, 2014          Laurence D. King
                                    Linda M. Fong
                                    Mario M. Choi
                                    Frederic S. Fox (admitted *pro hac* vice)
                                    Donald R. Hall (admitted *pro hac* vice)
                                    David A. Straite (admitted *pro hac vice*)
                                    **KAPLAN FOX & KILSHEIMER LLP**


                                    By: /s/ Laurence D. King_____


                                    Co-Lead Interim Lead Counsel for Plaintiffs


                                    Lionel Z. Glancy
                                    Michael Goldberg
                                    **GLANCY BINKOW & GOLDBERG LLP**

                                    Jeremy A. Lieberman (admitted *pro hac vice*)
                                    Lesley F. Portnoy (admitted *pro hac vice*)
                                    **POMERANTZ LLP**

                                        Attorneys for Plaintiff
                                        Rebecca Abrams

Reginald Terrell, Esq.
**THE TERRELL LAW GROUP**

Sydney J. Hall, Esq.
**LAW OFFICES OF SYDNEY JAY HALL**

Attorneys for Plaintiff
Halima Nobles

**IT IS SO ORDERED.**

Dated: _____                    _____
                                                                           Honorable Lucy H. Koh

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Northern District

of California on _____ [date] in the case of *In re Yahoo Mail Litigation*, Case No. 5:13-cv-4980 LHK

(N.D. Cal). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and

I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
             [signature]