Daniel C. Girard (SBN 114826)
Matthew B. George (SBN 239322)
Heidi H. Kalscheur (SBN 287993)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA  94104
Telephone:  (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*
*mbg@girardgibbs.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Interim Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | 5:13-CV-4980-LHK <br><br> **CONSOLIDATED CLASS ACTION COMPLAINT FOR:** <br><br> 1) **VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT, CAL. PENAL CODE §§ 631 and 637.2** <br> 2) **VIOLATION OF ARTICLE 1, SECTION 1 OF THE CALIFORNIA CONSTITUTION** <br> 3) **VIOLATION OF THE FEDERAL WIRETAP ACT, 18 USC § 2510 *et seq.*** <br> 4) **VIOLATION OF THE FEDERAL STORED COMMUNICATIONS ACT, 18 USC § 2701 *et seq.*** <br> 5) **DECLARATORY RELIEF** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Cody Baker, Brian Pincus, Rebecca Abrams and Halima Nobles, individually and on behalf of a proposed class described below, bring this action for injunctive relief and statutory damages against Defendant Yahoo!, Inc. and allege as follows:

**I.   NATURE OF THE CLAIMS**

1.   Plaintiffs are individuals who have sent emails to and received emails from users of Yahoo's mail service, known as Yahoo Mail.  Yahoo intercepts emails sent to and from its Yahoo Mail users while the emails are in transit and scans their content, storing the data it collects indefinitely, for "future use."

2.   Yahoo contends that when a new user creates a Yahoo Mail account, a contract is formed between the new user and Yahoo.  Yahoo claims the right, under the terms of its purported contract with Yahoo Mail users, "to scan and analyze all incoming and outgoing communications sent and received from [the user's] account."  Yahoo also claims the right to collect and store the data it retrieves from the emails.

3.   Plaintiffs are not Yahoo Mail users and are not parties to the purported contract between Yahoo and Yahoo Mail users.  They have not agreed to Yahoo's interception and scanning of the content of their emails, or to Yahoo's storage of the content of their emails for Yahoo's future use.  Plaintiffs anticipate continuing to send emails to and receive emails from Yahoo Mail users.

4.   Yahoo has scanned and analyzed Plaintiffs emails in the past and stored the contents of the emails and, unless restrained, will continue to do so if they correspond with Yahoo Mail users, without regard to whether or not Plaintiffs have given their consent to the scanning and analysis.

5.   Because Yahoo fails to secure consent from all parties to the email communications prior to intercepting them, Yahoo has violated and continues to violate the California Invasion of Privacy Act and California's constitutionally guaranteed right to privacy – a right which the California Supreme Court ruled can be enforced in a private litigation against

1

1  non-governmental violators. The CIPA allows for injunctive relief and statutory damages of
2  $5,000 per class member, among other relief.

3  6. In addition, Yahoo does not obtain actual consent from Yahoo Mail users for its
4  scanning and analysis of their incoming and outgoing emails. Yahoo does not reasonably
5  communicate its practices to Yahoo Mail users, who have to piece together information from
6  various documents scattered across Yahoo's website to discern what Yahoo is actually doing
7  with their email. Yahoo's conduct therefore violates the federal Wiretap Act (Title I of the
8  Electronic Communications Privacy Act), which provides for statutory damages of up to $10,000
9  per class member, among other relief. In the alternative, Yahoo's conduct violates the Stored
10 Communications Act (Title II of the Electronic Communications Privacy Act), which provides
11 for statutory damages of $1,000 per class member, among other relief.

12 7. Plaintiffs seek injunctive and declaratory relief and statutory damages on behalf
13 of themselves and a proposed class of other non-users of Yahoo Mail who have had or may in
14 the future have their emails with Yahoo Mail users unlawfully intercepted and scanned by
15 Yahoo.

16 **II.    JURISDICTION AND VENUE**

17 8. This Court has subject matter jurisdiction over all claims in this action pursuant to
18 the Class Action Fairness Act, 28 USC § 1332(d)(2), because Plaintiffs bring class claims on
19 behalf of citizens of states different than Yahoo's states of citizenship, the amount in controversy
20 exceeds $5 million, and the proposed class includes in excess of 100 members.

21 9. This Court also has subject matter jurisdiction over the federal claims in this
22 action pursuant to 28 USC § 1331.

23 10. This Court also has subject matter jurisdiction over the state law claims in this
24 action pursuant to 28 USC § 1367(a) because they are so related to the federal claims that they
25 form part of the same case or controversy under Article III of the U.S. Constitution.

1    11.     This Court has personal jurisdiction over Defendant Yahoo because Yahoo is headquartered in California and much of the relevant conduct occurred in California.

12.     This Court also has personal jurisdiction over Defendant Yahoo because Yahoo consented to this Court's personal jurisdiction in any dispute "related to" the Terms of Service governing the email at issue in this case.

13.     Venue is proper in this District because Defendant Yahoo is headquartered in this District, in Sunnyvale, California.

14.     Venue is also proper in this District because Yahoo designated this Court as an acceptable venue in any dispute "arising out of or relating to" the Terms of Service governing the email at issue in this case.

## III.   THE PARTIES

15.     Plaintiff Cody Baker is a resident of the State of New York.  He maintains a non-Yahoo email address.  On numerous occasions during the proposed class period, he sent emails to users of Yahoo Mail from his non-Yahoo email address, and upon information and belief, Yahoo intercepted the emails and scanned them for content.  He did not consent to the interception.

16.     Plaintiff Brian Pincus is a resident of the State of California.  He maintains a non-Yahoo email address.  On numerous occasions during the proposed class period, he sent emails to users of Yahoo Mail from his non-Yahoo email address, and upon information and belief, Yahoo intercepted the emails and scanned them for content.  He did not consent to the interception.

17.      Plaintiff Halima Nobles is a resident of the State of Texas.  She maintains a non-Yahoo email address.  On numerous occasions during the proposed class period, she sent emails to users of Yahoo Mail from her non-Yahoo email address, and upon information and belief, Yahoo intercepted the emails and scanned for content.  She did not consent to the interception.

18. Plaintiff Rebecca Abrams is a resident of the State of California. She maintains a non-Yahoo email address. On numerous occasions during the proposed class period, she sent emails to users of Yahoo Mail from her non-Yahoo email address, and upon information and belief, Yahoo intercepted the emails and scanned for content. She did not consent to the interception.

19. Defendant Yahoo is a Delaware corporation based in Sunnyvale, CA.

## IV. BACKGROUND AND BASIS OF YAHOO'S LIABILITY

### A. Yahoo Mail

20. Yahoo operates a web-based electronic communications service called "Yahoo Mail" which allows customers to register and use @yahoo.com, @ymail.com and @rocketmail.com email addresses.

21. Yahoo Mail is one of the world's largest web-based email services, competing primarily with Microsoft (using @outlook.com and @hotmail.com email addresses) and Google (using the @gmail.com address). Yahoo claims more than 275 million Yahoo Mail users globally, and more than 75 million in the United States.

22. Within Yahoo Mail, users can send and receive email messages. Users send outgoing messages and receive incoming messages.

23. Like its competitors Microsoft and Google, Yahoo does not charge money for its basic email service. In exchange for the "free" email service, users are subject to advertising when using the Yahoo Mail service. The advertisers pay for the service.

### B. Yahoo Intercepts and Scans Yahoo Mail Users' Email for Content

24. Yahoo intercepts and scans its users' incoming emails for content during transit and before placing the emails into storage.

25. Yahoo also intercepts and scans its users' outgoing emails for content in the course of delivering the emails to non-Yahoo Mail servers.

26.     Yahoo scans its users' incoming and outgoing email for keywords, patterns, and "key elements of meaning," collects and categorizes the information it extracts, and stores the information for "future use."

27.     Yahoo uses the information its collects from the emails to create user profiles of the parties to the email that enhance Yahoo's ability to target advertising.  Yahoo also provides some of the information it collects from its users' incoming and outgoing email to unidentified "trusted partners" and other third parties for advertising purposes.

28.     Advertising accounted for approximately 75% of Yahoo's total 2013 revenue of $4.68 billion, according to Yahoo's preliminary Fourth Quarter and Full Year 2013 results, released on or about Jan. 28, 2014.  Yahoo can charge advertisers substantially more to place ads that are "targeted" to certain demographic groups and even to specific individuals.  Because Yahoo can increase revenues by obtaining more detailed background information about users of the service, Yahoo benefits from gathering as much personal information about its Yahoo Mail users, and non-users who email with its users, as it can.

29.     Yahoo can create more thorough and accurate user profiles, and thus more valuable data for advertisers, by storing the information it collects from the content of emails sent to and from Yahoo Mail users' accounts, rather than just simple demographic information volunteered by the subscriber.

**C.     Yahoo's Disclosures to Yahoo Mail Users About Its Scanning of Email**

30.     The relationship between Yahoo and any customer is governed by the Yahoo Terms of Service, or "TOS," which also includes a reference to the Yahoo "Privacy Policy."

31.     Opening a Yahoo Mail account requires a new user to fill out a form with basic information like name, birthday, telephone number and an account name and password.  The new user must then click on the "Create Account" button.  Above the button is the sentence "I agree to the <u>Yahoo Terms</u> and <u>Privacy</u>."  "Yahoo Terms" is hyperlinked to Yahoo's Communications Terms of Service. "Privacy" is hyperlinked to Yahoo's Privacy Policy.

32. Yahoo contends that clicking on the "Create Account" button creates a contract between the new Yahoo Mail user and Yahoo. The terms of the purported contract are contained in three separate documents: the Terms of Service, the Communications Terms of Service, and the Privacy Policy.

### 1. Terms of Service

33. Yahoo does not disclose in the Terms of Service that it scans emails for content. A copy of the Terms of Service as of the date of this Complaint is attached as **Exhibit A**.

34. The Terms of Service provide a hyperlink to the Privacy Policy in a paragraph that informs user that Yahoo "collects and uses" registration data and "certain other information" about the user, but neither document mentions the content of emails:

> Registration Data and certain other information about you are subject to our applicable privacy policy. For more information, see the full Yahoo Privacy Policy at https://info.yahoo.com/privacy/us/yahoo/ …. You understand that through your use of the Yahoo Services you consent to the collection and use (as set forth in the applicable privacy policy) of this information, including the transfer of this information to the United States and/or other countries for storage, processing and use by Yahoo and its affiliates.

### 2. Privacy Policy

35. Yahoo does not disclose in the Privacy Policy that it scans emails for content. A copy of the Privacy Policy is attached as **Exhibit B**.

36. The Privacy Policy says that it "covers how Yahoo treats personal information that Yahoo collects and receives, including information related to your past use of Yahoo products and services." It says that "[p]ersonal information is information about you that is personally identifiable like your name, address, email address, or phone number, and that is not otherwise publicly available." This statement suggests that Yahoo only collects basic demographic information about its users.

37. The Privacy Policy says that "Yahoo does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission," or under certain other

6

circumstances. One of the other circumstances is Yahoo's provision of its users' personal information "to trusted partners who work on behalf of or with Yahoo under confidentiality agreements." The Privacy Policy does not identify these "trusted partners."

### 3.    Communications Terms of Service

38.    The Communications Terms of Service is one of 38 additional documents that set forth terms of service governing Yahoo's various products and services. These documents are located on a web page called "Yahoo Terms Center," a copy of which is attached as **Exhibit C**.

39.    Eighteen of these documents are listed under the heading "Additional Terms of Service," including one entitled "Communications Terms of Service." Although it does not include the terms "mail" or "email" in its title, this document apparently provides additional terms of service (or "ATOS") for Yahoo Mail. A copy of the Communications Terms of Service as of the date of this Complaint is attached as **Exhibit D**.

40.    Neither the Terms of Service nor the Privacy Policy links to the Communications Terms of Service or to the "Yahoo Terms Center" web page. Yahoo only obliquely references the possibility of additional terms in the second-to-last paragraph of the Terms of Service:

> *Entire Agreement.* The TOS constitutes the entire agreement between you and Yahoo and governs your use of the Yahoo Services, superseding any prior version of this TOS between you and Yahoo with respect to the Yahoo Services. You also may be subject to additional terms and conditions that may apply when you use or purchase certain other Yahoo services, affiliate services, third-party content or third-party software.

41.    In section 1.c. of the Communications Terms of Service, Yahoo says that it scans and analyzes all incoming and outgoing emails:

> Please note that your Yahoo Messenger account is tied to your Yahoo Mail account. Therefore, your use of Yahoo Messenger and all Yahoo Messenger services will be subject to the TOS and laws applicable to the Applicable Yahoo Company in Section 10. Yahoo's automated systems scan and analyze all incoming and outgoing communications content sent and received from your account (such as Mail and Messenger content including instant messages and SMS messages) including those stored in your account to, without limitation, provide personally relevant product features and content, to match and serve targeted advertising and for spam and malware detection and abuse

7

> protection. **By scanning and analyzing such communications content, Yahoo collects and stores the data.** Unless expressly stated otherwise, you will not be allowed to opt out of this feature. If you consent to this ATOS and communicate with non-Yahoo users using the Services, you are responsible for notifying those users about this feature.

(Emphasis supplied.)

42. Yahoo added the sentence in bold (regarding the collection and storage of email content) at some time during the proposed class period. Before then, Yahoo did not disclose that it collected and stored content from its users' incoming and outgoing emails.

### 4. Yahoo's Additional "Privacy Practices"

43. In addition to the Privacy Policy, Yahoo maintains 54 additional product-specific "privacy practices." A copy of the webpage listing the 54 additional privacy practices is attached as **Exhibit E**.

44. None of these 54 additional documents is mentioned in the Terms of Service or in the Privacy Policy. The only way to access them is by clicking on a "Products" tab on the Yahoo! Privacy Center web page, as shown on Exhibit B.

45. One of the additional privacy practices apparently applies to Yahoo Mail. A copy of this privacy practice is attached as **Exhibit F**.

46. It is only in this additional privacy practice document that Yahoo says that it scans and analyzes its users' email "to identify key elements of meaning and then categorize this information for immediate and future use." A section entitled "Personally Relevant Experiences" says, in part:

> Yahoo provides personally relevant product features, content, and advertising, and spam and malware detection by scanning and analyzing Mail, Messenger, and other communications content. Some of these features and advertising will be based on our understanding of the content and meaning of your communications. For instance, we scan and analyze email messages to identify key elements of meaning and then categorize this information for immediate and future use.

47. Below this paragraph is the sentence "Please read our FAQ to learn more." The "Yahoo Mail FAQ" is the only place that Yahoo discloses that its scanning technology "looks for

patterns, keywords, and files" in users' email and that it may share "specific objects from a message" with unidentified third parties. A copy of the Yahoo Mail FAQ is attached as **Exhibit G.**

48. The FAQ includes the question "How does Yahoo Mail message analysis work?" The response says, in part:

> While many features in the Yahoo Mail are new, the underlying technology that supports them is the same as the automated systems that already scan and analyze your inbox for spam, viruses, malware, and phishing scams. This technology looks for patterns, keywords, and files in Mail, Messenger, and other communications content. In order to bring you the newest Yahoo Mail, Yahoo's automated systems will scan and analyze all incoming and outgoing email, IM, and other communications content sent and received from your account in order to personalize your experience.

49. The FAQ also includes the question "Does Yahoo Mail automatically share my messages with anyone else?" The response says:

> Your messages are shared only with the people you want. Yahoo may anonymously share specific objects from a message with a 3rd party to provide a more relevant experience within your mail. For example, Yahoo may share a package tracking number with the shipping company so that you can easily see when your package will arrive, or may share your flight number with your airline to enable flight notifications within your inbox.

**D.     Yahoo Does Not Obtain Actual Consent to Intercept and Scan Emails**

50. The only way for Yahoo Mail users to determine what Yahoo is doing with their email is to sort through almost 100 different terms of service spread across several web pages, and piece together a "contract" from various portions of one or more of these documents. Even if a Yahoo Mail user manages to locate all of the relevant documents, Yahoo's descriptions of what it does with its users' emails are confusing, incomplete, and sometimes contradictory. Because of the disjointed and incomplete way in which Yahoo discloses its scanning practices, a reasonable Yahoo Mail user would not understand that acceptance of Yahoo's terms results in the user giving Yahoo consent to intercept, scan and store their email content.

51. Non-users of Yahoo Mail (including members of the proposed class) did not consent to Yahoo's interception and scanning of their emails.

52. Yahoo purports to put the burden of obtaining non-users' consent on Yahoo Mail users. The Communications Terms of Service says, "If you consent to this ATOS and communicate with non-Yahoo users using the Services, you are responsible for notifying those users about this feature." This provision is not a reasonable communication of Yahoo's practices to non-Yahoo Mail users, and is a tacit admission by Yahoo that it must obtain the consent of non-users under California law prior to scanning their emails for content.

## V.   CLAIMS

### COUNT ONE

### VIOLATION OF CALIFORNIA PENAL CODE §§ 631 and 637.2 CALIFORNIA INVASION OF PRIVACY ACT ("CIPA")

53. Plaintiffs incorporate each and every allegation above as if fully set forth herein.

54. California Penal Code § 631(a) makes it unlawful, by means of any machine, instrument or contrivance, to purposefully intercept the content of a communication over any "telegraph or telephone wire, line, cable or instrument," or to read or attempt to read or learn the content of any such communications without the consent of all parties to the communication.

55. Emails are communications within the meaning of Section 631.

56. Yahoo intercepts, reads, and learns the content of email communications to and from class members using incoming and outgoing email servers that qualify as machines, instruments or contrivances as defined by the CIPA.

57. Plaintiffs and class members did not consent to Yahoo's interception and reading of their emails.

58. Yahoo is not a party to the emails between Yahoo Mail users and Plaintiffs.

59. Yahoo is a "person" within the meaning of the CIPA.

60. Plaintiffs and class members were and are injured by Yahoo's unlawful interception and reading of their emails.

61. Yahoo knowingly and willfully intercepts and reads Plaintiffs' and class members' emails with Yahoo Mail users while they are "in transit."

62. Yahoo's conduct in violation of the CIPA occurred in the State of California because those acts resulted from business decisions, practices and operating policies that Yahoo developed, implemented and utilized in California which are unlawful and constitute criminal conduct in Yahoo's state of residence and principal place of business. Yahoo profited from its conduct in the State of California. Yahoo also intercepted some of the class members' communications in California and used at least some devices located in California.

63. Yahoo's Terms of Service provide that claims arising out of Yahoo's relationship with Yahoo Mail users will be governed exclusively by California law.

64. This claim arises out of Yahoo's relationship with Yahoo Mail users.

65. As a result of Yahoo's violations of Section 631, Plaintiffs and class members are entitled to relief under Section 637.2, including:

    (i) Preliminary and injunctive relief;

    (ii) Appropriate declaratory relief;

    (iii) Statutory damages of $5,000 per class member; and

    (iv) Reasonable attorneys' fees and costs.

## COUNT TWO

### VIOLATION OF THE CALIFORNIA CONSTITUTION
### ARTICLE I, SECTION 1

66. Plaintiffs incorporate each and every allegation above as if fully set forth herein.

67. Article I, Section 1 of the California Constitution provides that "All people are by nature free and independent and have inalienable rights. Among these are enjoying and

1  defending life and liberty, acquiring, possessing and protecting property, and pursuing and
2  obtaining safety, happiness, and privacy."

3  68.  The California Supreme Court has recognized a private right of action for
4  monetary damages and injunctive relief against non-governmental defendants for violations of
5  the constitutional right to privacy.

6  69.  Plaintiffs and class members have a legally protected interest in their private
7  email communications with Yahoo Mail users.

8  70.  Plaintiffs and class members reasonably expect that their email communications
9  with Yahoo Mail users are private, and do not expect Yahoo to intercept their email
10 communications, scan and store the content of their emails, and distribute the content to third
11 parties without their consent.

12 71.  Yahoo commits an egregious breach of social norms when it intercepts Plaintiffs'
13 and class members' emails, scans and stores the content of the emails, and distributes the content
14 of the emails to third parties without Plaintiffs' and class members' knowledge and consent, and
15 for Yahoo's own profit.

16 72.  Yahoo's acts in violation of the California Constitution occurred in the State of
17 California because those acts resulted from business decisions, practices and operating policies
18 that Yahoo developed, implemented and utilized in California which are unlawful and constitute
19 criminal conduct in Yahoo's state of residence and principal place of business. Yahoo profited
20 from its conduct in the State of California.  Yahoo also intercepted, scanned and stored some of
21 the class members' communications in California and used at least some devices located in
22 California.

23 73.  Yahoo's Terms of Service provide that claims arising out of Yahoo's relationship
24 with Yahoo Mail will be governed exclusively by California law.

25 74.  This claim arises out of Yahoo's relationship with Yahoo Mail users.

## COUNT THREE

## VIOLATION OF THE FEDERAL WIRETAP ACT
## TITLE I OF THE ECPA (18 U.S.C. § 2510 *et seq.*)

75. Plaintiffs incorporate each and every allegation above as if fully set forth herein.

76. The Wiretap Act prohibits the intentional interception by any person of the content of any wire, oral or electronic communications without the consent of at least one authorized party to the communication.

77. Yahoo is a "person" within the meaning of the Act.

78. Email messages transmitted to and from Yahoo Mail users' accounts are "electronic communications" within the meaning of the Act.

79. Yahoo uses one or more devices comprised of an electronic, mechanical or other device or apparatus to acquire the contents of emails transmitted to and from Yahoo Mail users' accounts.

80. Yahoo knowingly and purposefully intercepts emails in transit to and from Yahoo Mail accounts without obtaining actual consent from any authorized party to the emails.

81. Yahoo intercepts and scans the content of email for its own profit. The interception and scanning are neither an instrumental part of nor incidental to Yahoo's operation of its electronic communications platform or its provision of the Yahoo Mail service.

82. Because of the architecture of Yahoo's email servers, emails to and from Yahoo Mail users result in interstate data transmissions, as noted by Yahoo in paragraph 7 of its Terms of Service.

83. Pursuant to 18 U.S.C. § 2520(a), Plaintiffs and class members are entitled to:

(i) injunctive relief;

(ii) appropriate declaratory relief;

(iii) statutory damages of $100 per day per violation per class member, up to $10,000 per class member;

      (iv)    costs; and

      (v)    reasonable attorneys' fees.

## COUNT FOUR

**VIOLATION OF THE STORED COMMUNICATIONS ACT ("SCA")**
**TITLE II OF THE ECPA (18 U.S.C. § 2701 *et seq.*)**

84. Plaintiffs incorporate each and every allegation above as if fully set forth herein.

85. The Stored Communications Act prohibits a person from intentionally accessing without (or in excess of) authorization a facility through which an electronic communications service is provided and thereby obtaining an electronic communication while it is in "electronic storage."

86. The SCA defines "electronic storage" as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication."

87. Plaintiffs allege that Yahoo intercepts communications while "in transit" and thus in violation of the Wiretap Act. Plaintiffs assert this SCA claim in the alternative, in the event the Court finds that Yahoo intercepts the emails while they are in "storage" rather than "in transit" or holds that Plaintiffs may assert both a Wiretap Act claim and an SCA claim simultaneously.

88. The servers Yahoo uses to provide its electronic communications service to Yahoo Mail users are a "facility" within the meaning of the SCA.

89. Yahoo is a "person" within the meaning of the SCA.

90. Yahoo scanned the content of its users' emails without authorization from any party to the emails, or Yahoo's scanning of the content of its users' emails (and its storage and sharing of the content with third parties) exceeded its authorization from any party to the emails.

14

91.     Because of the architecture of Yahoo's email servers, emails to and from Yahoo Mail users result in interstate data transmissions, as noted by Yahoo in paragraph 7 of its Terms of Service.

92.     Pursuant to 18 U.S.C. § 2707(c), Plaintiffs and class members are entitled to:

(i)     minimum statutory damages of $1,000 per person;

(ii)    punitive damages;

(iii)   costs; and

(iv)    reasonable attorneys' fees.

## COUNT FIVE

### DECLARATORY RELIEF
### 28 U.S.C. § 2201

93.     Plaintiffs incorporate each and every allegation above as if fully set forth herein

94.     An actual controversy, over which this Court has jurisdiction, has arisen and now exists between the parties relating to the legal rights and duties of Plaintiffs and Yahoo for which Plaintiffs desire a declaration of rights.

95.     Plaintiffs contend and Yahoo disputes that Yahoo's acts, practices and conduct violate the CIPA and the federal Wiretap Act or, in the alternative, the Stored Communications Act, as alleged herein.

96.     Plaintiffs, on behalf of themselves and the class, are entitled to a declaration that Yahoo illegally intercepted their email, and scanned and stored the content of their emails in violation of the CIPA and the federal Wiretap Act or, in the alternative, the Stored Communications Act, and injunctive relief to enforce the Court's declaration.

**VI.     CLASS ACTION ALLEGATIONS**

97.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as members of a proposed class of all persons in the United States who are not Yahoo Mail users and who sent emails to or received emails from a Yahoo Mail user from October 2,

2011 to the present. Excluded from the proposed class are Yahoo, its parents, subsidiaries, affiliates and controlled persons, as well as the officers and directors (and their immediate family) of Yahoo, its parents, subsidiaries, affiliates and controlled persons. Also excluded is any judicial officer assigned to this case.

98. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4).

99. <u>Numerosity</u>. The members of the class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiffs at the present time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are in excess of one million members of the class located throughout the United States. It would be impracticable to join the class members individually.

100. <u>Existence and predominance of common questions of law</u>. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the many questions of law and fact common to the class are:

    (i) whether emails are communications within the meaning of the CIPA;

    (ii) whether Yahoo intercepts emails "in transit" within the meaning of the CIPA;

    (iii) whether Yahoo used a "machine, instrument or contrivance";

    (iv) whether Yahoo obtained consent from non-Yahoo Mail users or was otherwise "authorized" to intercept the emails;

    (v) whether Yahoo intercepted emails "in transit" within the meaning of the Wiretap Act;

    (vi) whether the equipment Yahoo uses to intercept and scan its users' email is a "facility" within the meaning of the SCA;

  (vii) whether Yahoo scans the content of email while in "storage" as defined in the SCA;

  (viii) whether the unlawful interception and scanning of non-Yahoo Mail users' email, storage of the content of the emails, and distribution of the content to third-parties is an egregious breach of social norms under California law;

  (ix) whether Yahoo intercepted "content"; and

  (x) whether Yahoo acted "willfully."

101. <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the members of the class.  Plaintiffs and all members of the class have been harmed by Yahoo's unlawful activities alleged herein and are entitled to identical statutory damages.

102. <u>Adequacy</u>.  Plaintiffs will adequately represent the proposed class members. They have retained counsel competent and experienced in class actions and internet privacy litigation and intend to pursue this action vigorously. Plaintiffs have no interests contrary to or in conflict with the interests of class members.

103. <u>Superiority</u>.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

104. In the alternative, the class may be certified under Rule 23(b)(1), 23(b)(2) or 23(c)(4) because:

  (i) The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Yahoo;

  (ii) The prosecution of separate actions by individual class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other

1 class members not parties to the adjudications, or would substantially impair or impede their ability
2 to protect their interests;
3    (iii) Yahoo has acted or refused to act on grounds generally applicable to the
4 class, thereby making appropriate final injunctive relief with respect to the members of the class as
5 a whole; and
6    (iv) The claims of class members are comprised of common issues that are
7 appropriate for certification under Rule 23(c)(4).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiffs as representatives of the class, and appointing Plaintiffs' counsel as class counsel;

(b) That the Court enter judgment against Yahoo for the causes of action alleged against it;

(c) That Plaintiffs be awarded statutory damages as provided by California and federal law, plus interest, as well as litigation costs reasonably incurred and attorneys' fees;

(d) That the Court order the disgorgement of all revenues unjustly earned by Yahoo for selling or otherwise trading on the content of emails Yahoo improperly intercepted and scanned;

(e) That the Court award appropriate injunctive relief, including requiring Yahoo to cease intercepting emails from non-Yahoo users and scanning and storing their contents, and permanently delete all data it has collected and stored from non-users' email; and

(f) That the Court enter a declaratory judgment that the conduct complained of in this Complaint is unlawful and violates the ECPA, the CIPA, and the constitutional right to privacy.

## VIII. JURY DEMAND

Plaintiffs, individually and for the Class they seek to represent, demand trial by jury on each and every triable issue.

DATED: February 12, 2014

| **GIRARD GIBBS LLP** | **KAPLAN FOX & KILSHEIMER LLP** |
|---|---|
| */s/ Daniel C. Girard* | */s/ Laurence D. King* |
| Daniel C. Girard (SBN 114826) | Laurence D. King (SBN 206423) |
| Matthew B. George (SBN 239322) | 350 Sansome Street, Suite 400 |
| Heidi H. Kalscheur (SBN 287993) | San Francisco, CA 94104 |
| 601 California Street, 14th Floor | Telephone: (415) 772-4700 |
| San Francisco, CA 94104 | Facsimile: (415) 772-4707 |
| Telephone: (415) 981-4800 | *lking@kaplanfox.com* |
| Facsimile: (415) 981-4846 | |
| *dcg@girardgibbs.com* | and |
| *mbg@girardgibbs.com* | |
| | Frederic S. Fox (admitted *pro hac vice*) |
| *Co-Lead Interim Class Counsel* | David A. Straite (admitted *pro hac vice*) |
| | 850 Third Ave., 14th Floor |
| | New York, NY 10022 |
| | Telephone: (212) 687-1980 |
| | Facsimile: (212) 687-7714 |
| | *dstraite@kaplanfox.com* |
| | |
| | *Co-Lead Interim Class Counsel* |

19

CONSOLIDATED CLASS ACTION COMPLAINT