1  REBEKAH KAUFMAN (CA SBN 213222)
   RKaufman@mofo.com
2  ROBERT PETRAGLIA (CA SBN 264849)
   RPetraglia@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  MARC J. ZWILLINGER (*pro hac vice*)
   Marc@zwillgen.com
7  JACOB SOMMER (*pro hac vice*)
   Jake@zwillgen.com
8  ZWILLGEN PPLC
   1705 N. Street, NW
9  Washington, D.C. 20036
   Telephone: 202.706.5202
10 Facsimile: 202.706.5298

11 Attorneys for Defendant
   YAHOO! INC.
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

| | |
|---|---|
| 17 | Case No.   5:13-CV-10-4980 LHK |
| 18  IN RE YAHOO MAIL LITIGATION | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT** |
| 19 | **YAHOO! INC.'S MOTION TO DISMISS COMPLAINT** |
| 20 | |
| 21 | **HEARING:** |
| 22 | Date:   August 7, 2013<br>Time:   1:20 p.m. |
| 23 | Place:  Courtroom 8<br>Judge:  The Honorable Lucy H. Koh |

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE ISO YAHOO'S MOTION TO DISMISS
CASE NO. 5:13-CV 10-4980 LHK
sf-3387973

Pursuant to Federal Rule of Evidence 201, Yahoo! Inc. ("Yahoo") respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (the "Complaint"):

- **Exhibit A:** Transcript of Proceedings in *In Re: Google Inc. Gmail Litigation*, Case No. 13-md-02430 LHK, (N.D. Cal), September 5, 2013.
- **Exhibit B:** Senate Report No. 99-541 (1986).

## I.   LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider any matter that is subject to judicial notice. *MGIC Indem. Corp .v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute" in that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "On a motion to dismiss, [a court] may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "[C]ourts may take judicial notice of court filings, as they are matters of public record, and 'it is also well established that a federal district court can take judicial notice of its own records." *Baca v. Crown*, No. CV 09-1283-PHX-SRB, 2010 U.S. Dist. LEXIS 81419 at *8 (D. Ariz. July 9, 2010). Further, "[a] trial court may take judicial notice of its own records, even in unrelated cases[.]" *Jared v. Keahey (In re Keahey)*, 414 Fed. Appx. 919, 923 (9th Cir. 2011). Legislative history is also a matter of public record, and properly the subject of judicial notice. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005).

## II.   ARGUMENT

Exhibit A is an excerpt from a transcript of a hearing held before this Court on September 5, 2013 in the *In Re: Google Inc. Gmail Litigation*. The transcript has been publicly filed (*see* Case No. 5:13-md-02430 LHK at ECF 66), and is a part of this Courts' own records; therefore judicial notice is proper under the Federal Rules. *See* Fed. R. Evid. 201(b); *Baca*,

2010 U.S. Dist. LEXIS 81419 at *8. Accordingly, this Court can properly take judicial notice of Exhibit A.

Exhibit B is a Senate Report discussing Congress' intent in passing the Electronic Communications and Privacy Act ("ECPA"). Legislative history is also properly the subject of judicial notice. *Anderson*, 673 F.3d at 1094 n.1; *see also In re Google Inc. St. View Elec. Communs. Litig.*, 794 F. Supp. 2d 1067, 1078 (N.D. Cal. 2011) (taking judicial notice of ECPA's legislative history); *Clark v. Wells Fargo Invs., LLC*, Case No. 10-4916 SC, 2011 U.S. Dist. LEXIS 79975, *10-12 (N.D. Cal. July 22, 2011) (Granting parties requests for judicial notice of, *inter alia*, legislative histories "[b]ecause the documents submitted [were] publicly available and not subject to reasonable dispute.") The Court therefore should also take judicial notice of the Senate Report attached hereto as Exhibit B.

**Conclusion**

Based on the foregoing, Yahoo respectfully requests that this Court take judicial notice of Exhibits A and B, attached hereto.

Dated: March 5, 2014

REBEKAH KAUFMAN
ROBERT TRAVIS PETRAGLIA
MORRISON & FOERSTER LLP

By: */s/ Rebekah Kaufman*
REBEKAH KAUFMAN

Attorneys for Defendant
YAHOO! INC.

Dated: March 5, 2014

ZWILLGEN PLLC

By: */s/ Marc J. Zwillinger*
MARC J. ZWILLINGER

Attorneys for Defendant
YAHOO! INC.

REQUEST FOR JUDICIAL NOTICE ISO YAHOO'S MOTION TO DISMISS
CASE NO. 5:13-CV 10-4980 LHK
sf-3387973

2

**ATTESTATION OF E-FILED SIGNATURE**

I, Rebekah Kaufman, am the ECF User whose ID and password are being used to file this Request for Judicial Notice in Support of Defendant Yahoo! Inc.'s Motion to Dismiss Complaint. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Marc Zwillinger has concurred in this filing.

Dated: March 5, 2014                    /s/ Rebekah Kaufman
                                        Rebekah Kaufman