| | |
|---|---|
| Laurence D. King (CA Bar No. 206423)<br>KAPLAN FOX & KILSHEIMER LLP<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772-4707<br>lking@kaplanfox.com | Daniel C. Girard (CA Bar No. 114826)<br>Matthew B. George (CA Bar No. 239322)<br>GIRARD GIBBS LLP<br>601 California Street, 14th Floor<br>San Francisco, California 94104<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>dcg@girardgibbs.com<br>mbg@girardgibbs.com |

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
ffox@kaplanfox.com
dstraite@kaplanfox.com

*Co-Lead Interim Class Counsel*

Rebekah Kaufman (CA Bar No. 213222)
Robert Petraglia (CA Bar No. 264849)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
RKaufman@mofo.com
RPetraglia@mofo.com

*Attorneys for Defendant YAHOO! INC.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAHOO MAIL LITIGATION | Case No.   5:13-cv-4980 LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 14, 2014<br>Time:   2:00 PM<br>Crtrm:   8<br><br>District Court Judge Lucy H. Koh |

Plaintiffs Eric Holland, Cody Baker, Halima Nobles, Rebecca Abrams, and Brian Pincus ("Plaintiffs") and Defendant Yahoo! Inc. ("Yahoo") (collectively "the Parties") hereby submit their Joint Case Management Conference Statement.

**Case Status**

On January 22, 2014, this Court held an initial case management conference for four related cases pertaining to Yahoo's alleged scanning of non-user emails.  At that time, the Court granted Plaintiffs' stipulation to appoint co-lead interim counsel, and set a schedule for Plaintiffs to file a consolidated complaint as well as a briefing schedule for Yahoo's motion to dismiss.  (ECF No. 31.)  Since that time, Plaintiffs' have filed their consolidated complaint and the parties have completed the briefing on Yahoo's motion to dismiss and begun formal discovery.  The hearing on Yahoo's motion to dismiss is scheduled for August 7, 2014.

**1.     Jurisdiction and Service:**

As alleged in Plaintiffs' complaints, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  There are no issues regarding personal jurisdiction or venue.  No parties remain to be served.

**2.     Facts:**

Plaintiffs' Position:  On or about June 1, 2013, Yahoo migrated all Yahoo! Mail subscribers over to its new email platform.  Yahoo maintains multiple terms of service and privacy policies related to its new Yahoo! Mail services. Yahoo's privacy policy provides, in part:

> *Yahoo provides personally relevant product features, content, and advertising, and spam and malware detection by scanning and analyzing Mail, Messenger, and other communications content.  Some of these features and advertising will be based on our understanding of the content and meaning of your communications.* ***For instance, we scan and analyze email messages to identify key elements of meaning and then categorize this information for immediate and future use.***

(Emphasis added**.**)  Plaintiffs allege that Yahoo's practices of scanning and analyzing of email violates their privacy rights.  Plaintiffs sue on behalf of themselves and proposed classes of non-Yahoo! Mail subscribers and assert claims under California's Invasion of Privacy Act (the "California Wiretap Act" or "CIPA") and under Title I of the Electronic Communications Privacy Act (the federal "Wiretap Act"), 28 USC §§ 2510 *et seq*.

1    Yahoo has made an initial production of documents to Plaintiffs, and will continue to produce documents on a rolling basis.  Plaintiffs are currently reviewing this production, which review may further inform and refine Plaintiffs' view and understanding of Yahoo's practices and other relevant facts.

Yahoo's Position:  The core of Plaintiffs' allegations is that Yahoo intercepts and reads the personal emails of the Plaintiffs and purported class members so that it can place targeted advertisements to Yahoo Mail users.  Yahoo believes that the materials provided to Plaintiffs in discovery regarding its confidential, proprietary technologies and practices for Yahoo Mail undercut Plaintiffs' contention that Yahoo wiretapped or eavesdropped upon them or the proposed class in violation of the CIPA or Wiretap Act.

Anticipated factual issues include whether Plaintiffs ever sent emails to Yahoo subscribers; whether Yahoo ever intercepted and reviewed the content of Plaintiffs' emails to Yahoo subscribers except for spam, malware and abuse; whether Yahoo subscribers consent to the analysis of their emails; whether Plaintiffs reasonably believed that their emails were confidential; what terms and conditions govern Plaintiffs' own email use; and the circumstances surrounding Plaintiffs' preparation and transmission of emails to Yahoo subscribers.

**3.    Legal Issues:**

Plaintiffs identify the following legal issues:  The Plaintiffs may amend their complaint, but as currently structured, there are three primary legal questions:  (1) do Yahoo's practices of scanning and analyzing email violate CIPA; (2) do Yahoo's practices of scanning and analyzing email violate the federal Wiretap Act?; and (3) does Yahoo obtain valid consent to its practices from non-subscribers to its email service who correspond with Yahoo subscribers.

Each of the questions above may involve additional sub-questions of law, including novel questions of statutory interpretation and construction.  Additional procedural issues will be presented at the class certification stage.

Yahoo identifies the following legal issues:  This case raises numerous legal questions including:  (1) whether Yahoo acquired its users' consent through its terms of service to analyze incoming emails (*see* 18 U.S.C. § 2511(2)(d)); (2) whether emails residing on an electronic

service provider's mail servers are in "electronic storage" (*see* 18 U.S.C. § 2511(1)(a); 18 U.S.C. § 2701; *Konop v. Hawaiian Airlines*, 302 F.3d 868, 877 (9th Cir. 2002) ("[T]o be 'intercepted' in violation of the Wiretap Act, [an electronic communication] must be acquired during transmission, not while it is in electronic storage.")); (3) whether Yahoo processes email "in the ordinary course of its business" (*see* 18 U.S.C. § 2510(5)(a)); (4) whether Plaintiffs' CIPA claims against an electronic communications service provider such as Yahoo, for accessing mail stored on its systems, are preempted by the Electronic Communications Privacy Act, including the Stored Communications Act; (5) whether the CIPA applies to email communications; (6) whether the CIPA applies to stored emails; (7) whether Plaintiffs can state a claim for violation of 18 U.S.C. § 2511; (8) whether Plaintiffs can state a claim for violation of Cal. Pen. Code § 631; (9) whether Plaintiffs can state a claim for violation of Cal. Pen. Code § 632; (10) whether Plaintiffs are entitled to relief under Cal. Pen. Code § 637; and (11) whether Plaintiffs can satisfy the requirements of Rule 23.

**4.     Motions:**

On December 18, 2013, the Court granted the Parties' administrative motions to relate five actions to the now-withdrawn *Kevranian* action. (ECF No. 14.)

Subsequent to the filing of competing motions for appointment as interim class counsel, Plaintiffs filed a stipulation and proposed order appointing Girard Gibbs LLP and Kaplan Fox & Kilsheimer LLP as interim class counsel, which was granted by the Court on January 22, 2014. (ECF No. 29.) The Parties also filed a stipulation and proposed order consolidating the related actions, which was also granted by the Court on January 22, 2012. (ECF No. 27.) In accordance with the Court's Order on consolidation, the Plaintiffs filed a Consolidated Class Action Complaint on February 12, 2014. (ECF No. 35.)

Yahoo filed a motion to dismiss the Consolidated Class Action Complaint, and a request for judicial notice in support thereof, on March 5, 2014. (ECF Nos. 37, 38.) Plaintiffs filed their opposition to the motion to dismiss, and a request for judicial notice in support thereof, on March 26, 2014. (ECF Nos. 38, 39.) Yahoo filed its reply on April 7, 2014. (ECF No. 41.) The hearing on the motion is scheduled for August 7, 2014.

Plaintiffs anticipate filing a motion for class certification under Federal Civil Rule 23 and may file a motion for summary judgment under Federal Civil Rule 56 after discovery is taken. Yahoo will also oppose any motion for class certification and may file a motion for summary judgment under Federal Civil Rule 56 should the case continue through the end of discovery.

With respect to the motion for class certification, the Plaintiffs are mindful of this Court's decision in *In re: Google Inc. Gmail Litigation*, 13-MD-2430-LHK (N.D. Cal.) (order denying class certification, Mar. 18, 2014) ("*Gmail*"), and have begun to discuss the anticipated scope of Plaintiffs' motion with Yahoo in light of the Court's *Gmail* decision.

**5.    Amendment of Pleadings:**

As noted above (*see* Section 4, "Motions"), a motion to dismiss is pending. Per the Court's Case Management Order (ECF No. 31), depending on the Court's ruling on the motion to dismiss, the Court has set a deadline of September 18, 2014 for Plaintiffs to file an amended complaint. (ECF No. 31.)

**6.    Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred on January 14, 2013, pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures:**

The Parties confirm that they held a joint Rule 26(f) conference on January 14, 2014 and that initial disclosures were exchanged on January 23, 2014.

**8.    Discovery:**

As directed by the Court, on February 5, 2014, the Parties filed a [Proposed] Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulated Protective Order"). (ECF No. 34.) The Stipulated Protective Order was entered by Magistrate Judge Lloyd, with certain modifications, on February 28, 2014. (ECF No. 36.)

Plaintiffs served Yahoo with their First Request for Production of Documents and ESI on March 7, 2014. After requesting and receiving an extension from Plaintiffs, Yahoo provided its

1  written responses to Plaintiffs' Request on April 30, 2014.  Yahoo also provided its first
2  production of documents on April 30, 2014.  The Parties have agreed that Yahoo will produce
3  documents on a rolling basis subject to the completion of their negotiations regarding appropriate
4  search terms for ESI.  Plaintiffs also provided Yahoo with their proposed Rule 30(b)(6)
5  deposition topics, and the Parties are negotiating the timing and scope of those depositions.
6  Yahoo anticipates serving written discovery on Plaintiffs and taking the depositions of the named
7  Plaintiffs.  The Parties do not believe that any limitations or modifications of the discovery rules
8  are appropriate at this time.

<u>Proposed Discovery Plan under Federal Rule of Civil Procedure 26(f)</u>

10      (A)     The Parties do not believe that any changes should be made in the timing, form, or
11  requirement for disclosures under Rule 26(a) other than the date for exchange noted above.

12      (B)     Plaintiffs believe the appropriate subjects for discovery are: the nature of Yahoo's
13  scanning emails for content; the methods and technologies Yahoo employs in email scanning and
14  analyzing of email content; the internal architecture of Yahoo's email delivery process and the
15  interception points at which emails are scanned for content; databases created or maintained by
16  Yahoo to synthesize and collect consumer information; Yahoo's policies and practices with
17  respect to the collection, sale and marketing of data collected from consumers' email for targeted
18  advertising and other uses; communications and evaluations by Yahoo regarding its policies and
19  practices of email scanning for content (either Yahoo's practice of scanning or the practice of any
20  competitor); Yahoo's alleged business justifications for scanning; and the extent to which
21  Yahoo's practices adhere or diverge from its publicly stated policies.

22      Yahoo believes the appropriate subjects for discovery are: the nature of the emails sent by
23  Plaintiffs to Yahoo subscribers including their content, the circumstances under which these
24  emails were sent, the time frame in which they were sent; when and how Plaintiffs came to
25  believe that Yahoo would review their email; whether Plaintiffs have consented to the review of
26  their emails by their own email service provider; where Plaintiffs' emails were received; what
27  Plaintiffs' mental state was at the time that they sent emails to Yahoo subscribers; and the scope
28  and limitations of Yahoo's scanning of emails sent from non-Yahoo subscribers to Yahoo

subscribers.

    (C)    The Parties have agreed to meet and confer regarding the disclosure of ESI on a continuing basis. The Parties have selected e-discovery liaisons, who will cooperate to ensure that discovery is conducted in an efficient and effective manner. Plaintiffs have selected Matthew George as their liaison and Yahoo has selected Robert Petraglia as its liaison.

    (D)    The Parties believe the provisions of Rule 502 of the Federal Rules of Evidence, and those included in the governing modified Stipulated Protective Order (ECF No. 36), are sufficient with respect to privilege and inadvertent disclosure of privileged documents or information.

    (E)    Yahoo reserves the right to seek modifications to limits on discovery until a reasonable time after a ruling on its motion to dismiss.

    (F)    The Parties submitted a Proposed Stipulated Protective Order on February 5, 2014. (ECF No. 34.) The Court entered a modified version of that Order on February 28, 2014. (ECF No. 36.)

**9.    Class Actions:**

Plaintiffs assert class claims. In the event the Court denies Yahoo's motion to dismiss, the last day for Plaintiffs to file their class certification motion will be September 18, 2014. (ECF No. 31.) Yahoo shall have until October 16, 2014 to file its opposition. (*Id.*) Plaintiffs shall have until November 13, 2014 to file their reply. (*Id.*)

Plaintiffs' Position: This action is brought on behalf of all persons who, through non-Yahoo! Mail accounts, received a message from or sent a message to a Yahoo! Mail user with an @yahoo.com email address, within the past two years. Plaintiffs satisfy the prerequisites for suing as a representative party pursuant to Rule 23.

Plaintiffs meet the requirements of Rule 23(a). First, the proposed class consists of millions of persons, a number far too large to join in a single action. Second, Plaintiffs' and class members' claims raise predominantly common factual and legal questions relating whether to Yahoo!'s email scanning practices violate CIPA and the federal Wiretap Act. Numerous common questions posed by this case include, but are not limited to, whether Yahoo! intercepts,

1  scans and analyzes consumers' email in transit, whether consumers' consented to their emails'
2  interception, whether emails are confidential communications, and whether class members are
3  entitled to monetary or injunctive relief.   Third, Plaintiffs' claims are typical of all class members'
4  claims in that they sent emails to Yahoo subscribers.  Finally, Plaintiffs' interests are aligned with
5  those of the proposed class and they have retained counsel who are experienced in class action
6  litigation.
7       Plaintiffs also satisfy the requirements of Rule 23(b).  Yahoo has acted on grounds
8  generally applicable to the class and all parties and the court will benefit if the legality of Yahoo's
9  practices are decided in a single proceeding, rather than in piecemeal, potentially inconsistent
10 adjudications.  In addition, common questions of law and fact predominate over any questions
11 affecting only individual class members. Further, a class action is superior to individual litigation
12 as class members have little interest in individually controlling the prosecution of separate
13 actions; all of the cases arising out of the practices at issue are concentrated in this Court and
14 adjudication of the claims of class members in a single court will promote efficiency and
15 uniformity; and there are no particular difficulties likely to be encountered in the management of
16 this matter as a class proceeding.
17      In addition and as set forth above, Plaintiffs are familiar with and mindful of this Court's
18 ruling denying class certification in the *Gmail* case, which will inform the scope of Plaintiffs'
19 motion.
20      <u>Yahoo's Position:</u>  Yahoo denies that class certification is appropriate in this case.  The
21 class as pled cannot be certified because there are numerous material issues of fact that are unique
22 to each putative class member.  As a result, Plaintiff cannot show that common factual issues
23 predominate over questions affecting only individual class members. *See, e.g.*, *Murray v. Fin.*
24 *Visions, Inc.*, No. CV-07-2578-PHX-FJM, 2008 U.S. Dist. LEXIS 93419, at *12-15 (D. Ariz.
25 Nov. 6, 2008) (finding class certification inappropriate in a suit brought under ECPA and state
26 privacy laws, because determining whether implied or express consent was present, whether each
27 class member had a reasonable expectation of privacy, and whether each disclosed email was
28 confidential required an individualized inquiry); *In re Google Inc. Gmail Litig.*, No. 13-MD-

1  02430-LHK, 2014 U.S. Dist. LEXIS 36957 at *80 (N.D. Cal. Mar. 18, 2014) (holding that class
2  certification was inappropriate because whether Class members consented to the alleged Google
3  interceptions of email was an "intensely individualized" factual inquiry).  Further, the class as
4  pled is unascertainable.

5  **10.**     **Related Cases:**

6  All known, pending related cases are currently before this Court.

7  **11.**     **Relief:**

8  Plaintiffs' Position:  Plaintiffs are seeking statutory relief for themselves and other class
9  members for violations of Section 631 of CIPA.  Class members are entitled to relief under
10 Section 637.2 of CIPA for a violation of Section 631 as follows:  injunctive relief, declaratory
11 relief, monetary damages per class member of $5,000.00 (or three times actual damages,
12 whichever is greater); and attorney's fees.  Plaintiffs in two of the four Related Actions are also
13 seeking statutory relief for violations of the federal Wiretap Act.  18 USC § 2520 provides relief
14 as follows:  injunctive relief; declaratory, monetary damages per class member of $100 per day
15 per violation up to a maximum of $10,000.00; and attorney's fees.

16 Yahoo's position:  Yahoo denies that this case can be properly maintained as a class
17 action.  Yahoo further denies that Plaintiffs or the purported class is entitled to any relief
18 whatsoever.

19 **12.**     **Settlement and ADR:**

20 The Parties believe it may be too early in the case to determine prospects for settlement.
21 Nevertheless, they continue to have informal discussions regarding potential resolution.  Should
22 informal discussions continue to be productive,  the Parties may request the appointment of a
23 Magistrate Judge of this Court or other neutral to facilitate or oversee such discussions to the
24 extent the Court deems it desirable or appropriate, or otherwise agree to private mediation.The
25 Parties have previously agreed to the ADR plan specified in their ADR stipulations filed on
26 December 20, 2013 (*Nobles* ECF No. 19), January 8, 2013 (*Holland* ECF No. 19), and January 9,
27 2013 (*Abrams* ECF No. 23, *Pincus* ECF No. 23).
28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 13-CV-4980-LHK                                                                                                8
sf-3413944

**13. Consent to Magistrate Judge for All Purposes:**

The Parties do not consent to proceed before a magistrate for all purposes.

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

**15. Narrowing of Issues:**

The Parties may be able to narrow issues as discovery continues, and after the Court rules on Yahoo's motion to dismiss.

**16 Expedited Trial Procedure:**

No party is requesting an expedited schedule at this time.

**17. Scheduling:**

The Court set the following case schedule:

- Last day for Plaintiffs to file class certification motion or for Defendant to file second motion to dismiss: September 18, 2014. Any such motion is set for hearing on December 4, 2014, at 1:30 p.m.
- Opposition filed by: October 16, 2014.
- Reply filed by: November 13, 2014.
- Fact discovery cutoff is May 1, 2015.

**18. Trial:**

All Plaintiffs have demanded trial by jury. The Parties do not at this time know how long a trial might take but will update the Court.

**19. Disclosure of Non-party Interested Entities or Persons:**

Pursuant to Civil Local Rule 3-16, all parties have filed the required "Certification of Interested Entities or Persons." (*See Holland* ECF Nos. 3, 6; *Nobles* ECF Nos. 4, 26; *Pincus* ECF Nos. 3, 12; *Abrams* ECF Nos. 3, 11.) No party has identified an "interested entity or person" or any other kind of interest as required under the Rule.

| | | |
|---|---|---|
| 1 | DATED:  May 7, 2014 | GIRARD GIBBS LLP<br>Daniel C. Girard |
| 2 | | Matthew B. George |
| 3 | | By: /s/ Matthew B. George |
| 4 | | *Co-Lead Interim Class Counsel* |
| 6 | DATED:  May 7, 2014 | KAPLAN FOX & KILSHEIMER LLP<br>Laurence D. King |
| 7 | | Frederic S. Fox (admitted *pro hac vice*)<br>David A. Straite (admitted *pro hac vice*) |
| 8 | | By: /s/ Laurence D. King |
| 9 | | *Co-Lead Interim Class Counsel* |
| 11 | DATED:  May 7, 2014 | MORRISON & FOERSTER  LLP<br>Rebekah Kaufman |
| 12 | | Robert Petraglia |
| 13 | | By: /s/ Rebekah Kaufman |
| 14 | | *Attorneys for Defendant YAHOO! INC.* |

**ECF ATTESTATION**

I, Rebekah Kaufman, am the ECF User whose ID and password are being used to file the following: **JOINT CASE MANAGEMENT STATEMENT**. In compliance with General Order 45, X.B., I hereby attest that Laurence D. King and Matthew B. George have concurred in this filing.

DATED: May 7, 2014                    MORRISON & FOERSTER LLP
                                      REBEKAH KAUFMAN
                                      ROBERT PETRAGLIA


                                      By: /s/ Rebekah Kaufman
                                          REBEKAH KAUFMAN
                                          *Attorneys for Defendant YAHOO! INC.*