EXHIBIT A

1  Daniel C. Girard (SBN 114826)
2  Amanda M. Steiner (SBN 190047)
   Ashley Tveit (SBN 275458)
3  **GIRARD GIBBS LLP**
   601 California Street, 14th Floor
4  San Francisco, CA  94108
   Telephone:  (415) 981-4800
5  Facsimile: (415) 981-4846
6  *dcg@girardgibbs.com*

7  Laurence D. King (SBN 206423)              Frederic S. Fox (admitted *pro hac vice*)
   **KAPLAN FOX & KILSHEIMER LLP**            David A. Straite (admitted *pro hac vice*)
8  350 Sansome Street, Suite 400              **KAPLAN FOX & KILSHEIMER LLP**
   San Francisco, CA 94104                    850 Third Ave., 14th Floor
9  Telephone:  (415) 772-4700                 New York, NY  10022
   Facsimile:  (415) 772-4707                 Telephone:  (212) 687-1980
10                                            Facsimile:   (212) 687-7714
   *lking@kaplanfox.com*                      *dstraite@kaplanfox.com*
11

12 *Co-Lead Interim Class Counsel*

13
                    **UNITED STATES DISTRICT COURT**
14                  **NORTHERN DISTRICT OF CALIFORNIA**
15                        **SAN JOSE DIVISION**

16                                            Consolidated Case No.: 5:13-cv-04980-LHK

17 IN RE: YAHOO MAIL LITIGATION              **PLAINTIFFS' REPLY TO YAHOO'S**
                                             **DECLARATION IN SUPPORT OF**
18                                           **PLAINTIFFS' ADMINISTRATIVE MOTION**
                                             **TO FILE UNDER SEAL (RULE 7-11(b))**
19

20                                           Date:   April 23, 2015
                                             Time: 1:30 p.m.
21                                           Place: Courtroom 8
                                             Judge: The Honorable Lucy H. Koh
22

23

24

25

26

27

28
                                        1
   PLAINTIFFS' REPLY TO YAHOO'S DECLARATION IN SUPPORT OF PLAINTIFFS'
              ADMINISTRATIVE MOTION TO FILE UNDER SEAL
            CONSOLIDATED CASE NO.: 5:13-CV-04980-LHK

## I.     INTRODUCTION

Plaintiffs filed this class action because Yahoo! Inc. intercepts, scans, analyzes and stores email between Yahoo Mail subscribers and non-subscribers without informing non-subscribers about its email practices or obtaining non-subscribers' consent.  At its core, this case focuses on public transparency with regard to Yahoo's email practices, and non-Yahoo Mail subscribers' ability to control the confidentiality of their personal communications.  Yet Yahoo contends that information about its email practices must remain shrouded in secrecy, and seeks to seal most of the documents and the majority of the deposition transcript that plaintiffs filed in support of their motion for class certification.  Many of the documents and deposition excerpts do not contain confidential information and therefore should not be sealed.  In addition, because Yahoo has failed to make the particularized showing that is required to overcome the strong presumption in favor of public access, its request to seal the documents and deposition testimony should be denied.

## II.    PROCEDURAL HISTORY

Plaintiffs filed their motion for class certification on February 5, 2015.  Pursuant to Local Rules 7-11 and 79-5, plaintiffs filed an administrative motion to file under seal certain documents and testimony filed in support of their motion for class certification that Yahoo had designated "Highly Confidential – Attorneys' Eyes Only."  ECF No. 60.  In their motion, plaintiffs took no position on the confidentiality of the documents, but filed them under seal in order to comply with their obligations under the protective order (ECF No. 36) and Local Rule 79-5(d).  Yahoo filed a declaration in support of the motion to seal on February 9 in accordance with Local Rule 79-5(e)(1).  ECF No. 69.  Having reviewed Yahoo's declaration and justifications for sealing the majority of the evidence plaintiffs filed in support of their motion, plaintiffs file this reply to address Yahoo's failure to make a particularized showing in support of sealing the documents and deposition excerpts and to identify specific documents and excerpts that are not confidential and should not be sealed.

## III.   LEGAL STANDARD

Public policy favors public access to court records.  *See Foltz v. State Farm Mutual Automobile Insurance Co*., 331 F.3d 1124, 1134-35 (9th Cir. 2003); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (recognizing "a general right to inspect and copy public records and

documents, including judicial records and documents"). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure." *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *1 (N.D. Cal. Dec. 12, 2012). Because a motion for class certification is treated as a non-dispositive motion by courts in this circuit, the party seeking to seal must demonstrate "good cause." *Id.* (citing *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)); *see also In re High-Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (noting that "the vast majority of other courts within this circuit" apply a "good cause" standard to motions for class certification). The "good cause" standard requires a "particularized showing" that "warrant[s] preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1135). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-Tech*, 2013 WL 163799, at *2 (quoting *Beckman Industries, Inc. v. Int'l Insurance Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

## IV.   ARGUMENT

### A.   Yahoo Has Failed to Make a Particularized Showing That Warrants the Sealing of Any of the Documents and Deposition Testimony Excerpts

Yahoo has failed to make a particularized showing to justify its contention that the documents and deposition excerpts should be sealed. For the vast majority of the documents and deposition excerpts, Yahoo has merely asserted that disclosure "could harm Yahoo by providing competitors with confidential trade secret information regarding how Yahoo processes email that is routed through its systems" and that "[a] competitor might use this information to develop competing email infrastructure or technology." Yahoo provides this same justification (or some slight variation of it) for 217 of the 221 deposition testimony excerpts and all 30 of the documents that Yahoo contends are confidential. In several instances, Yahoo also asserts that the information in the document or deposition excerpt could be "used by spammers or hackers looking to subvert Yahoo's anti-spam and anti-virus protections."

In *Dunbar*, this Court found similarly general explanations to be insufficiently particularized to satisfy the "good cause" standard. *See Dunbar*, 2012 WL 6202719, at *4-6, 7, 8. Google contended that there was good cause to seal portions of the plaintiff's motion for leave to amend because they "include information 'that describes how Google scans for, uses, and stores data in connection with its Gmail system, including of the delivery of personalized advertising.'" *Id.* at *3. Google argued that its processes were proprietary and developed by Google "at substantial cost," and the information could be used by competitors to design their own systems and could allow hackers and spammers to gain "insight into how the Gmail system works." *Id.* The Court held that Google had failed to explain "how this information could be used by a competitor in developing its own process or by a hacker or spammer 'to circumvent Google's spam and virus protections.'" *Id.* at *6.

Yahoo's generic contention that the testimony and documents contain information that can be used by its competitors or by hackers and spammers is insufficiently particularized for the same reason. Yahoo has failed to explain how the information in each document and deposition excerpt could be used by a competitor to develop competing technology, or how it could be used by a hacker or spammer to subvert Yahoo's anti-spam and anti-virus protections. None of the documents or deposition excerpts contain computer source code. And Yahoo has publicly stated in its terms of service that its systems "scan and analyze all incoming and outgoing communications content … to match and serve targeted advertising," Tveit Decl., Ex. 2, so documents and testimony that generally discuss Yahoo's scanning practices and targeted advertising are not trade secrets because they do not contain competitive business information. *See In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Because Yahoo's "[b]road allegations of harm" are "unsubstantiated by specific examples or articulated reasoning," *In re High Tech*, 2013 WL 163799, at *2, Yahoo's request to seal the documents and deposition testimony plaintiffs filed in support of their class certification motion should be denied.

### B.    There Is Not Good Cause to Seal Many of the Documents and Deposition Excerpts

In addition to failing to make a particularized showing for sealing the documents and deposition excerpts, Yahoo seeks to seal a number of documents and deposition excerpts for which there is not good cause to restrict the information from disclosure to the public. Yahoo's over-inclusive approach is consistent with its production of documents in this case. Yahoo designated all or nearly all of its

1   internal documents as "Highly Confidential – Attorneys' Eyes Only," such that, with the exception of

2   documents that are unquestionably publicly available like news articles, virtually all of Yahoo's

3   document production is designated "Highly Confidential – Attorneys' Eyes Only."  Tveit Decl., ¶ 5.

4   Yahoo also designated most of the transcript of the deposition of Amir Doron as "Confidential –

5   Attorney's Eyes Only," with confidentiality designations on all but 17 of the 134 pages of the transcript.

6   *Id.*, Ex. 1.

7        Many of the documents and deposition excerpts that Yahoo contends should be filed under seal

8   are not confidential and should not be sealed because, among other things, they include no confidential

9   information about how Yahoo processes email that could be used by competitors, discuss technology

10  that Yahoo no longer uses, or contain only information that is already publicly available.  Plaintiffs

11  identify and discuss each of these documents and deposition excerpts in the accompanying declaration

12  of Ashley Tveit.  Given the strong presumption in favor of access, and the public interest in Yahoo's

13  interception, scanning, analysis and storage of email sent between Yahoo Mail subscribers and non-

14  subscribers, these documents and deposition excerpts should remain unsealed.

15  **V.    CONCLUSION**

16       Because Yahoo has failed to make a particularized showing of good cause, the Court should

17  deny the sealing motion.

18

19  Dated: February 13, 2015                              Respectfully Submitted,

20

21                                                        By:   */s/ Daniel C. Girard*

22                                                        Daniel C. Girard (SBN 114826)
                                                          Amanda M. Steiner (SBN 190047)
23                                                        Ashley Tveit (SBN 275458)
                                                          **GIRARD GIBBS LLP**
24                                                        601 California Street, 14th Floor
                                                          San Francisco, CA  94108
25                                                        Telephone:  (415) 981-4800
                                                          Facsimile: (415) 981-4846
26                                                        *dcg@girardgibbs.com*

27

28

PLAINTIFFS' REPLY TO YAHOO'S DECLARATION IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CONSOLIDATED CASE NO.: 5:13-CV-04980-LHK

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Interim Class Counsel*

PLAINTIFFS' REPLY TO YAHOO'S DECLARATION IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CONSOLIDATED CASE NO.: 5:13-CV-04980-LHK