1  REBEKAH KAUFMAN (CA Bar No. 213222)
   ROBERT PETRAGLIA (CA Bar No. 264849)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, CA 94105
   Telephone: (415) 268-7000
4  Facsimile:  (415) 268-7522
   RKaufman@mofo.com
5  RPetraglia@mofo.com

6  MARC J. ZWILLINGER (*pro hac vice*)
   JACOB SOMMER (*pro hac vice*)
7  ZWILLGEN PPLC
   1705 N. Street, NW
8  Washington, D.C. 20036
   Telephone: (202) 706-5202
9  Facsimile: (202) 706-5298
   Marc@zwillgen.com
10 Jake@zwillgen.com

11 *Attorneys for Defendant YAHOO! INC.*

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

| 16 | IN RE YAHOO MAIL LITIGATION | Case No.   5:13-cv-4980 LHK |
|---|---|---|
| 17 | | **OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY TO YAHOO'S DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (RULE 7-11(b))** |
| 21 | | Judge:  Hon. Lucy H. Koh |

Plaintiffs have filed an Administrative Motion for Leave to File a Reply to Yahoo! Inc.'s (Yahoo) Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal ("Mot. for Leave"). (*See* ECF No. 71.) Plaintiffs' request is procedurally improper because the Local Rules do not permit the filing of a reply brief in support of Administrative Motions to File Under Seal. Moreover, the Protective Order entered in this case provides a procedure by which the parties must attempt to resolve disputes about confidentiality designations through a meet and confer process. At no point prior to filing their Administrative Motion for Leave to File a Reply have Plaintiffs raised any issues with respect to Yahoo's confidentiality designations. For these reasons, Yahoo respectfully requests that Plaintiffs' motion be denied so that the parties have an opportunity to meet and confer regarding the designations without burdening the Court with potentially unnecessary "disputed" motion practice. In the event that the Court grants Plaintiffs leave to file a reply, Yahoo respectfully requests leave to file a sur-reply because it will otherwise have been denied the opportunity to brief the appropriateness of its confidentiality designations

**Plaintiffs' Motion is Procedurally Improper**

The Local Rules do not provide for a reply to a declaration in support of an Administrative Motion to File Under Seal. *See* Civil L.R. 79-5(e); Civil L.R. 7-11; *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-md-02015-JF (PSG), 2013 U.S. Dist. LEXIS 105295 at *20 (N.D. Cal. July 2, 2013) ("Rule 7-11 provides that a motion for administrative relief is deemed submitted on the day after the opposition is due; the rule does not make provision for the filing of a reply, sur-reply, or response to sur-reply."). Plaintiffs concede as much in their Motion. (Mot. for Leave at 1:11.) Under Local Rule 7-11(c), Plaintiffs' Motion was deemed submitted as of February 10, 2015. Civil L.R. 7-11(c). Plaintiffs' Motion for Leave should accordingly be denied.

**Plaintiffs' Motion for Leave to File a Reply Contravenes The Protective Order**

Plaintiffs are attempting to argue via their proposed reply brief that most of the material they submitted with their motion for class certification, which Yahoo designated as confidential, should not be filed under seal. The proper procedure would have been to address any concerns about Yahoo's confidentiality designations in accordance with the Protective Order in this Case

before filing their Administrative Motion to Seal to provide Yahoo with an opportunity to explain the basis for its designations and to respond to any concerns raised by Plaintiffs regarding those designations. This Court entered a Protective Order on February 28, 2014 (ECF No. 36) that permits each party to designate materials as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL." Materials with these designations are deemed "protected materials," and may not be filed in the public record without either the consent of the designating party or a previously acquired Court Order. (Protective Order, ECF No. 36 at ¶ 14.) If Plaintiffs did not believe that Yahoo's "protected materials" should be filed under seal, then they were required to follow a procedure for challenging Yahoo's designations. (Protective Order, ECF No. 36 at ¶¶ 7.1-7.3) That procedure requires the parties to meet and confer regarding confidentiality designations, and if that fails to then seek judicial intervention in accordance with Judge Lloyd's Standing Order re Civil Discovery Disputes. (*Id.*) Plaintiffs could have, and should have, challenged any confidentiality designations they did not agree with prior to filing their Administrative Motion to File Under Seal.[1] Unless Yahoo's confidentiality designations are changed—either through a meet and confer process, or after following Judge Lloyd's procedures for discovery disputes (*see* Protective Order, ECF No. 36 ¶¶ 7.2-7.3)—Plaintiffs must request that they be filed under seal in accordance with Local Rule 79-5(e). By seeking to oppose their own 79-5(e) motion, Plaintiffs are failing to comply with the process set forth in the Protective Order—a process that would have enabled the parties to discuss the basis for Yahoo's designations, Plaintiffs' objections thereto, and whether there ultimately were disputes about such designations *before* putting the issue before the Court through "disputed" motion practice as Plaintiffs attempt here.

In the alternative, should the Court grant Plaintiffs leave to file a reply, Yahoo seeks leave to file a sur-reply in response so that it will have an equal opportunity to be heard by the Court.

---

[1] Plaintiffs state in their brief that a reply brief is the "only practicable method for Plaintiffs to respond to the reasons for sealing that Yahoo provided in its declaration." That is not true. They had ample opportunity to challenge Yahoo's designations, and both parties would have had an opportunity to make their case to each other, and if necessary, to the Court. (*See* Protective Order, ECF No. 36 ¶¶ 7.1-7.3; J. Lloyd's Standing Orders re Civil Discovery Disputes.)

(*See* Exhibit A hereto.)  Plaintiffs have stated that they do not oppose the filing of a sur-reply. (Declaration of Robert Petraglia in Support of Yahoo's Opposition to Plaintiffs' Motion for Leave to File a Reply to Yahoo's Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal at ¶ 5.)

**Conclusion**

For the reasons stated herein, Yahoo respectfully requests that Plaintiffs' Administrative Motion for Leave to File Reply to Yahoo's Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal be denied.  Yahoo requests that the parties be directed to follow the meet and confer procedures in the Court's February 28, 2014 Protective Order and report the results to the Court prior to a ruling on Plaintiffs Administrative Motion to File Under Seal.  In the alternative, Yahoo seeks leave to file a sur-reply in response so that it will have an equal opportunity to be heard by the Court.

Dated:  February 17, 2015

**MORRISON & FOERSTER LLP**
REBEKAH KAUFMAN
ROBERT PETRAGLIA

**ZWILLGEN PLLC**
MARC ZWILLINGER
JACOB SOMMER

By: /s/ Robert Petraglia
    Robert Petraglia

*Attorneys for Defendant*
*YAHOO! INC.*