1    REBEKAH KAUFMAN (CA Bar No. 213222)
     ROBERT PETRAGLIA (CA Bar No. 264849)
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, CA 94105
     Telephone: (415) 268-7000
4    Facsimile:  (415) 268-7522
     RKaufman@mofo.com
5    RPetraglia@mofo.com

6    MARC J. ZWILLINGER (*pro hac vice*)
     JACOB SOMMER (*pro hac vice*)
7    ZWILLGEN PPLC
     1705 N. Street, NW
8    Washington, D.C. 20036
     Telephone: (202) 706-5202
9    Facsimile: (202) 706-5298
     Marc@zwillgen.com
10   Jake@zwillgen.com

11   *Attorneys for Defendant YAHOO! INC.*

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16   IN RE YAHOO MAIL LITIGATION          Case No.   5:13-cv-4980 LHK

17                                        **YAHOO! INC.'S SUR-REPLY TO
                                          PLAINTIFFS' REPLY TO YAHOO'S**
18                                        **DECLARATION IN SUPPORT OF
                                          PLAINTIFFS' ADMINISTRATIVE**
19                                        **MOTION TO FILE UNDER SEAL
                                          (L.R. 7-11)**
20

21

22

23

24

25

26

27

28

YAHOO INC.S' SUR-REPLY TO PLTFFS.' REPLY TO DECL. ISO PLTFFS' ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 5:13-CV-4980 LHK
sf-3505124

## I.      INTRODUCTION

Plaintiffs have filed this putative class action alleging that Yahoo scans emails to and from non-Yahoo subscribers without their consent.  In their "reply" to their Administrative Motion to Seal, Plaintiffs seek to make public confidential information about the specific technology and processes used by Yahoo to provide email.  Though Plaintiffs contend that their case focuses on "public transparency" with regard to Yahoo's email practices, the underlying technology and operations of Yahoo mail has no bearing on that issue.  Indeed, when this Court previously determined that Yahoo's disclosure in its Additional Terms of Service for Yahoo Mail that Yahoo's automated systems scan and analyze all incoming and outgoing communications content is sufficient for Yahoo to obtain consent from its users, the Court did not find that disclosure regarding the specific technology and processes used by Yahoo to scan and analyze email was a consideration in obtaining that consent.  (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 49).)

Although Yahoo discloses that its automated systems scan and analyze incoming and outgoing communications content for spam and malware detection and abuse protection, the mechanics of how Yahoo performs those processes are sensitive for security and competitive reasons.  The technology, techniques and processes that Yahoo uses, and the sequence in which it applies the technology, techniques and processes, has been developed by Yahoo engineers at substantial cost to Yahoo over the years and is information that Yahoo does not disclose publicly in order to protect this information from competitors who could simply copy Yahoo's techniques and processes, thereby depriving Yahoo of a competitive advantage it has developed through its own innovation.  Those techniques and processes are also important for security reasons.  Security is an important feature of Yahoo's email services.  Email accounts can be targeted by spam, viruses and hacking.  It is therefore important that Yahoo's techniques and processes, and their sequencing, related to spam and malware detection and abuse protection not be disclosed publicly in order to provide security measures against hackers and other outside threats.  Yahoo has demonstrated that the documents and information set forth in its Proposed Order should be sealed and respectfully requests that the Court seal those documents.

## II.    LEGAL STANDARD

Courts historically recognize the public's "general right to inspect and copy public records and documents, including judicial records and documents," which is "premised on the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Accenture LLP v. Sidhu*, No. C10-2977 TEH, 2011 U.S. Dist. LEXIS 140093, at *3 (N.D. Cal. Dec. 6, 2011) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).  To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir 2006).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records . . . [that is] 'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'" *In re Midland Nat'l Life Ins. Co. Annuity Sales Practice Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam).  In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action").  Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972))  In addition, the Supreme Court has recognized that sealing may be

1  justified to prevent judicial documents from being used "as sources of business information that

2  might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

3  　　　"The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a

4  motion for class certification is a dispositive motion for purposes of deciding what standard

5  applies on sealing motions[,] and . . . courts in this district have reached different conclusions."

6  *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 U.S. Dist. LEXIS 51162,

7  at *5(N.D. Cal. Apr. 9, 2013).  The vast majority of other courts within this Circuit have applied

8  the "good cause" standard to class certification motions.  *See In re High-Tech Emp. Antitrust*

9  *Litig.*, No. 11-CV-02509-LHK, 2013 U.S. Dist. LEXIS 143506, at *7 n.1 (N.D. Cal. Sept. 30,

10  2013).  The precise standard is less important in a case like this, however, where the material in

11  question would be sealable under either the "good cause" or "compelling reasons" standard

12  "because disclosure would release a trade secret or result in use for an improper purpose." *See In*

13  *re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 U.S. Dist. LEXIS 136420 at *18

14  (N.D. Cal. Aug. 6, 2014).

15  **III.    DISCUSSION**

16  　　　Yahoo's confidential materials should be filed under seal in this case for the same reasons

17  this Court sealed the confidential information in the *In re Gmail Litigation* that preceded it.  This

18  Court sealed Google's confidential information when *inter alia* it "'relate[d] to specific

19  descriptions of how Gmail operates,' the disclosure of which 'which could cause competitive

20  harm to Google' or to 'how users' interactions with the Gmail system affects how messages are

21  transmitted,' the disclosure of which 'could lead to a breach in the security of the Gmail system.'"

22  *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420 at *17-18.  The Court found that

23  such material would be sealable even under the compelling reasons standard.

24  　　　Likewise, Yahoo has demonstrated that "[t]he technology, techniques and processes that

25  Yahoo uses, and the sequence in which it applies the technology, techniques and processes . . .  is

26  information that Yahoo does not disclose publicly in order to protect this information from

27  competitors who could simply copy Yahoo's techniques and processes[.]"  (Declaration in

28  Support of Plaintiffs' Administrative Motion to File Portions of the Record of Plaintiffs' Motion

1   for Class Certification Under Seal "Tepstein Decl." (ECF No. 69 at ¶ 3).)  Yahoo has also

2   explained that "[e]mail accounts can be targeted by spam, viruses and hacking.  It is therefore

3   important that Yahoo's techniques and processes and their sequencing related to spam and

4   malware detection and abuse protection not be disclosed publicly in order to provide security

5   measures against hackers and other outside threats."  (*Id.*)  Yahoo has also identified each piece

6   of confidential information submitted with Plaintiffs brief, and explained the specific harm that

7   would come from its disclosure—whether that be disclosure of trade secrets, risk of security

8   threats, or both.  (Tepstein Decl. at ¶¶ 4-36; Supplemental Declaration of Dan Tepstein in Support

9   of Plaintiffs' Administrative Motion to File Portions of the Record of Plaintiffs' Motion for Class

10  Certification Under Seal "Supplemental Tepstein Decl." at ¶¶ 3-6.)  This is sufficient to meet the

11  standards for filing under seal.  *See In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS

12  136420; *see also generally Elec. Arts, Inc. v. United States District Court (In re Elec. Arts, Inc.)*,

13  298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (holding that the district court erred as a matter of

14  law by concluding that a party failed to meet the "compelling reasons" standard for sealing a

15  licensing agreement because the agreement contained information that plainly falls within the

16  definition of trade secrets; *i.e.*, "information which is used in one's business, and which gives him

17  an opportunity to obtain an advantage over competitors who do not know or use it.").  Further, in

18  an effort to minimize disputes, Yahoo has attached hereto an Exhibit A which explains which of

19  the contested materials Yahoo contends should be filed under seal and responds to the specific

20  arguments raised in the Declaration of Ashley Tveit in Support of Plaintiffs' Reply to Yahoo's

21  Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal (ECF No. 72-2).

22          Plaintiffs contend that Yahoo has not met its burden because its explanations for why

23  information should be filed under seal are "generic."  Yahoo's explanations of the harms that

24  would come from disclosure are similar for many documents because the documents largely

25  pertain to the same subject matter:  how Yahoo routes email through its system and protects its

26  users from spam and viruses, and the technology supporting valuable product features that Yahoo

27  has developed to improve and distinguish its email service—including technology that is still

28  under development.  (See Tepstein Decl. (ECF No. 69); Supplemental Tepstein Decl.)

1         Plaintiffs also contend that these documents should not be sealed because Yahoo publicly

2    discloses that it "scans and analyzes all incoming and outgoing communications content . . . to

3    match and serve targeted advertising." (Reply at 4:17-18 (ECF No. 72-1).)  There is a

4    tremendous difference, however, between disclosing that Yahoo scans email for a variety of

5    purposes, and explaining the technology and processes behind *how* Yahoo routes and scans email.

6    The former is indisputably public knowledge.  The latter is highly confidential, and could be

7    exploited by competitors as well as hackers and spammers. *See In re Google Inc. Gmail Litig.*,

8    2014 U.S. Dist. LEXIS 136420 at *13.

9                                 **CONCLUSION**

10        For the foregoing reasons, Yahoo respectfully requests that the information identified in

11   Yahoo's Proposed Order be filed under seal.

12        Alternatively, Yahoo respectfully requests that, if the Court denies sealing of any of the

13   materials that are the subject of this motion, the Court stay entry of its order to allow Yahoo to

14   seek relief either through appeal or other motion.

15

16   Dated:  February 17, 2015                **MORRISON & FOERSTER  LLP**
                                         REBEKAH KAUFMAN

17                                          ROBERT PETRAGLIA

18                                    **ZWILLGEN PLLC**
                                       MARC ZWILLINGER

19                                          JACOB SOMMER

20

21

22                                 By:/s/ Robert Petraglia
                                       Robert Petraglia

23                                   *Attorneys for Defendant*

24                                 *YAHOO! INC.*

25

26

27

28