EXHIBIT 7

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4   _____
                                   )
 5   BRIAN PINCUS, on behalf of    )
     himself and others similarly  )
 6   situated,                     )
                                   )
 7            Plaintiffs,          )
         vs.                       ) Case No. 13-cv-5326
 8                                 )
     YAHOO! Inc., a Delaware       )
 9   corporation,                  )
                                   )
10            Defendants.          )
     _____)
11
12
13            DEPOSITION OF CODY BAKER
14              San Francisco, California
15             Monday, February 16, 2015
16                    Volume I
17        CONFIDENTIAL - ATTORNEYS' EYES ONLY
18            PENDING REVIEW PURSUANT TO
19                 PROTECTIVE ORDER
20
21   Reported by:
     JOANNA BROADWELL
22   CSR No. 10959
23   Job No. 2009874
24
25   PAGES 1 - 103
```

Page 1

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                      SAN JOSE DIVISION
 4   _____
                                    )
 5   BRIAN PINCUS, on behalf of     )
     himself and others similarly   )
 6   situated,                      )
                                    )
 7            Plaintiffs,           )
           vs.                      ) Case No. 13-cv-5326
 8                                  )
     YAHOO! Inc., a Delaware        )
 9   corporation,                   )
                                    )
10            Defendants.           )
     _____)
11
12
13
14           Deposition of CODY BAKER,
15   Volume I, taken on behalf of Defendants, at 425  Market
16   Street, San Francisco, California,
17   beginning at 9:30 a.m. and ending
18   at 12:42 p.m. on Monday, February 16, 2015,
19   before JOANNA BROADWELL, Certified Shorthand
20   Reporter No. 10959.
21
22
23
24
25
```

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1   APPEARANCES:
 2
 3   For Plaintiffs:
 4      GIRARD GIBBS
 5      BY: ADAM E. POLK
 6           ASHLEY TVEIT
 7      Attorneys at Law
 8      601 California Street, 14th Floor
 9      San Francisco, California  94108
10      (415) 981-4800
11      aep@girardgibbs.com
12
13   For Defendants:
14      MORRISON FOERSTER
15      BY: REBEKAH E. KAUFMAN
16      Attorney at Law
17      425 Market Street
18      San Francisco, California  94105-2482
19      (415) 268-7522
20      rkaufman@mofo.com
21
22
23
24
25
```

Page 3

CONFIDENTIAL - ATTORNEYS EYES ONLY

1    Q   Did you complete grad school?
2    A   Yes.
3    Q   What's your degree?
4    A   Master's of fine arts and film.
5    Q   Where did you go to undergrad?
6    A   University of Minnesota.
7    Q   What did you study?
8    A   Sociology.
9    Q   Have you done any other type of post-grad
10   education?
11   A   No.
12   Q   When did you first hear that Yahoo! scans
13   e-mails?
14   A   October 2013.
15   Q   Who did you hear that from?
16   A   From my attorney.
17   Q   Would that be Matthew George?
18   A   Yes.
19   Q   When did Matthew George first become your
20   attorney?
21       MR. POLK:  Objection, that calls for a legal
22   conclusion.  Calls for speculation.
23       THE DEPONENT:  I don't recall exactly.
24   BY MS. KAUFMAN:
25   Q   Was it October 2013 or before?

Page 22

CONFIDENTIAL - ATTORNEYS EYES ONLY

1    A    I don't recall exactly.
2    Q    When did you first meet Matthew George?
3    A    August, July, August, 2013.
4    Q    Did you meet him first socially or as an
5    attorney?
6    A    As an attorney.
7    Q    How did you meet him?
8    A    We spoke on the phone.
9    Q    Did you call him?  Did he call you?
10   A    I originally called him.
11   Q    Was that in response to some type of
12   advertisement you had seen?
13   A    I don't recall exactly.
14   Q    How did you find out about Matt George's name?
15   A    I think there may have been something that popped
16   up, I think in, like, in regard to data collection.  It
17   may have been an advertisement.  I don't recall.
18   Q    When you say popped up, that suggests to me
19   something popping up on the Internet.  Was that what you
20   were implying?
21        MR. POLK:  Objection.  Misstates testimony.
22        THE DEPONENT:  Like I said, it may have been in
23   an advertisement.  I don't recall exactly.
24   BY MS. KAUFMAN:
25   Q    So sitting here today, you don't recall why you

Page 23

CONFIDENTIAL - ATTORNEYS EYES ONLY

1   first called Matt George?

2   A   I don't -- I don't recall exactly how I learned

3   about the -- about the case.

4   Q   Okay.  When you say exactly, that suggests to me

5   that you have some recollection.  Is that true?

6   A   I -- possibly I saw something.  I don't know --

7   what I am saying is I don't know if it was on line.

8   Maybe I saw something on a newspaper.  Maybe it was on

9   line.  I don't recall.

10   Q   Do you recall seeing something somewhere?

11   A   Yes.

12   Q   What was that?

13   A   It was -- it was some sort of ad or query for the

14   data issue.

15   Q   What was your reaction when you first learned

16   that Yahoo! may scan e-mails?

17        MR. POLK:  Objection, misstates testimony.  And I

18   am going to caution you not to answer to the extent any

19   of your answer infringes on the attorney-client

20   privilege.  Anything that you discussed or learned from

21   that or anyone else at our office you are not to discuss

22   that here.

23        THE DEPONENT:  Okay.

24   BY MS. KAUFMAN:

25   Q   There is a question pending.

Page 24

CONFIDENTIAL - ATTORNEYS EYES ONLY

1     I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby
3  certify:
4       That the foregoing proceedings were taken
5  before me at the time and place herein set forth;
6  that any witnesses in the foregoing proceedings,
7  prior to testifying, were administered an oath; that
8  a record of the proceedings was made by me using
9  machine shorthand which was thereafter transcribed
10 under my direction; that the foregoing transcript is
11 a true record of the testimony given.
12      Further, that if the foregoing pertains to
13 the original transcript of a deposition in a Federal
14 Case, before completion of the proceedings, review
15 of the transcript [ ] was [ ] was not requested.
16      I further certify I am neither financially
17 interested in the action nor a relative or employee
18 of any attorney or any party to this action.
19      IN WITNESS WHEREOF, I have this date
20 subscribed my name.
21
22 Dated:2/23/15
23                    _____
24            JOANNA BROADWELL
25            CSR No. 10959

Page 105