UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO MAIL LITIGATION | Case No. 13-cv-04980-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 113 |

Before the Court is Defendant's renewed administrative motion to seal, ECF No. 113. The Court denied without prejudice portions of Defendant's prior sealing motion filed in connection with Plaintiffs' motion for class certification. *See* ECF No. 108.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that

outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In general, motions for class certification are considered nondispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate 'good cause' in order to support their requests to seal."). The Court therefore applies the "good cause" standard to the parties' requests.

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

Below, the Court applies the "good cause" standard to Defendant's request to seal documents filed in connection with Plaintiffs' motion for class certification. With this standard in mind, the Court rules on the instant motion as follows:

3
Case No.13-CV-04980-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 16 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 20 | DENIED as to the first two paragraphs of the email sent by Amir Doron on 9/21/2011 at 11:22 a.m., with the exception of the technology name in the second and fourth sentences.<br><br>Otherwise GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 32 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 33 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 34 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 35 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Declaration of Daniel C. Girard, Ex. 37 | GRANTED as to the proposed redactions. |
| 113 | Good Cause | Shue Deposition Transcript | GRANTED as to the following proposed redactions:<br>• 70:12-13<br>• 76:2-16<br>• 112:6<br>• 164:15-18<br>• 172:21-22<br>• 175:5-7<br>• 178:16 (technology name only), 24 (same)<br>Otherwise DENIED with prejudice. |
| 113 | Good cause | Day Deposition Transcript | GRANTED as to the proposed redactions. |

**IT IS SO ORDERED.**

Dated: June 8, 2015

_____
LUCY H. KOH
United States District Judge