Laurence D. King (CA Bar No. 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*ffox@kaplanfox.com*
*dstraite@kaplanfox.com*

Daniel C. Girard (CA Bar No. 114826)
Amanda Steiner (CA Bar No. 190047)
Ashley Tveit (CA Bar No. 275458)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*
*as@girardgibbs.com*
*at@girardgibbs.com*

*Co-Lead Class Counsel*

Rebekah Kaufman (CA Bar No. 213222)
Robert Petraglia (CA Bar No. 264849)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
*RKaufman@mofo.com*
*RPetraglia@mofo.com*

Marc J. Zwillinger (*pro hac vice*)
Jacob Sommer (*pro hac vice*)
**ZWILLGEN PLLC**
1705 N. Street, NW
Washington, D.C. 20036
Telephone: (202) 706-5202
Facsimile: (202) 706-5298
*Marc@zwillgen.com*
*Jake@zwillgen.com*

*Attorneys for Defendant YAHOO! INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAHOO MAIL LITIGATION | Case No. 5:13-cv-4980 LHK<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 10, 2015<br>Time: 2:00 P.M.<br>Crtrm: 8<br><br>District Court Judge Lucy H. Koh |

Plaintiffs Cody Baker, Halima Nobles, Rebecca Abrams, and Brian Pincus ("Plaintiffs") and Defendant Yahoo! Inc. ("Yahoo") (collectively "the Parties") submit their Supplemental Joint Case Management Conference Statement in advance of the December 10, 2015 Case Management Conference, supplementing the prior joint statement dated September 9, 2015 (ECF No. 128).

**Case Status**

Since the Parties' last Joint Case Management Statement, the following has occurred.

The Parties filed cross-motions for summary judgment, and cross-motions to exclude expert testimony. In connection with both motions, the Parties filed motions to file portions of the record under seal and plaintiffs filed two requests for judicial notice. These motions are all fully briefed and set for hearing on December 10, 2015.

The Parties conducted a mediation with Cathy Yanni of JAMS on November 4, 2015. The Parties did not resolve the case, but continue to actively discuss settlement with the assistance of the mediator.

Trial is scheduled to begin on February 8, 2016. The Court has scheduled a pretrial conference on January 28, 2016.

**1. Jurisdiction and Service:**

The Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367(a). There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

**2. Facts:**

Each Party's view of the facts is summarized in detail in the cross-motions for summary judgment.

**3. Legal Issues:**

Plaintiffs assert claims under the California Invasion of Privacy Act, Cal. Penal Code §§ 631 and 637, and the Stored Communications Act, 18 U.SC. § 2702(a)(1). The legal issues associated with these claims are set forth in the cross-motions for summary judgment.

**4.     Motions:**

    A.     Decided Motions

On December 18, 2013, the Court granted the Parties' administrative motions to relate five actions to the now-withdrawn *Kevranian* action. (ECF No. 14.)

Subsequent to the filing of competing motions for appointment as interim class counsel, Plaintiffs filed a stipulation and proposed order appointing Girard Gibbs LLP and Kaplan Fox & Kilsheimer LLP as interim class counsel, which was granted by the Court on January 22, 2014. (ECF No. 29.) The Parties also filed a stipulation and proposed order consolidating the related actions, which was also granted by the Court on January 22, 2014. (ECF No. 27.) In accordance with the Court's Order on consolidation, the Plaintiffs filed the Class Action Complaint on February 12, 2014. (ECF No. 35.)

Yahoo filed a motion to dismiss the CAC, and a request for judicial notice in support thereof, on March 5, 2014. (ECF Nos. 37, 38.) Plaintiffs filed their opposition to the motion to dismiss, and a request for judicial notice in support thereof, on March 26, 2014. (ECF Nos. 38, 39.) Yahoo filed its reply on April 7, 2014. (ECF No. 41.) The Court ruled on the motion without oral argument on August 12, 2014, and gave Plaintiffs until 21 days thereafter to file an amended complaint. Plaintiffs elected not to file an amended complaint.

The Parties filed a stipulation regarding the authenticity of documents exchanged in discovery, which the Court granted on April 27, 2015. (ECF No. 93.)

Plaintiffs filed a motion for class certification under Federal Civil Rule 23 (and corresponding motion for appointment of class counsel) on February 5, 2015. (ECF Nos. 60-3 through 66). Yahoo opposed the motion on March 12, 2015 (ECF Nos. 77-4 through 80-75), and Plaintiffs filed their reply on April 9, 2015 (ECF Nos. 89-5 through 89-18). The Court ruled on the motion without oral argument on May 26, 2015. (ECF No. 105).

Plaintiffs and Defendants filed various administrative motions to seal documents included in the class certification briefing. (ECF Nos. 60, 77, 89 and 96). The Court issued its ruling on May 27, 2015. (ECF No. 108).

B. Pending Motions

The following motions are pending, and all have been fully briefed:

1. ***Motions for Summary Judgment:*** The Parties filed cross-motions for summary judgment on September 19, 2015. (ECF Nos. 131-135). Oppositions were filed on October 19, 2015. (ECF Nos. 151-152, 156, and 158.). Replies were filed on November 16, 2015. (ECF Nos. 163, 164, 166 and 167).

2. ***Daubert Motions***: On September 28, 2015 the Parties filed cross-motions to exclude expert evidence. (ECF Nos. 143-146). Oppositions were filed on October 19, 2015. (ECF Nos. 154-155). Replies were filed on November 9, 2015. (ECF Nos. 161-162).

3. ***Motions to File Under Seal***: The Parties have filed various motions to seal portions of the record filed in support of the cross-motions for summary judgment and *Daubert* motions. (ECF Nos. 131, 134, 136, 137, 139, 140, 143, 145, 148, 151, 152, 156, 160, 163, 166, 167 and 170).

4. ***Requests for Judicial Notice:*** On September 19, 2015, plaintiffs filed a request for judicial notice of certain documents cited in their summary judgment motion. (ECF No. 132). Yahoo opposed the request in part on October 19, 2015 (ECF No. 153), and plaintiffs replied on November 16, 2015 (ECF No. 168). On October 19, 2015, plaintiffs filed a second request for judicial notice (ECF No. 159) of documents cited in their opposition to defendant's motion for summary judgment, which Yahoo has not opposed.

C. Future Motions

The Parties do not anticipate filing any further motions other than possible motions *in limine* in advance of trial.

**5.** **Amendment of Pleadings:**

Following its decision on the motion to dismiss, the Court granted Plaintiffs leave to file

an amended complaint by September 2, 2014. (ECF No. 49 at 33.) Plaintiffs did not amend the complaint at that time. Yahoo filed an answer to the operative complaint on August 26, 2014. In the May 26, 2015 order granting class certification, the Court ordered plaintiffs to file an amended complaint to conform the class definition therein (ECF No. 105 at 44), which the plaintiffs did on June 9, 2015. (ECF No. 119).

**6.     Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred on January 14, 2014, pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

The Parties held a joint Rule 26(f) conference on January 14, 2014. Initial disclosures were exchanged on January 23, 2014.

**8.     Discovery:**

Fact discovery was scheduled to conclude on May 1, 2015. As directed by the Court, on February 5, 2014, the Parties filed a [Proposed] Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulated Protective Order"). (ECF No. 34.) The Stipulated Protective Order was entered by Magistrate Judge Lloyd, with certain modifications, on February 28, 2014. (ECF No. 36.)

Plaintiffs served Yahoo with their First Request for Production of Documents and ESI on March 7, 2014. After requesting and receiving an extension from Plaintiffs, Yahoo provided its written responses to Plaintiffs' Request on April 30, 2014. Yahoo provided its first production of documents also on April 30, 2014. The Parties agreed upon search terms and custodians for ESI, and Yahoo produced more than 11,000 documents in response to Plaintiffs' requests. Plaintiffs requested documents from new, additional custodians in response to information they learned from document discovery and recent depositions, and Defendant agreed to search three new custodians and include one additional search term in the search for ESI, as detailed in the stipulated request to modify the expert discovery schedule and subsequent deadlines. (ECF No.

103).

Yahoo served Plaintiffs with its First Set of Requests for Production on August 22, 2104. After requesting and receiving an extension from Yahoo, Plaintiffs provided their written responses on October 13, 2014, with the exception of Plaintiff Nobles who provided her responses to interrogatories on October 15, 2014. Plaintiffs have produced documents responsive to Yahoo's requests.

The Parties served interrogatories and requests for admission. Plaintiffs have supplemented interrogatory responses in response to facts learned during discovery. Yahoo took depositions of all four Plaintiffs, and Plaintiffs took the depositions of five fact witnesses and two 30(b)(6) corporate representatives.

Plaintiffs served Yahoo with a disclosure of their proposed experts and consultants pursuant to the Stipulated Protective Order on August 6, 2014. On August 20, 2014, Yahoo objected to Plaintiffs' disclosure. The Parties have resolved Yahoo's objections. Defendant served Plaintiffs with a disclosure of its proposed expert on April 30, 2015. Plaintiffs did not object.

The Parties have met and conferred frequently to address discovery disputes, and all current disputes have been resolved as noted above.

The Parties filed a stipulation regarding the authenticity of documents exchanged in discovery, which the Court granted on April 27, 2015. (ECF No. 93.)

Expert disclosures and reports were exchanged on July 10, 2015. Plaintiffs' expert was deposed on July 30, 2015, and Yahoo's expert witness was deposed on July 31, 2015. Expert rebuttal reports were served on August 5, 2015. Each side served expert document requests, and each side produced responsive documents on August 28, 2015, the last day of expert discovery. The Court granted the Parties' stipulation permitting Yahoo to depose Plaintiffs' expert on September 10, 2015 (ECF No. 127) which occurred as scheduled.

No further fact or expert discovery is anticipated.

| | |
|---|---|
| **9.** | **Class Actions:** |

The Court certified two classes: a nationwide SCA class, and a California-only CIPA class.

**10.** **Related Cases:**

All known, pending related cases are currently before this Court.

**11.** **Relief:**

<u>Plaintiffs' Position:</u>  Plaintiffs are seeking injunctive and declaratory relief on behalf of the proposed class and attorney's fees and costs.

<u>Yahoo's position:</u>  Yahoo denies that this case can be properly maintained as a class action.  Yahoo denies that Plaintiffs or the classes are entitled to any relief whatsoever.  Yahoo further asserts that the injunction sought by Plaintiffs in their motion for summary judgment is overbroad and not narrowly tied to the statutes under which Plaintiffs assert claims.

**12.** **Settlement and ADR:**

The Parties conducted a mediation with Bruce Friedman of JAMS on December 11, 2014 in San Francisco, but did not resolve the case at that time.  The Parties conducted a second mediation with Cathy Yanni of JAMS on November 4, 2015.  The Parties did not resolve the case, but continue to actively discuss settlement with the assistance of the mediator.

**13.** **Consent to Magistrate Judge for All Purposes:**

The Parties do not consent to proceed before a magistrate for all purposes.

**14.** **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

**15.** **Narrowing of Issues:**

The Parties expect that the issues may be narrowed by the Court's ruling on their cross-motions on summary judgment.

**16** **Expedited Trial Procedure:**

No party is requesting an expedited schedule at this time.

**17.** **Scheduling:**

| | |
|---|---|
| 1 | The Parties do not request a modification of the case schedule at this time. |
| 2 | **18.** **Trial:** |
| 3 | Plaintiffs previously demanded trial by jury but now seek only injunctive and declaratory |
| 4 | relief. The trial is scheduled to begin on February 8, 2016 and is expected to last six days. |
| 5 | **19.** **Disclosure of Non-Party Interested Entities or Persons:** |
| 6 | Pursuant to Civil Local Rule 3-16, all parties have filed the required "Certification of |
| 7 | Interested Entities or Persons." (*See Holland* ECF Nos. 3, 6; *Nobles* ECF Nos. 4, 26; *Pincus* ECF |
| 8 | Nos. 3, 12; *Abrams* ECF Nos. 3, 11.) No party has identified an "interested entity or person" or |
| 9 | any other kind of interest as required under the Rule. |

DATED: Dec. 3, 2015  **GIRARD GIBBS LLP**
Daniel C. Girard
Amanda M. Steiner
Ashley Tveit

By: */s/ Daniel C. Girard*

*Co-Lead Class Counsel*

DATED: Dec. 3, 2015  **KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King
Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)

By: */s/ Laurence D. King*

*Co-Lead Class Counsel*

DATED: Dec. 3, 2015  **MORRISON & FOERSTER LLP**
Rebekah Kaufman
Robert Petraglia

By: */s/ Rebekah Kaufman*

*Attorneys for Defendant YAHOO! INC.*

DATED: Dec. 3, 2015  **ZWILLGEN PLLC**
Marc Zwillinger (admitted *pro hac vice*)
Jacob Sommer (admitted *pro hac vice*)

By: */s/ Marc Zwillinger*

*Attorneys for Defendant YAHOO! INC.*

ECF ATTESTATION

I, David A. Straite, am the ECF User whose ID and password are being used to file the following: **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**. In compliance with General Order 45, X.B., I hereby attest that all signatories have concurred in this filing.

DATED: Dec. 3, 2015        **KAPLAN, FOX & KILSHEIMER LLP**
LAURENCE D. KING
FREDERIC S. FOX
DAVID A. STRAITE

By: */s/ David Straite*
    DAVID A. STRAITE
    *Co-Lead Interim Class Counsel*