1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO MAIL LITIGATION | Case No. 5:13-CV-04980-LHK<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (the "Settlement") among individual and representative Plaintiffs Cody Baker, Halima Nobles, Rebecca Abrams, and Brian Pincus and the Class they represent ("Plaintiffs") and Yahoo! Inc. ("Yahoo"), as set forth in the Settlement Agreement. Having considered the Motion, the Settling Parties' Settlement Agreement, the proposed form of notice to the Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Action, Plaintiffs, Class Members, and Yahoo pursuant to 28 U.S.C. §§ 1332(d)(2) & (6), the Class Action Fairness Act of 2005 ("CAFA").

3. To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002). *The Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632. A proposed settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors weigh in favor of approving the Settlement proposed here.

4. Accordingly, the Court GRANTS preliminary approval of the Settlement and all of the terms and conditions contained in it, finding as follows. The Agreement appears to be the result of serious, informed, non-collusive negotiations conducted at arms' length by the parties' experienced counsel.  The terms of the Settlement Agreement appear to be fair, reasonable, and adequate under Federal Rule of Civil Procedure 23. The terms do not improperly grant preferential treatment to any individual or segment of the class, and fall within the range of

1  possible approval. The Court bases these preliminary findings on the nature of the claims, the benefits to be conferred in the Settlement, and the fact that a settlement represents a compromise of the parties' respective positions in lieu of trial.

5. The Court approves the proposed notice and finds that the dissemination of the Notice substantially in the manner and form set forth in the Settlement Agreement complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law. The notice procedures set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

6. Pursuant to the Media Plan attached as Exhibit C to the Agreement, notice shall be published via Advertising.com, which will place banner ads on a collection of popular websites. Advertising.com represents that it will ensure these ads will make 75,000,000 unique impressions upon internet users—with no single user receiving more than three impressions. The banner ads will direct internet users, via a link, to the Settlement website providing fulsome notice to Class Members. This is sufficient to inform Class Members, who are all internet users, of the proposed Settlement and their right to object to it.

7. The Court will hold a Final Approval Hearing at _____ on _____, 2016. At the Final Approval Hearing, the Court will consider: (1) whether the Agreement should be finally approved as fair, reasonable, and adequate for the Class, (2) whether a judgment dismissing the Action with prejudice, based on final settlement approval, should be entered; and (c) whether Plaintiffs' Co-Lead Counsel's application for attorneys' fees and expenses and for service awards to the Class Representatives should be granted.

8. No later than 14 days before the final approval hearing Yahoo shall file a declaration attesting that notice was provided in accordance with the Settlement and this Order.

9.  Within 60 days after the date of this Order the Class Representatives shall file their memorandum in support of final approval of the Settlement, and Plaintiffs' Co-Lead Counsel shall file their application for attorneys' fees and expenses and for service awards to the Class Representatives.

10. Yahoo shall file with the Court a Notice of Compliance with 28 U.S.C. § 1715 within 30 days after the date of this Order.

11. The Court ORDERS that each class member shall be given a full opportunity to comment on or object to the Agreement, and to participate at a Final Approval Hearing to be held in this Court on _____, 2016. The Class Notice shall state the date, time and location of the hearing. Any Class Member wishing to comment on or object to the Agreement shall file such comment or objection in writing with the Court and shall serve such comment or objection on Plaintiffs' Co-Lead Counsel and counsel for Yahoo within 90 days after the dissemination of notice. Should any party wish to file a written response to any comment or objection filed by a Class Member, such response shall be filed no later than 10 days before the Final Approval Hearing. No Class Member shall be entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of the Class Member's intention to appear at the Final Approval Hearing shall have been timely filed with the Court and served on counsel for the Parties.

12. Any objection must contain: the objector's name, address, and personal signature; a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and a statement of the grounds for his, her, or its objection. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

13. The date of the postmark on the envelope containing the written statement objecting to the settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is

illegible, the date of mailing shall be deemed to be three days prior to the date reflected on the Court's file stamp. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be barred from objecting to the proposed Settlement in any manner.

**IT IS SO ORDERED.**

Dated: _____

LUCY H. KOH
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-04980-LHK