1  Daniel C. Girard (SBN 114826)
2  Amanda M. Steiner (SBN 190047)
   Ashley Tveit (SBN 275458)
3  **GIRARD GIBBS LLP**
   601 California Street, 14th Floor
4  San Francisco, CA  94108
   Telephone:  (415) 981-4800
5  Facsimile: (415) 981-4846
6  *dcg@girardgibbs.com*

7  Laurence D. King (SBN 206423)           Frederic S. Fox (admitted *pro hac vice*)
   **KAPLAN FOX & KILSHEIMER LLP**         David A. Straite (admitted *pro hac vice*)
8  350 Sansome Street, Suite 400           **KAPLAN FOX & KILSHEIMER LLP**
   San Francisco, CA 94104                 850 Third Ave., 14th Floor
9  Telephone:  (415) 772-4700              New York, NY  10022
10 Facsimile:  (415) 772-4707              Telephone:  (212) 687-1980
   *lking@kaplanfox.com*                   Facsimile:   (212) 687-7714
11                                         *dstraite@kaplanfox.com*

12 *Co-Lead Class Counsel*

13

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                      **SAN JOSE DIVISION**

16

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | Consolidated Case No.: 5:13-cv-04980-LHK<br><br>**DECLARATION OF LAURENCE D. KING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    February 4, 2016<br>Time:   1:30 p.m.<br>Place:   Courtroom 8<br>Judge:  Hon. Lucy H. Koh |

I, Laurence D. King, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner in the law firm of Kaplan Fox & Kilsheimer LLP, Co-Lead Class Counsel for plaintiffs in this class action against Defendant Yahoo! Inc.

2. I submit this declaration in support of plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The following statements are based on my personal knowledge and review of the files in this case and, if called on to do so, I could and would testify competently thereto.

3. The parties' Settlement Agreement is attached as Exhibit 1.

4. Attached as Exhibit 2 is a signed declaration of Yahoo engineer Nick Huang, which I received directly from Yahoo's counsel. The Huang Declaration describes changes that Yahoo would make to its email delivery architecture pursuant to the proposed settlement.

5. This settlement was negotiated with the assistance of mediator Cathy Yanni at JAMS. The parties participated in a day-long mediation on November 4, 2015, and continued their negotiations for an additional month with the assistance of Ms. Yanni. The parties reached an agreement in principle on December 4, 2015, and notified the Court the same day the agreement in principle was reached.

6. Attached as Exhibit 3 is a signed declaration of Ms. Yanni in support of the proposed settlement and providing additional detail regarding the mediation process.

7. The parties did not negotiate the attorneys' fee provision until after they agreed to the class relief. Yahoo insisted that it would require an agreement on the maximum amount Plaintiffs' counsel would seek in attorneys' fees as a condition to proceeding with any settlement. Plaintiffs' counsel requested in return for their agreement to limit the maximum amount of their fee that Yahoo not oppose the application.

8. The parties negotiated this settlement only after completing fact and expert discovery and briefing cross-motions for summary judgment. Both plaintiffs and Yahoo were therefore well informed of the relevant facts and law, and able to evaluate the merits of their claims and defenses.

9. The parties were also informed by the Court's rulings on Yahoo's motion to dismiss and plaintiffs' motion for class certification, both of which the Court granted in part and denied in part. The

1

DECLARATION OF LAURENCE D. KING IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-04980-LHK

parties' cross-motions for summary judgment and respective *Daubert* motions were fully briefed and set for hearing at the time they reached their agreement in principle to settle the case.

10. The parties commenced discovery after holding their Rule 26(f) conference on January 14, 2014. In response to plaintiffs' requests for production, Yahoo produced more than 136,000 pages of documents relating to its system architecture and targeted advertising programs. Plaintiffs also served two sets of interrogatories and one set of requests for admission. Plaintiffs took six depositions of Yahoo employees, and deposed Yahoo's expert witness.

11. All four class representatives are informed of the terms of the settlement and fully support it. The class representatives were active participants in the litigation. All four produced documents in response to Yahoo's requests for production, including their personal emails, and all four were deposed. They also responded to interrogatories and provided additional information and assistance as needed throughout the course of the litigation.

12. Class Counsel believe this settlement is in the best interests of the two certified classes. Yahoo has agreed to change its email architecture in a manner that Class Counsel believe complies with the California Invasion of Privacy Act and to revise certain disclosures about its practices on the Yahoo website. These changes will benefit individuals nationwide, not just the California residents who are members of the class the Court certified. Yahoo has also agreed to certify that it did not collect and store any class member's email content for the purposes of its 2013 test of Google's AdSense for Content, the conduct that plaintiffs contend violated the Stored Communications Act. Because Yahoo has agreed, after more than two years of hard-fought litigation, to provide the above-described relief, plaintiffs view this settlement as an appropriate resolution to this case.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed on this 7th day of January, 2015, at San Francisco, California.

*/s/ Laurence D. King*
Laurence D. King