UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RECEIVED
JUL 1 4 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

YAHOO MAIL LITIGATION                Case No. 13-CV-04980-LHK

## OBJECTION OF PATRICK S. SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

NOW COMES, Pro Se Objector PATRICK S. SWEENEY, ("Objector") hereby files these objections to the proposed settlement in this matter (the "Objections").

### PROOF OF MEMBERSHIP IN CLASS

Upon a full review of that certain notice of class action which is not dated ("Notice") Objector hereby asserts that he is a member of the class as defined in the Notice. He intends to file a claim in this matter if and when one might be required. It is the Objector's intent that his representation that he is a class member in this matter ("Class Member") be asserted as evidence of his membership in the class. His address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does not intend to appear at the Fairness Hearing presently scheduled for 1:30 p.m. on August 25, 2016 before the Honorable Lucy H. Koh, United States District Court Judge, in Courtroom 4, in the Robert F. Peckham Federal Building, 280 South First Street, San Jose, California.

1

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable and adequate.

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.

2. The fee calculation is unfair in that the percentage of the settlement amount is far too high. The Class Members may receive NO MONIES while the attorney's fees are at $4,000,000.00.

   This case has been litigated for only two years. After a review of the Pacer Docket there appears to be only 193 docket entries. In addition, very few entries were substantive in nature. In fact, only the Plaintiff's Complaint(s), Defendant's Motion to Dismiss (no Answer was even filed) and Plaintiff's Motion to Approve Settlement, Motion for Class Certification and Award Attorney's Fees had any significant legal basis to its content. The remaining docket entries were procedural in nature. The Objectors review indicates that there were only 101 entries generated by Counsel and many of those were generated by Defense Counsel. There was no prolonged discovery disputes. There was no trial. Yet the 193 docket entries equates to an astonishing $20,833.00 per docket entry. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $4,000,000.

   The fee calculation is unfair in that the percentage of the settlement amount i.e. 100%- is far too high. In addition, no fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.

2

It is also notable that the Settlement was reached in principal in two years following the commencement of this action.

"There has been a great deal of criticism of class action litigation ... criticism focuses on the fees that lawyers receive for representing a class in such litigation... [When] a class action [is] filed as an action for compensatory damages [and] the settlement provides the class is to receive no compensatory award. Further, the attorney fee (which is purportedly based on a common fund theory) is for several million dollars and is based on purported "nontangible" benefits the class will purportedly receive. For example, in a case involving a vehicle subject to rollovers, class counsel negotiates a settlement whereby the class receives only an inspection of the vehicle to determine if it has been modified since the date of manufacturer, a warning sticker for the visor saying "watch out," and a toll free number they can call for a free tow if their vehicle rolls over. At the end of the proposed settlement, the class is still left with a dangerous, unmodified vehicle and provided no compensation for the defect. Yet, the class counsel contends the settlement is fair and worth millions in fees." In a settlement class, the amount of attorney fees to be requested appears facially excessive, the fees were negotiated with the defendant, and the defendant had agreed not to object to the fee request as part of the settlement. This type of arrangement is known as a "clear sailing" agreement. The majority view on such clear sailing agreements is that they create an appearance of class counsel putting his interest ahead of the class. On the other hand, a clear sailing agreement might not be improper if the fee is reasonable, the fact the defendant will not be objecting is disclosed, the class is given an opportunity to object to the fee, and the court provides oversight on ultimate approval of the amount awarded.

As previously stated, the presence of one or more of the above situations does not invariably lead to the conclusion that a settlement is unfair or that the class has been poorly represented. However, if several of these elements are present in the same case, additional scrutiny may be necessary if the interests of the class are to be protected See the Internet Legal Resource Guide.

3. The objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

**II.**

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Dated: June 30, 2016.

By: _____
Patrick S. Sweeney, Pro Se

4

# CERTIFICATE OF SERVICE

I hereby certify that on July 1,2016 I filed the foregoing with the LHK Courtroom Deputy, United States District Court for the Northern District of California, Robert F. Peckham Federal Bldg, 280 S 1st Street, San Jose, CA 95113 Re: In re: Yahoo Mail Litigation, 5:13-CVvia U.S. First Class Mail.

By: *[signature]*
Patrick S. Sweeney

Sweeney

RECEIVED
JUL 14 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

9511383095 C060

LHK Courtroom Deputy
U.S. District Court
In Re: Yahoo Mail Litigation 13-cv-4980
Robert F. Peckman Fed. Bld.
280 South First St
San Jose, CA 95113


