Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | Consolidated Case No.: 5:13-cv-04980-LHK<br><br>**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR EXPEDITED DISCOVERY FROM OBJECTOR PATRICK S. SWEENEY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that by this motion, and at a time and place designated by the Court if needed, Plaintiffs Cody Baker, Brian Pincus, Rebecca Abrams, and Halima Nobles ("Plaintiffs") will and hereby do move, pursuant to Federal Rules of Civil Procedure 26, 30, 34 and 45, for entry of an order granting leave to conduct limited discovery of objector Patrick S. Sweeney, Esq. on an expedited basis.

This motion is made because discovery is necessary to develop an adequate factual record to respond to Mr. Sweeney's objection and to support any motion which class plaintiffs may bring in connection with Mr. Sweeney's anticipated appeal from any order approving the settlement.

The motion is based on this Notice of Motion and Motion, the supporting Memorandum, the argument of counsel, and all papers and records on file in this matter.  The motion is also supported by the accompanying declaration of David A. Straite (the "Straite Declaration"), which attaches copies of documents cited in the Memorandum.

Dated:  July 22, 2016                                        Respectfully Submitted,

**KAPLAN FOX & KILSHEIMER LLP**                **GIRARD GIBBS LLP**

By:   */s/ Laurence D. King*                              By:   */s/ Daniel C. Girard*
Laurence D. King (SBN 206423)                      Daniel C. Girard (SBN 114826)
350 Sansome Street, Suite 400                        Jordan Elias  (SBN 228731)
San Francisco, CA 94104                                 601 California Street, 14th Floor
Telephone:  (415) 772-4700                             San Francisco, CA  94108
Facsimile:   (415) 772-4707                              Telephone:  (415) 981-4800
*lking@kaplanfox.com*                                      Facsimile: (415) 981-4846
                                                                              *dcg@girardgibbs.com*
Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)        *Co-Lead Class Counsel*
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:   (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs respectfully seek leave of Court to conduct limited discovery on an expedited basis in connection with the July 14, 2016 objection of Patrick S. Sweeney (the "Sweeney Objection") [ECF No. 194]. Defendant Yahoo!, Inc. does not oppose the relief sought by this motion.

The proposed discovery is necessary because the Sweeney Objection does not establish Mr. Sweeney's status as a class member and because the objection, viewed in light of Mr. Sweeney's history as a serial objector, suggests an improper motive. Plaintiffs expect that a deposition of Mr. Sweeney and their request for relevant documents—in the limited categories outlined in the proposed subpoena attached as Exhibit A to the Straite Declaration—would produce a factual record sufficient for the Court to fully evaluate the Sweeney Objection. In addition, targeted discovery is needed to build a factual record to evaluate any request for an appeal bond in the event Mr. Sweeney chooses to appeal any ruling of this Court.

For the convenience of Mr. Sweeney, plaintiffs propose to take his deposition in his home district, the Western District of Wisconsin. Plaintiffs also respectfully submit that expedited discovery is warranted to avoid any adjustments to the case schedule here.

## II. RELEVANT BACKGROUND

### A. Settlement Proceedings in This Court

After the close of expert and fact discovery, and after briefing on cross-motions for summary judgment, the parties reached an agreement to settle this litigation on January 7, 2016. Plaintiffs moved for preliminary approval on the same day. ECF No. 174. The Court held a Preliminary Approval Hearing on March 10, 2016. At the Court's direction, the parties filed an addendum to the settlement agreement on March 15, 2016, to streamline procedures for objections. Upon receipt of the addendum, the Court granted preliminary approval of the settlement (the "Preliminary Approval Order," ECF No. 182), and re-certified two classes, a CIPA class and an SCA class. *Id*. ¶ 9. The deadline to mail objections was July 1, 2016, *see id*. ¶ 9, and the parties have until August 11, 2016 to file responses thereto. *Id*. ¶ 21. The final approval hearing is scheduled for August 25, 2016 at 1:30 p.m. The Sweeney Objection is the only objection to the settlement. ECF No. 194.

**B.     Patrick S. Sweeney's History of Improper Objections**

Mr. Sweeney is proceeding *pro se*, but fails to inform the court that he is a lawyer in Wisconsin. Mr. Sweeney and his family—wife Pamela Sweeney and adult daughter Kerry Ann Sweeney—are serial objectors to class settlements.  *See, e.g.*, Objection of Pamela Sweeney, *Kolinek v. Walgreen Co*., No. 13-cv-4806 (N.D. Ill. July 16, 2015), ECF No. 115; *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 490 (N.D. Ill. 2015) (final approval order identifying Ms. Sweeney as objector); Objection of Pamela A. Sweeney, *Barron v. Snyder's-Lance, Inc*., No. 13-cv-62496 (S.D. Fla. May 3, 2016), ECF No. 206; Objection of Patrick S. Sweeney, *Pearson v. NBTY, Inc*., 1:11-cv-7972 (N.D. Ill. May 31, 2016), ECF No. 261. Acting as counsel, Mr. Sweeney has also represented other objectors.  *See Larson v. Trader Joe's Co*., No. 11-cv-05188-WHO, 2014 WL 3404531, at *6-7 (N.D. Cal. July 11, 2014) (Judge Orrick noted Mr. Sweeney's "long history of representing objectors"); *Roberts v. Electrolux Home Prods., Inc*., Nos. SACV12-1644-CAS (VBKx), 2014 WL 4568632, at *12-15 (C.D. Cal. Sept. 11, 2014) (recognizing Mr. Sweeney as a lawyer "who routinely files objections to class settlements").

The Sweeney Objection here is a cut-and-paste job from boilerplate objections filed by Mr. Sweeney in other cases; federal courts have concluded that the Sweeney family files objections and appeals in bad faith.  *See, e.g., Roberts,* 2014 WL 4568632, at *11 ("The objections submitted by [Sweeney] do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee."); *In re Polyurethane Foam Antitrust Litig*., No. 1:10-md-2196, 2016 WL 1452005, at *3 (N.D. Ohio Apr. 13, 2016) (finding that Mr. Sweeney "has shown bad faith and vexatious conduct, both in prior cases and in this action, in the pursuit of a payoff").

**III.     LEGAL STANDARDS**

The Federal Rules of Civil Procedure permit discovery from class action objectors.  Rule 30(a)(1) permits a party to "depose any person," whether or not that person is a party, and "[t]he deponent's attendance may be compelled by subpoena under Rule 45."  Rule 45 also allows parties to subpoena documents from non-parties.  *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig*., 281 F.R.D. 531, 532 (N.D. Cal. 2012) (hereinafter "*CRT I*").

If an absent class member voluntarily appears by filing an objection, he or she is "properly subject to discovery."  *Id*. at 533.  The Ninth Circuit has so held.  *Laguna v. Coverall N. Am., Inc*., 753

F.3d 918, 926 (9th Cir. 2014) ("[C]ourts commonly require objectors to make themselves available for deposition given the power held by objectors."), *vacated as moot*, 772 F.3d 608 (9th Cir. 2014); *see also Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (deposition may be taken of "absent class members who injected themselves into the class certification motion by filing declarations"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548, 554 (N.D. Cal. 2013) (Judge Illston held objectors in contempt for refusing to appear for deposition).

Pursuant to Rule 26(b), parties may obtain discovery of "any non-privileged material that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "For purposes of Rule 26(b)(1), relevance is broadly construed." *CRT I*, 281 F.R.D. at 532-33. When determining the proper scope of discovery of a non-party, courts generally balance three factors: "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)); *Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006) (same).

### IV.  DOCUMENT AND DEPOSITION DISCOVERY OF OBJECTOR SWEENEY ON AN EXPEDITED BASIS IS APPROPRIATE HERE

Before granting final approval of a class action settlement, a court must determine that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). To assess a proposed settlement's fairness, courts look to the eight so-called "*Churchill* factors," the last of which is "the reaction of the class members to the proposed settlement." *Id.* (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Principled objections thus fill a role in the settlement approval process and should be considered on their merits. At the same time, "[w]here there are indicia that objectors lack knowledge of the terms of a settlement and the basis for their objection, or where the objection might be . . . filed with ulterior motives, it is not only appropriate, but also advisable, to allow Class Counsel . . . to take the objectors['] depositions . . . ." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV-GOODMAN, 2016 WL 1529902, at *19 (S.D. Fla. Apr. 13, 2016).

Mr. Sweeney's objection to this settlement appears to be a boilerplate objection cribbed from a standard objection that he has filed in many other cases. For example, compare the Sweeney Objection in this case (ECF No. 194) with recent objections filed in other cases on May 3, 2016 (Straite Decl., Ex. B), and on May 31, 2016 (Straite Decl., Ex. C). Mr. Sweeney's stock objection mistakenly references a "claims process" here and shows at best a passing familiarity with the settlement. Plaintiffs therefore propose to take discovery relating to four issues—standing, merits, motive, and basis for an appeal bond—to develop a factual record to support an informed evaluation of this objection. *See Montoya*, 2016 WL 1529902, at *19 ("Such depositions not only serve to inform the Court as to the true grounds and motivation for the objection, but they also help develop a full record should the objector file an appeal.").[1]

### A. Discovery Is Likely to Provide Evidence Relevant to Standing and the Merits of Mr. Sweeney's Objection

"Formal objections may only be made by class members." *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944-JST, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016) (hereinafter "*CRT II*") (citing *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015)). Without evidence supporting his bare "belief" he is a class member, it is unclear whether Mr. Sweeney is a class member eligible to object to the settlement. *See* Sweeney Objection at 1; *compare In re TRS Recovery Servs. & Telecheck Servs., Inc., Fair Debt Collection Practices Act (FDCPA) Litig.*, No. 2:13-md-2426-DBH, 2016 WL 543137, at *6 n.16 (D. Me. Feb. 10, 2016) (rejecting Mr. Sweeney's objection in part because he "furnished no basis to conclude that he is even a class member . . . [and] his claim to membership is based only 'on belief'").

---

[1] Members of the Sweeney family have previously been ordered to sit for depositions related to their objections. *See, e.g., Snyder's-Lance*, Transcript of Deposition of Pamela Sweeney dated May 12, 2016, Straite Decl., Ex. D. Class Counsel are unaware of any court denying a request to depose any Sweeney objector. After Mrs. Sweeney moved to quash her deposition subpoena in *Snyder's-Lance*, the court stated "[t]his is the third motion to quash filed in this court within the past week by Ms. Sweeney or by Patrick Sweeney," and found that Mrs. Sweeney's objections were "boilerplate." The court denied the motion to quash on the same day it was filed, and further stated that failure to comply with the subpoena could subject Mrs. Sweeney to sanctions. Straite Decl., Ex. E.

MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY
CASE NO. 5:13-cv-04980-LHK                                                                                             -4-

Here, Mr. Sweeney does not identify which class he claims to be a member of, nor does his objection suggest he is aware of the classes this Court certified for settlement purposes. This issue is particularly important because the CIPA class is limited to California residents, yet Mr. Sweeney lives in Wisconsin. *See also In re Netflix Privacy Litig.*, No. 5:11-cv-0379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) ("The request for discovery is proper as it will be used to pursue information regarding Objectors' standing . . . ."). In addition, the requested discovery likely will clarify the bases for Mr. Sweeney's objection to the settlement of this action.

### B. Mr. Sweeney's History of Objections and Financial Distress Raise an Inference of Ulterior Motive for Objecting to this Settlement

Where an objection is made for the purpose of delaying a settlement to extract a fee, the objection is invalid. *Roberts*, 2014 WL 4568632, at *12; *see also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011) ("[M]ost if not all of the Objections are motivated by things other than a concern for the welfare of the Settlement Class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto."). Thus, the motive of the objector is relevant and discovery is appropriate. *Roberts*, 2014 WL 4568632, at *12 ("[T]he fact that [Mr. Sweeney] is also a serial objector in class action matters raises additional issues as to the legitimacy of the objection"); *In re: Netflix Privacy Litig.*, 2013 WL 6173772, at *2 (authorizing discovery into objector's "role in objecting to this and other class settlements").

Courts are familiar with the tactics of serial objectors who attempt to extort money from counsel by threatening to delay a class settlement through an appeal. *See, e.g.*, *Montoya*, 2016 WL 1529902, at *19. Three months ago, a district judge in the Northern District of Ohio identified Mr. Sweeney as a serial objector who engaged in "bad faith and vexatious conduct, both in prior cases and in this action, in the pursuit of a payoff." *In re Polyurethane Foam Antitrust Litig.*, 2016 WL 1452005, at *3 ("[A] history of misconduct strongly suggests . . . [lack of] good faith."). And last month on June 27, 2016, Mr. Sweeney substantiated the court's finding when he accidentally filed a settlement agreement with counsel providing for the payment of $17,500 in exchange for withdrawing his objection in another case, an objection he conceded was "without merit." *See* Straite Decl., Ex. F, Sections 1.5 and 4.1.

1       Equally concerning is the number of ethical and legal complaints filed against Mr. Sweeney. Such complaints underscore the need for limited discovery to reveal any financial motives underlying his objection here. On July 10, 2015, the Wisconsin Office of Lawyer Regulation ("OLR") filed an ethics complaint against Mr. Sweeney consisting of five counts of professional misconduct, including practicing law with a suspended license, violation of a court order, conflict of interest, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *See* OLR Complaint dated July 10, 2015, Straite Decl., Ex. G. Mr. Sweeney admitted many facts in the complaint but denies the legal conclusions. *See* Answer dated Nov. 10, 2015, Straite Decl., Ex. H. Mr. Sweeney's OLR hearing is pending. *See* Lawyer Regulation – Pending Disciplinary Complaints, Wisconsin Court System, https://wicourts.gov/services/public/lawyerreg/statuscomplaints.htm (last updated July 19, 2016).

      In addition, Mr. Sweeney's law firm—Sweeney Legal Group, S.C.—has since 2014 been delinquent on its annual report filings with the Wisconsin Department of Financial Institutions. *See* Wisconsin Department of Financial Institutions, Division of Corporate and Consumer Services Certification dated July 19, 2016, Straite Decl., Ex. I. In 2013, Mr. Sweeney and his wife filed for personal bankruptcy, listing more than $1 million of debt and back taxes. *See* Voluntary Petition for Bankruptcy dated February 14, 2013, Straite Decl., Ex. J. The matter was dismissed several months later, following Mr. Sweeney's violation of a court order to pay the bankruptcy filing fee (or alternatively to apply for a fee waiver). Straite Decl., Ex. G, OLR Complaint, ¶ 32 (finding "willful failure on the part of the debtor to abide by an order of the court.")

      On February 1, 2016, Barry Alvarez, the Director of Athletics at the University of Wisconsin, sued Mr. Sweeney for more than $1 million for legal malpractice, fraud, and breach of contract related to his role in an alleged Ponzi scheme. The complaint was filed in Wisconsin state court; a copy is attached as Exhibit K to the Straite Declaration. A status conference is scheduled for next month.

      Accordingly, recent events concerning Mr. Sweeney support the need for limited discovery to determine whether his objection was filed in bad faith.

### C. Discovery Is Needed to Lay the Factual Predicate for any Appeal Bond to Protect the Interests of the Class

In the event the Court rejects Mr. Sweeney's objection, Class Counsel anticipate, based on his past practices, that he will notice an appeal. In that event, Plaintiffs will move for an order compelling Mr. Sweeney to post an appeal bond. Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." District courts consider three factors when determining whether to require a Rule 7 bond of an objector: (1) the objector's ability to post a bond, (2) the risk that the objector would not pay costs following an unsuccessful appeal, and (3) the likelihood of success on appeal. *In re: Netflix Privacy Litig.*, 2013 WL 6173772, at *3. Discovery is a prerequisite to a factual record for evaluating these three factors. *See Tenille v. Western Union Co.*, 968 F. Supp. 2d 1107, 1108 (D. Colo. 2013); *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2016 WL 1529902, at *19 (S.D. Fla. Apr. 13, 2016) ("All district courts have a duty to serve as a gatekeeper for asserted objections before they rise to the appellate level, which may delay relief to class members for many years.").

In particular, it is essential to investigate the risk of non-payment of costs following an appeal. Risk of non-payment is reasonably associated with out-of-district objectors. *Id.* ("Courts in the Northern District of California have recognized the difficulty and risk associated with collecting costs from out-of-state appellants.") (citing *Schulken v. Washington Mut. Bank*, 09-cv-2708-LHK, 2013 WL 1345716, at *15 (N.D. Cal. Apr. 2, 2013)). There is also a risk that Mr. Sweeney will refuse to comply with court orders. For instance, the court in the Ohio case mentioned above ordered Mr. Sweeney to pay an appeal bond, explaining that a "pattern of noncooperation and noncompliance with court orders supports a conclusion that an appellant may not pay the appeal costs if [the] appeal is unsuccessful." *In re Polyurethane Foam Antitrust Litig.*, 2016 WL 1452005, at *4 (internal quotations omitted). In sum, limited discovery is required to provide the Court with a sufficient record on which to base any appeal-bond ruling.

## V. CONCLUSION

Plaintiffs therefore request that the Court permit them to conduct limited discovery on an expedited basis and enter the proposed order approving the form of subpoena.

Dated:  July 22, 2016

**KAPLAN FOX & KILSHEIMER LLP**

By:   /s/ Laurence D. King
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:   (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

Respectfully Submitted,

**GIRARD GIBBS LLP**

By:   /s/ Daniel C. Girard
Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*

*Co-Lead Class Counsel*

## **ATTESTATION STATEMENT**

I, Daniel C. Girard, am the ECF User whose identification and password are being used to file this Motion for Expedited Discovery from Objector Patrick S. Sweeney.  Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

                    /s/ Daniel C. Girard
                      Daniel C. Girard

**CERTIFICATE OF SERVICE**
**(Fed. R. Civ. P. 5(b))**

I declare that I am employed with the law firm of Girard Gibbs LLP, whose address is 601 California Street, 14th Floor, San Francisco, CA 94108.  I am over the age of 18 and am not a party to the within action.

I further declare that on July 22, 2016, I served true and correct copies of the following documents:

**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION FOR EXPEDITED DISCOVERY FROM OBJECTOR PATRICK S. SWEENEY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

**DECLARATION OF DAVID A. STRAITE   IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY FROM OBJECTOR PATRICK S. SWEENEY, and EXHIBITS A – K THERETO; and**

**[PROPOSED] ORDER GRANTING LEAVE TO CONDUCT LIMITED DISCOVERY OF OBJECTOR PATRICK S. SWEENEY, ESQ., ON EXPEDITED BASIS;**

by placing the same in sealed envelopes, affixing proper first class postage, and depositing them in the United States Mail at San Francisco, California to the address provided by Patrick S. Sweeney in his Objection.  (ECF No. 194.)  The address is omitted from this Certificate consistent with this Court's redaction of the address from the public file.  (*Ibid*.)

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed this 22nd July, 2016, at San Francisco.

_____
Anne-Michele Von Goetz