Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:   (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | Consolidated Case No.: 5:13-cv-04980-LHK<br><br>**PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT** |

**I. SUMMARY OF RESPONSE**

There is only one objection to the proposed settlement of this action. *See* ECF No. 194 (objection of Patrick S. Sweeney, Esq.). The objector lacks standing—he has offered no evidence of his membership in either class and his claim of standing is conjectural. He does not challenge the relief conferred by the settlement, but instead makes two conclusory arguments regarding claims administration and attorneys' fees. Neither argument applies here. First, there is no claims administration process. The settlement provides for injunctive relief only. Second, the motion for an award of attorneys' fees and reimbursement of expenses is well-documented and the services were necessary to achieve the objectives of this lawsuit. The objector offers no evidence to the contrary. As outlined below, the objection should be overruled and final settlement approval granted.

**II. RESPONSE TO OBJECTION**

    **A. Legal Standard**

Before granting final approval of a class action settlement, a court must determine that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Of course, "[f]ormal objections may only be made by class members." *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944-JST, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016) (citation omitted). A class action objector bears the burden of proving any assertions in a fairness challenge. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990). The Court also may evaluate whether the objection was "filed with ulterior motives." *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2016 WL 1529902, at *19 (S.D. Fla. Apr. 13, 2016).

    **B. Mr. Sweeney Fails to Establish His Standing to Object.**

Mr. Sweeney must demonstrate that he is a class member in order to have standing to object. *See In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015). He has failed to do so. His only evidence is an unsupported "guess" that he is a member of the class, which is insufficient. *See, e.g.*, *In re TRS Recovery Servs. & Telecheck Servs., Inc., Fair Debt Collection*

*Practices Act (FDCPA) Litig.*, No. 2:13-md-2426-DBH, 2016 WL 543137, at *6 n.16 (D. Me. Feb. 10, 2016) (rejecting Mr. Sweeney's objection in part because he "furnished no basis to conclude that he is even a class member . . . [and] his claim to membership is based only 'on belief'").

Earlier in this litigation, the Court certified two classes—a California class, and a national class—but the Sweeney Objection does not identify which class Mr. Sweeney claims to be a member of, nor does his objection suggest he was even aware of these classes when he objected. While Mr. Sweeney fails to provide even a scintilla of proof of class membership, establishing such membership is quite easy: proof of a single email to a Yahoo subscriber in the past would suffice. Yet the Sweeney Objection says nothing about any emails to or from Yahoo subscribers. And at his recent Court-ordered deposition, Mr. Sweeney admitted that his class membership here is only a guess:

> Q:   When you say you're a member of one of two of the classes, are you making an informed guess?
>
> A:   Yes.
>
> Q:   What informed that guess?
>
> A:   Recollection mostly.

*See* Transcript of Deposition of Patrick S. Sweeney, Esq. dated August 5, 2016 ("Tr.") at 48:11-16, attached as Exhibit A to accompanying supplemental declaration of David A. Straite dated August 11, 2016 ("Supp. Straite Decl.").

Given this record, the Court can and should dismiss the objection for lack of standing.

**C.   Mr. Sweeney's Objections Are Without Merit.**

**1.   There Will Be No Claims Administration if the Settlement Is Approved.**

Mr. Sweeney objects to the claims administration process. Sweeney Objection at 2. Mr. Sweeney wrote that the purported process "fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised." *Id*. He also wrote that he "intends to file a claim in this matter." *Id*. at 1. But there is no claims process. Plaintiffs sought and obtained only injunctive relief. Mr. Sweeney's objection is copied from his objections in other cases, as evidenced by a review of more than 20 recent objections filed or drafted by Mr.

1  Sweeney in other class cases and listed in Attachment A below.  Here, Mr. Sweeney did not even
2  bother to familiarize himself with the terms of the proposed settlement.
3        Mr. Sweeney did not oppose the substance of the settlement when it was explained to him at
4  the deposition.  Instead, he testified that protecting personal data privacy is a "worthy" mission and
5  that the injunctive relief against Yahoo is a "positive result." Tr. 70:22-71:9, 67:20.  Concurring in
6  that assessment, both privacy advocates and corporate attorneys have described this settlement as
7  groundbreaking, and likely to have positive repercussions beyond this case.  *See* Jody Godoy,
8  "Yahoo's Tech Fix Shows Importance of Privacy Disclosures," *Law360* (Jan. 30, 2016), attached as
9  Exhibit B to the Supplemental Straite Declaration.  The Court's orders in this case have already proved
10 influential.  *See also Campbell v. Facebook Inc.*, No. 13-CV-5996-PJH, 2016 WL 2897936 (N.D. Cal.
11 May 18, 2016) (relying on this Court's class certification decision to certify an injunctive-relief only
12 class in a similar privacy case).  The agreed-upon changes to Yahoo's email scanning practices follow
13 intensive litigation.  With these changes, moreover, plaintiffs will have prevailed in full on their
14 primary remaining claim.

      **2.    Mr. Sweeney's Objections to the Attorneys' Fees Provided for in the Settlement Are Misguided and Should Be Rejected.**

17       Mr. Sweeney's only other basis for objecting is that the fee request is too high.  Sweeney
18 Objection at 2-3.  His preferred fee calculation methodology—asserted in every objection he files—is
19 to divide the fee award by the number of docket entries.  His opinion here is that the case lacks enough
20 "substantive" docket entries to support the requested fee.  At his deposition, however, Mr. Sweeney
21 admitted that there is no support in law or fact for this methodology.  Tr. 78:8-9 ("I'd like to think I'm
22 a trendsetter in that area.").  He also admitted that the methodology is flawed.  Tr. 78:10; *see also* Tr.
23 79:10-13 (admitting "discovery sometimes can take up a very large portion of the case.  A docket
24 wouldn't necessarily reflect that without discovery disputes.").
25       Mr. Sweeney did not bother to familiarize himself with the docket entries.  For example, Mr.
26 Sweeney complains that no Answer was filed in this case (Tr. 76:5-15), yet one was.  ECF No. 53.
27 Further, he admits that if summary judgment motions had been filed—as they were—this would give
28 him "comfort" that more substantive work was done.  Tr. 76:16-23.  Mr. Sweeney's review of the

1  docket overlooks the entries showing that both sides filed motions for summary judgment, retained
2  and deposed experts, filed *Daubert* motions, and fully briefed all dispositive motions.

3  On cross-examination, Mr. Sweeney conceded that a lawyer who obtains injunctive relief
4  should be paid. Tr. 58:17. He stated he would be concerned if injunctive relief were obtained in lieu
5  of monetary relief (*see* Tr. 59:2-7)—apparently unaware that in this case, the settlement expressly does
6  not release claims for money damages. When asked if it would be more acceptable to him if the
7  injunctive relief obtained did not foreclose the right to pursue money damages, he admitted, "Yeah,
8  that's certainly better, more tolerable." Tr. 59:18-22. Again, Mr. Sweeney did not bother to
9  familiarize himself with the terms of the settlement before objecting to it. Additionally, he recognized
10 that if his objection ended up delaying the injunctive relief in this case, it would harm the classes, but
11 admitted that he did not consider that possibility before making his objection. Tr. 60:13-61:7.

12 Mr. Sweeney states that "no fee request is reasonable in the absence of documentation,
13 including detailed billing records." Sweeney Objection at 2. Here, however, class counsel filed
14 detailed billing records, which are available on PACER. *See* ECF Nos. 189 & 190. During his
15 deposition, Mr. Sweeney was asked, "if counsel here had provided detailed billing records to the
16 Court, would that allay your concerns?" to which he responded, "It would be one less thing on my
17 checklist I could complain about." Tr. 80:19-25; *see also* Tr. 104:7-9 (admitting that he has a PACER
18 account).

19 Finally, Mr. Sweeney testified that his fee objection is standardized and not motivated by an
20 analysis of the specific facts of this case. He explained that "part of my philosophy of objecting, is
21 usually the most likely objection is the fee calculation." Tr. 55:6-8.

### D. Mr. Sweeney's History of Objections and Financial Distress Produce an Inference of Ulterior Motive for His Objections Here.

24 Objections made to delay implementation of a settlement to extract a fee are improper. *See In*
25 *re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361 n.30 (S.D. Fla. 2011) (criticizing
26 objectors "whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement
27 they can latch onto."); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1107, 1109 (D.
28 Minn. 2009) (professional objectors' "goal was, and is, to hijack as many dollars for themselves as

they can wrest from a negotiated settlement"); *Barnes v. FleetBoston Fin. Corp.*, No. CA 01-10395-NG, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained"); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003) ("Federal courts are increasingly weary of professional objectors.").[1]

Mr. Sweeney is a well-known professional objector. *See, e.g.*, *Roberts v. Electrolux Home Prods., Inc.*, No. SACV12-1644-CAS (VBKx), 2014 WL 4568632, at *12-15 (C.D. Cal. Sept. 11, 2014) (Mr. Sweeney is a lawyer "who routinely files objections to class settlements," a pattern of conduct that "raises additional issues as to the legitimacy of the objection"); *see also Larson v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *6-7 (N.D. Cal. July 11, 2014) (Mr. Sweeney has a "long history of representing objectors"); Attachment A below (providing a sample of recent objections filed by or with the assistance of Mr. Sweeney).

Three months ago, a district judge in the Northern District of Ohio identified Mr. Sweeney as a serial objector who engaged in "bad faith and vexatious conduct, both in prior cases and in this action, in the pursuit of a payoff." *In re Polyurethane Foam Antitrust Litig.*, 1:10-md-2196-JZ, 2016 WL 1452005, at *3 (N.D. Ohio, Jan. 27, 2016). Despite these findings, Mr. Sweeney noticed an appeal (*see In re Polyurethane Foam*, ECF No. 2039), only to withdraw that appeal after failing to post the court-ordered appeal bond. *See* Order of United States Court of Appeals for the Sixth Circuit granting motion for voluntary dismissal, *In re Polyurethane Foam*, ECF No. 2099.

---

[1] Professional objectors' leverage derives from the right of appeal. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1361 n.30 (noting that "[t]he unfortunate game is to lodge pro forma objections at the trial stage, then negotiate a private resolution in order to drop the invariable notice of appeal. Once the case has progressed beyond the trial court, there is no longer any accountability for side payments to objectors' counsel, and the game is on.") (citation omitted). According to an October 2013 report prepared by the Federal Judicial Center at the request of the Advisory Committee on Appellate Rules of the Judiciary Conference of the United States ("FJC Report"), objectors in the Ninth Circuit filed 108 appeals during the five-year period studied. FJC Report at 11, *available at* http://www.fjc.gov/public/pdf.nsf/lookup/class-action-objector-appeals-leary-fjc-2013.pdf/$file/class-action-objector-appeals-leary-fjc-2013.pdf. Where the objection was dismissed for procedural deficiencies, the average length of time between filing a notice of appeal and final disposition was 172 days in the Ninth Circuit. *Id*. For appeals decided on the merits, the average was 461 days. *Id*.

PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT
CASE NO. 5:13-cv-04980-LHK                                                                                                -5-

Mr. Sweeney disclosed at his deposition that he received settlement payments in exchange for withdrawing objections in eight different cases, including a verbal agreement to "settle" one of his objections the day before the deposition. The chart in Attachment A below shows more than 20 recent objections filed by or with the assistance of Mr. Sweeney. Mr. Sweeney testified that class-action objections were a central part of his business, accounting for about half of his practice. Tr. 149:15-22. He further testified that his pace of objections has "accelerated" in 2016 and that he routinely lodges form objections. Tr. 149:3-5, 106:9-15 ("Someone accused me of having form objections, and the judge said, yeah, what about that, Mr. Sweeney? And I said, Your Honor, this isn't rocket science. There's only so many ways I can object and the same language works, so I'm guilty.").

Casting Mr. Sweeney's motives into further doubt, publicly available information and his testimony make clear that he is in severe financial distress. He no longer has a law office, having allowed the State of Wisconsin to administratively dissolve his law firm. Tr. 167:18-21. He is also facing disbarment.[2] On July 10, 2015, the Wisconsin Office of Lawyer Regulation ("OLR") filed an ethics complaint against Mr. Sweeney consisting of five counts of professional misconduct, including practicing law with a suspended license, violation of a court order, conflict of interest, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *See* OLR Complaint dated July 10, 2015, Supp. Straite Decl., Ex. A-26. Mr. Sweeney admitted many facts in the complaint while denying the legal claims. *See* Answer dated Nov. 10, 2015, Supp. Straite Decl., Ex. A-27; Tr. 168:14-17. Additionally, Mr. Sweeney is a defendant in an ongoing lawsuit by Barry Alvarez, the Director of Athletics at the University of Wisconsin, seeking over $1 million for legal malpractice, fraud, and breach of contract. *See* Supp. Straite Decl., Ex. A-29; Tr. 173:1-2.

Mr. Sweeney has almost no assets in his own name, and insufficient assets to pay his outstanding debt, which may exceed $1 million. Tr. 159:4-10. He owes back taxes to the Internal Revenue Service (Tr. 184:2-10) and to the Wisconsin Department of Revenue (Tr. 182:23-25), but has not filed a tax return in two years (Tr. 184:11-13). No bank will do business with him after he filed for bankruptcy in 2013 (*see* Supp. Straite Decl. Exs. A-31 & A-32), so his daughter holds his money and pays his bills as needed. Tr. 177:10-178:25.

---

[2] Mr. Sweeney labeled his objection "pro se" even though he is a lawyer.

PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT
CASE NO. 5:13-cv-04980-LHK                                                -6-

## III. CONCLUSION

In light of the foregoing, plaintiffs respectfully submit that the Court should find that Mr. Sweeney lacks standing, overrule his objections, and grant plaintiffs' motions for final approval and for attorneys' fees and costs.

Dated: August 11, 2016                                                                Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**                                **GIRARD GIBBS LLP**

By: /s/ *Laurence D. King*                                                    By: /s/ *Daniel C. Girard*
Laurence D. King (SBN 206423)                                       Daniel C. Girard (SBN 114826)
350 Sansome Street, Suite 400                                        Jordan Elias (SBN 228731)
San Francisco, CA 94104                                                   601 California Street, 14th Floor
Telephone: (415) 772-4700                                               San Francisco, CA 94108
Facsimile: (415) 772-4707                                                  Telephone: (415) 981-4800
*lking@kaplanfox.com*                                                       Facsimile: (415) 981-4846
                                                                                              *dcg@girardgibbs.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)                    *Co-Lead Class Counsel*
850 Third Ave., 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*


## ATTESTATION OF E-FILED SIGNATURE

I, Daniel C. Girard, am the ECF User whose ID and password are being used to file Plaintiffs' Response to Objection to Class Settlement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel has concurred in this filing.

                                                                                              /s/ *Daniel C. Girard*

# Attachment A

Sample of Recent Objections of Patrick S. Sweeney Filed or "Settled"

*includes objections ghost-written or filed as counsel for other objectors*

| Case | Case No. | Deposition Transcript pages where discussed | Status of objection |
|---|---|---|---|
| Martin v. Global Marketing Research Services, objection filed July 27, 2016 | 6:14-cv-1290 (M.D. Fla.) | Tr. 98:3-100:3 | Pending |
| Spann v. J.C. Penney Corp., Inc., objection filed July 22, 2016 | 8:12-cv-0215 (C.D. Cal.) | Tr. 101:1-102:20 | Pending |
| In re Yahoo Mail Litig., objection filed July 14, 2016 | 5:13-cv-4980 (N.D. Cal.) | Tr. 41:12-93:3 | Pending |
| Legg v. Spirit Airlines, objection filed June 20, 2016 | 14-cv-61978 (S.D. Fla.) | Tr. 102:25-106:8 | Objection withdrawn after motion for sanctions |
| New Jersey Div. of Investment v. Cliffs Natural Resources, Inc., objection filed June 8, 2016 | 1:14-cv-1031 (N.D. Ohio) | Tr. 110:2-111:6 | Objector appeal filed Aug. 1, 2016 |
| In re Carrier IQ, Inc., Consumer Privacy Litig., objection filed June 7, 2016 | 3:13-md-2330 (N.D. Cal.) | Tr. 111:15-113:6 | Pending |
| Pearson v. NBTY, Inc., objection filed May 31, 2016 | 1:11-cv-7972 (N.D. Ill.) | Tr. 113:15-114:23 | Pending |
| Chambers v. Whirlpool Corp., objection filed May 31, 2016 | 8:11-cv-1733 (C.D. Cal.) | Tr. 115:2-116:6 | Pending |
| Lofton v. Verizon Wireless LLC, objection filed May 9, 2016 | 4:13-cv-5665 (N.D. Cal.) | Tr. 116:12-118:18 | Objection rejected; motion for sanctions filed and then withdrawn |
| In re Blue Buffalo Co., Ltd. Marketing and Sales Practices Litig., objection filed May 6, 2016 | 14-md-2562 (E.D. Mo.) | Tr. 118:19-121:18 | Objector appeal filed July 15, 2016 |
| In re: JPMorgan Chase & Co. Sec. Litig., objection filed May 3, 2016 | 1:12-cv-3852 (S.D.N.Y.) | Tr. 121:22-125:25 | Objector appeal filed June 9, 2016 |
| Barron v. Snyder's-Lance, Inc., objection filed May 3, 2016 | 13-cv-62496 (S.D. Fla.) | Tr. 126:4-127:9 | Objector appeal filed July 7, 2016 |
| In re: Midland Credit Management, Inc., objection filed April 22, 2016 | 3:11-md-2286 (S.D. Cal.) | Tr. 25:3-22; Tr. 96:9-16; Tr. 149:23-150:24 | Settled for $35,000 |
| In re Automotive Parts Antitrust Litig., objection filed April 25, 2016 | 2:12-md-2311 (E.D. Mich.) | Tr. 128:13-130:22 | Pending |

PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT
CASE NO. 5:13-cv-04980-LHK                                                                -8-

| Case | Case No. | Deposition Transcript pages where discussed | Status of objection |
|---|---|---|---|
| Rouguie v. Ascena Retail Group, Inc., objection filed Apr. 15, 2016 | 2:15-cv-0724 (E.D. Pa.) | n/a | Pending |
| Chimeno-Buzzi v. Hollister Co., objection filed Mar. 7, 2016 | 1:14-cv-23120 (S.D. Fla.) | Tr. 207:17-212:25 | Settled for $17,500 |
| Douglas v. Western Union Co., objection filed Feb. 25, 2016 | 1:14-cv-1741 (N.D. Ill.) | Tr. 131:1-138:7 | Pending |
| Brown v. Hain Celestial Group, Inc., objection filed Jan. 20, 2016 | 3:11-cv-3082 (N.D. Cal.) | Tr. 25:23-26:6; 150:25-151:9 | Settled for $20,000 |
| Gay v. Tom's of Maine, Inc., objection filed Dec. 29, 2015 | 14-cv-60604 (S.D. Fla.) | Tr. 26:8-14, 146:6-147:20; 151:10-16 | Settled for $5,000 |
| Hendricks v. Starkist Co., objection filed Nov. 20, 2015 | 3:13-cv-0729 (N.D. Cal.) | n/a | Pending |
| In re: Polyurethane Foam Antitrust Litig., objection filed Nov. 17, 2015 | 1:10-md-2196 (N.D. Ohio) | n/a | Objector appeal filed Feb. 26, 2016 and then withdrawn May 19, 2016 after failure to post appeal bond |
| Larson v. Trader Joe's, three Sweeney family objections filed May 31, 2014 | 3:11-cv-5188 (N.D. Cal.) | Tr. 140:2-146:2 | Objector appeal filed, then settled for $5,000 |
| Mr. Sweeney unable to recall case | Mr. Sweeney unable to recall case | Tr. 26:18-27:3; Tr. 151:17-152:1 | Settled for $25,000 |
| In re Checking Account Litig. – related cases against defendants Wells Fargo and Bank of America | 1:09-md-2036 (S.D. Fla.) | Tr. 27:5-12; Tr. 27:22-28:5; Tr. 152:2-15 | Wells Fargo: Settled for $10,000 BofA: Settled for $25,000 |
| Unspecified class action against Jaguar Land Rover | Mr. Sweeney unable to identify case | Tr. 27:14-21; Tr. 94:23-95:7; Tr. 152:2-15 | Settled for $47,500 |

PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT
CASE NO. 5:13-cv-04980-LHK

-9-

# CERTIFICATE OF SERVICE
### (Fed. R. Civ. P. 5(b))

I declare that I am employed with the law firm of Girard Gibbs LLP, whose address is 601 California Street, 14th Floor, San Francisco, CA 94108. I am over the age of 18 and am not a party to the within action.

I further declare that on August 11, 2016, I served true and correct copies of the following documents:

**PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT**

**SUPPLEMENTAL DECLARATION OF DAVID A. STRAITE IN SUPPORT OF PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT**

by placing the same in sealed envelopes, affixing proper first class postage, and depositing them in the United States Mail at San Francisco, California to the address provided by Patrick S. Sweeney in his Objection. (ECF No. 194.) The address is omitted from this Certificate consistent with this Court's redaction of the address from the public file. (*Ibid.*)

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed this 11th August, 2016, at San Francisco.

_____
Anne-Michele Von Goetz