Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dcg@girardgibbs.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
*lking@kaplanfox.com*

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | No. 5:13-cv-04980-LHK <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPEAL BOND; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Fed. R. App. P. 7 <br><br> Date: December 22, 2016 <br> Time: 1:30pm <br> Location: Courtroom 8 <br> 280 South 1st Street <br> San Jose, CA 95113 |

| | |
|---|---|
| 1 | **NOTICE OF MOTION FOR APPEAL BOND** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT Plaintiffs Cody Baker, Brian Pincus, Rebecca Abrams, and |
| 4 | Halima Nobles ("Plaintiffs") at the time and place designated above will and hereby do move this Court, |
| 5 | pursuant to Federal Rule of Appellate Procedure 7, for entry of an Order requiring objector-appellant |
| 6 | Patrick S. Sweeney to post an appeal bond in the amount of $2,000. |
| 7 | The motion is based on this Notice of Motion and Motion, the supporting Memorandum of |
| 8 | Points and Authorities, and all papers and records on file in this matter. |

Dated: October 11, 2016                                            Respectfully Submitted,

**KAPLAN FOX & KILSHEIMER LLP**                                    **GIRARD GIBBS LLP**

By:  /s/ *Laurence D. King*                                         By:  /s/ *Daniel C. Girard*
Laurence D. King (SBN 206423)                                       Daniel C. Girard (SBN 114826)
350 Sansome Street, Suite 400                                       Jordan Elias (SBN 228731)
San Francisco, CA 94104                                             601 California Street, 14th Floor
Telephone: (415) 772-4700                                           San Francisco, CA 94108
Facsimile: (415) 772-4707                                           Telephone: (415) 981-4800
*lking@kaplanfox.com*                                               Facsimile: (415) 981-4846
                                                                    *dcg@girardgibbs.com*
Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)                          *Co-Lead Class Counsel*
850 Third Ave., 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

*Co-Lead Class Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Cody Baker, Brian Pincus, Rebecca Abrams, and Halima Nobles ("Plaintiffs") respectfully request that this Court order objector-appellant Patrick S. Sweeney, Esq. to post an appeal bond of $2,000 to ensure payment of the anticipated costs resulting from his appeal of this Court's Order Granting Motion for Approval of Class Action Settlement and Order Granting Motion for Attorney's Fees and Costs. ECF No. 203.

The requested appeal bond is authorized under Rule 7 of the Federal Rules of Appellate Procedure and all relevant factors strongly favor ordering an appeal bond in this action. First, Plaintiffs seek a modest bond in the amount of $2,000, an amount Mr. Sweeney should be capable of paying. Second, there is a significant risk Mr. Sweeney would not pay Plaintiffs' costs if his appeal is unsuccessful because he resides outside the Ninth Circuit's jurisdiction, he has a pattern of disregard for court orders, he is a serial objector, and is the subject of pending disbarment proceedings. Finally, Mr. Sweeney's objections are frivolous and filed in bad faith. After considering Mr. Sweeney's objections, this Court overruled them in their entirety. In short, Rule 7 appeal bonds are an important component of a balanced civil justice system, and are often necessary, as here, to ensure Plaintiffs recover costs associated with litigating a frivolous appeal.

## II. RELEVANT BACKGROUND

This Court preliminarily approved a class action settlement in this matter on March 15, 2016. ECF No. 182. Mr. Sweeney filed an objection, complaining about two aspects of the settlement: the claims process and the requested attorneys' fees. ECF No. 194. Mr. Sweeney did not oppose the substance of the settlement, however. On July 22, 2016, Class Counsel moved for leave to conduct expedited discovery of Mr. Sweeney, including taking his deposition (ECF No. 195), which the Court granted on July 25, 2016. ECF No. 196. Class Counsel deposed Mr. Sweeney in his home state of Wisconsin, which was Mr. Sweeney's first deposition in his capacity as an objector to a class settlement. *See* Transcript of Deposition of Patrick S. Sweeney dated August 5, 2016 ("Tr.") 12:23-25, ECF No. 197-2.

Discovery and Class Counsel's research confirmed that the Sweeney objection was simply a frivolous form objection bearing no relationship to the case. Sweeney objected to the claims process, but of course there is no claims process in an injunctive-relief-only settlement. Sweeney's objection to the request for attorneys' fees was based on a purported analysis of fees per "docket entry," a metric never used by any court. Sweeney complained that the docket did not demonstrate "substantive" work including summary judgment, but of course the docket reveals that the parties filed cross-motions for summary judgment and cross-motions to exclude expert testimony. Sweeney also objected to the lack of detailed billing records, failing to see that such records were filed well in advance of his objection. Plaintiffs also submitted evidence of 20 objections Sweeney has filed just in the past year and identified eight that Sweeney admits to withdrawing in exchange for cash payments negotiated with class counsel. ECF No. 197, Ex. A. The final approval hearing was held on August 25, 2016. The Court granted final approval of the settlement and overruled the Sweeney Objection. *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *7 (N.D. Cal. Aug. 25, 2016) ("The information obtained from the discovery, along with the record in this case, demonstrate that Sweeney's objection lacks merit."). Thereafter, Mr. Sweeney filed a Notice of Appeal on September 26, 2016. ECF No. 207. Plaintiffs filed a Motion for Sanctions on September 29, 2016 (ECF No. 209) and by this motion seek an order for an appeal bond.

## III. ARGUMENT

The Federal Rules of Appellate Procedure delegate to the District Court the power to require an appeal bond "or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The purpose of Rule 7 is to "protect[ ] ... an appellee against the risk of nonpayment by an unsuccessful appellant." *Yingling v. eBay, Inc.*, No. C 09-01733 JW, 2011 WL 2790181, at *1 (N.D. Cal. July 5, 2011) (citing *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). Therefore, it is left to the district court to decide the need for and the amount of a bond in order to ensure that unsuccessful appellants pay taxable costs. *See Fleury*, 2008 WL 4680033, at *6 (citing Fed. R. App. P. 7, 1979 advisory committee notes); *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (noting the amount of an appeal bond is generally reviewed for abuse of discretion).

District courts, in evaluating whether to require a Rule 7 appeal bond, consider three factors: (1) appellant's financial ability to post bond; (2) the risk that appellant would not pay the cost should appellant lose; and (3) the merits of appellant's appeal. *Fleury*, 2008 WL 4680033, at *7.

In addition, courts may consider whether the appeal was filed in bad faith. While additional sanctions for frivolous appeals under Fed. R. App. P. 38 are not properly the subject of appeal bonds, *see, e.g.*, *Fleury*, 2008 WL 4680033, at *7 (citing *Azizian*, 499 F.3d at 960), an appellant's bad faith conduct can still be considered when evaluating the three factors above. *See Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (granting appeal bond where evidence showed appellants "had vexatious intent in filing their notice of appeal"); *Nam Soon Jeon v. 445 Seaside, Inc.*, No. CV11-00015 SOM/BMK, 2014 WL 769774, at *2 (D. Haw. Feb. 24, 2014) (considering bad faith or vexatious conduct as a fourth factor), *aff'd*, 637 F. App'x 378 (9th Cir. 2016). Moreover, bad faith and vexatious conduct "may [still] be pertinent" because it "speaks to the risk of nonpayment." William B. Rubenstein, Newberg on Class Actions § 14:15 (5th ed.) (noting "a bad actor may be more likely to not pay"); *see also In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06CV00225-PMPPAL, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010) (noting a risk of nonpayment where objectors had a documented practice of filing appeals from settlement approvals and dismissing them once objectors were compensated). Therefore, Plaintiffs will briefly address Objector Sweeney's bad faith conduct under the second factor.

**A.  Appellant's Financial Ability Favors Requiring a Bond.**

As discussed in detail below, there is substantial reason to believe that Mr. Sweeney *won't* pay costs if he is unsuccessful on appeal, in part because he has transferred his money (presumably in trust) to his adult daughter's bank account. But this does not mean he *can't* pay costs. For example, Mr. Sweeney's family recently took a lavish vacation to the Grand Hyatt Kauai Resort & Spa. Mr. Sweeney and his wife thereafter filed a personal injury lawsuit against the resort and its parent company related to an alleged slip and fall. *See generally Sweeney v. Hyatt Corp., et al.*, 16-cv-0143 (D. Hawaii), complaint filed Mar. 24, 2016 [Hawaii ECF No. 1]. The $400 filing fee was paid out of Mr. Sweeney's daughter's account. *See id.*, Hawaii ECF No. 10. Mr. Sweeney also testified in this case that he rented a

vacation home for the month of August and has transferred approximately $100,000.00 to his daughter's accounts to "pay his bills." Tr. 28:17-29:7; 178:1-2. Clearly, he is capable of paying costs in this case.

Sweeney will have the opportunity in response to this motion to present evidence that he is unable to post a bond. But when an appellant fails to submit financial information indicating the inability to post a bond, this factor "weigh[s] in favor of a bond." *Fleury*, 2008 WL 4680033, at *7. *See Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 WL 2415340, at *2 (E.D. Mich. June 12, 2008) ("'There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond.'"); *In re AOL Time Warner, Inc., Sec. & "Erisa" Litig.*, No. 02 CV. 5575 (SWK), 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007) (reaching same conclusion). Moreover, a mere assertion that appellant is unable to pay a bond is not enough to avoid a bond payment. *See In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013) (noting "while Objectors contend that the appeal bond would be burdensome, they do not provide any evidence indicating a financial inability to pay"); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004) (appellant's failure to show that the bond was improper or to "make a good faith proffer of a lesser [bond] amount" resulted in dismissal of appeal). In the absence of evidence demonstrating Sweeney's inability to post the requested bond, this factor weighs in movants' favor.

**B. Appellant Poses a Risk of Nonpayment for Appellees' Costs.**

**i. Appellant resides outside of the Ninth Circuit.**

Mr. Sweeney poses a significant risk of nonpayment of Plaintiffs' costs because he resides outside of the Ninth Circuit's jurisdiction. When an appellant is located in another portion of the country, it is significantly more difficult for appellees to collect their costs should they prevail on appeal—a factor weighing in favor of a bond. *Fleury*, 2008 WL 4680033, at *7. *See Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11-CV-1056-MDD, 2016 WL 773219, at *3 (S.D. Cal. Feb. 29, 2016) (noting a risk that objector would not pay appeal costs because objector resides out-of-state and outside the Ninth Circuit); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *3 (recognizing the increased difficulty in collecting costs from appellants who live out of state); *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) (same). In this instance, Mr. Sweeney is not a

resident of California, and is not located within the Ninth Circuit. His last known physical address was in Manitowish, Wisconsin, *see* Tr. 7:5-7, but now only provides the Court and the parties with the address of a UPS Store in Madison, Wisconsin as his current address. Because there is no evidence that Mr. Sweeney resides within the Ninth Circuit and has not informed the Court or the parties of his physical address, there is a significant risk Plaintiffs would be unable to collect their costs from him if the Ninth Circuit affirms the Orders. Thus, this factor weighs in favor of an appeal bond.

### ii. Appellant has a pattern of disregard for court orders.

There exists a heightened risk that Mr. Sweeney will not pay costs based on his pattern of disregard for court orders. A court may look to an appellant's demonstrated "history of showing disrespect for legal ethics and the rules of court" as a factor indicating a likelihood of nonpayment. *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2016 WL 1452005, at *4 (N.D. Ohio Apr. 13, 2016) (noting appellants' history of disciplinary court proceedings, submission of unauthorized court fillings, and violation of conflicts-of-interest and breach of fiduciary duty). Additionally, "[a] 'pattern of noncooperation and noncompliance with court orders' supports a conclusion that an appellant 'may not pay the appeal costs if [the] appeal is unsuccessful.'" *Id.* (citing *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prod. Liab. Litig.*, No. 2:11-MD-2233, 2014 WL 2931465, at *2 (S.D. Ohio June 30, 2014).

At present, the Wisconsin Office of Lawyer Regulation ("OLR") has initiated proceedings in the Wisconsin Supreme Court to revoke Mr. Sweeney's license to practice law for alleged professional misconduct, including: practicing without a license; violation of court orders; conflict-of-interest; and participating in conduct involving dishonesty, fraud, deceit, and/or misrepresentation. Tr. 153:7-164:20; s*ee also* ECF No. 195-8 (OLR complaint). Mr. Sweeney is also a defendant in a lawsuit seeking over $1 million for legal malpractice, fraud, and breach of contract. Tr. 173:1-2. His personal bankruptcy was dismissed for willful failure to pay a court-ordered fee, simply because it suited his interests. Tr. 202:8-20. Based on Mr. Sweeney's demonstrated disregard for legal ethics and noncompliance with court orders, there is a significant risk of nonpayment for Plaintiffs' cost—a factor that weighs in favor of an appeal bond.

### iii. Appellant is a serial objector and thus less likely to pay Plaintiffs' costs.

As noted in Plaintiffs' Response to Objection and Motion for Sanctions, Mr. Sweeney is considered a "serial objector" with a history of filing bad-faith objections to delay settlements in order to extract a fee. *See, e.g., Larson v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *6-7 (N.D. Cal. July 11, 2014) (noting Mr. Sweeney's "long history of representing objectors"); *Roberts v. Electrolux Home Prods., Inc.*, No. SACV12-1644-CAS (VBKx), 2014 WL 4568632, at *12-15 (C.D. Cal. Sept. 11, 2014) (recognizing Mr. Sweeney as a serial objector "who routinely files objections to class settlements"). There is an increased risk of nonpayment by an appellant when they have a documented practice of leveraging appeals from settlement approvals in order to extract a fee. *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513, at *1; Newberg on Class Actions § 14:15 (5th ed.). Mr. Sweeney himself has identified a number of objections to settlements that he has been involved in. Tr. 173:1-2 (noting he received compensation from at least seven settlement objections). Additionally, Plaintiffs have submitted evidence of over 20 recently filed objections involving Mr. Sweeney. *See* ECF No. 197, Ex. A. Sweeney is at it again here, having appealed an order approving a settlement he never bothered to learn the terms of. Based on Mr. Sweeney's conspicuous pattern as a serial objector, there is a significant risk he will not pay for Plaintiffs' costs if his appeal is denied.

### iv. Appellant is unlikely to have future finances sufficient to pay Plaintiffs' costs.

Finally, there is further risk that Plaintiffs will not collect costs from Mr. Sweeney based on his precarious personal and professional standing. By Mr. Sweeney's own account, approximately half of his "business" relates to class-action objections, either as objector or counsel to objectors. Tr. 149:15-22. As mentioned above, Mr. Sweeney is facing possible disbarment and could face unrelated legal judgments in excess of his assets. If Mr. Sweeny is disbarred or if his objection mill no longer proves sustainable, it is unclear where his future income will come from, rendering his future ability to pay Plaintiffs' costs even more unlikely. In contrast, there is no indication that Mr. Sweeney is currently unable to post a bond. Additionally, as noted above Mr. Sweeney does not maintain his own bank account, rather his daughter holds his money for him in her personal bank account, raising the likely

possibility that Mr. Sweeney will claim he has no assets in his own name. Tr. 177:10-178:25. Therefore, this factor also weighs in favor of a bond.

### C. Appellant's Appeal Is Meritless.

Finally, courts consider the merits of the appeal when evaluating a motion for appeal bond. Mr. Sweeney does not oppose the substance of the settlement but instead objects to two ancillary aspects: (1) the claims administration process (nonexistent in this case); and (2) the attorneys' fees award. ECF No. 194 at 2-3. Mr. Sweeney has failed provide any evidence that he even has standing to object, and his objections are unsubstantiated in fact or law.

#### i. Appellant does not have standing.

Mr. Sweeney lacks standing to object because he failed to meet his burden of establishing himself as a class member. "Formal objections may only be made by class members," and the burden is on the objector to establish their standing. *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944-JST, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016) (citing *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015)); Fed. R. Civ. P. 23(e)(5) (providing only class members can object to a settlement). Mr. Sweeney has failed to provide any evidence of his class membership and admits he "guess[ed]" at his status as a class member—which is insufficient to establish standing to object. *See TRS Recovery Servs. & Telecheck Servs.*, 2016 WL 543137, at *6 n.16 (rejecting Mr. Sweeney's objection in part because his claim to membership was based only 'on [his] belief'"). Thus, as noted by the Court, Mr. Sweeney's "inability to show standing provides a separate and independent basis to overrule his objection." *In re Yahoo Mail Litig.*, 2016 WL 4474612, at *8.

#### ii. Appellant's objections are not substantiated by fact or law.

Mr. Sweeney's appeal will also fail because his objections are baseless. On appeal, a court's approval of a class action settlement or a grant of attorney's fees can only be overturned for abuse of discretion. *In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x 560, 564 (9th Cir. 2014). Thus, appellate courts review is "extremely limited." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This Court, in approving the Settlement, carefully considered and overruled Mr. Sweeney's objections, and for reasons discussed below Mr. Sweeney's appeal is frivolous.

First, Mr. Sweeney objects to the claims administration process as being unreliable and lacking oversight. ECF No. 194 at 2 (noting his intent to file a claim in the matter). Had Sweeney acquired even a passing familiarity with the Settlement, he would have known there was no claims process. Rather, Plaintiffs sought and obtained only injunctive relief. During his deposition Mr. Sweeney admitted he was unaware there was no claims process when he filed his objection. Tr. 51:16-20. Rather than familiarize himself with the proposed settlement, Mr. Sweeney simply objected using boilerplate language copied from past objections he has filed. ECF No. 197 at 2-3. Therefore, his objection regarding the claims process is meritless.

Second, Mr. Sweeney objects to the attorneys' fees award. ECF No. 194 at 2-3. Mr. Sweeney's objection is based on his own fee calculation method—a method Mr. Sweeney admits is not supported by law. Tr. 78:8-9, 18-19 (stating his method "is an art"). Mr. Sweeney's calculation method consists of dividing the fee award by the number of "substantive" docket entries. Here, Mr. Sweeney laments that substantive work such as filing an Answer or a Motion for Summary Judgment were not done—yet both were filed. As noted in the Response to Objection, both sides filed motions for summary judgment, retained and deposed experts, filed *Daubert* motions, and briefed all dispositive motions. Mr. Sweeney's fee calculation methodology has never been adopted nor has he made a good faith argument for its adoption. It is simply a random bit of arithmetic substituting for actual review of the motion for approval of fees. *See* Tr. 55:6-8 (Mr. Sweeney noting that "part of my philosophy of objecting, is usually the most likely objection is the fee calculation"). Mr. Sweeney also objects that the fee request should not be granted in the absence of detailed billing records. ECF No. 194 at 2. As discussed in the Response to Objection, however, class counsel did file detailed billing records, available on PACER, prior to the date of the objection. *See* ECF Nos. 189 & 190; Tr. 62:18-20 (showing Mr. Sweeney has access to and is familiar with PACER).

In sum, Mr. Sweeney's objections are without merit, and therefore the third factor also weighs in favor of a bond.

**D.   The Amount of the Appeal Bond Is Reasonable.**

Plaintiffs respectfully request the Court to order an appeal bond in the amount of $2,000 to cover Plaintiffs' taxable costs. In requiring an appeal bond, it is within the Court's discretion to determine the

nature and amount of the bond. *Fleury*, 2008 WL 4680033, at *6. Costs provided under FRAP 39 may "always [be] include[d] in an appeal bond." *In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x at 563. Taxable costs under FRAP 39 include the preparation and transmission of the record, and the reporter's transcript if needed to determine the appeal. Costs also include copies of the briefs.

Plaintiffs estimate their taxable costs at $2,000, which includes costs such as printing, photocopying, binding, and preparing and serving the appeal record. Because Mr. Sweeney is unrepresented he is not required to provide the Record, and therefore the burden will fall on Plaintiffs to do so. Circuit Rule 30-1.2. The Excerpt of Record will necessarily include hundreds of pages of exhibits, declaration, and other required documents. Even if Mr. Sweeney does provide the initial Record, Plaintiffs would still need to submit Supplemental Excerpts of Record—including documentation such as Mr. Sweeney's deposition transcript and any other exhibits Plaintiffs have relied on. Circuit Rule 30-1.7. Plaintiffs' costs will include five copies of the Excerpts of Record plus one copy for each party required to be served. Circuit Rule 39-1.2. Plaintiffs' costs will also include copies of their brief. Circuit Rule 31-1; Fed. R. App. P. 32(a)(7)(A). Each item listed above is taxed at the Ninth Circuit's rate of 10 cents per page. Circuit Rule 39-1.3.

Plaintiffs' request for a $2,000 appeal bond is a conservative estimate for taxable costs. Courts routinely approve larger bonds in similar situations. *See Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (granting $60,000 appeal bond including $10,000 in taxable costs); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *2 (N.D. Cal. Oct. 21, 2015) (granting $5,000 appeal bond for taxable costs); *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *6 (N.D. Cal. Apr. 2, 2013) (same); *Fleury*, 2008 WL 4680033, at *7 (same); *Lerma*, 2016 WL 773219, at *4 ($2500); *Dennings*, 928 F. Supp. 2d at 1272 ($2000). Therefore, Plaintiffs respectfully request this Court order a bond of $2,000 to cover Plaintiffs' taxable costs on appeal.

**IV.    CONCLUSION**

For all the foregoing reasons, Plaintiffs' Motion for Appeal Bond should be granted.

| | |
|---|---|
| Dated: October 11, 2016 | Respectfully submitted, |
| **KAPLAN FOX & KILSHEIMER LLP** | **GIRARD GIBBS LLP** |
| By: /s/ *Laurence D. King* | By: /s/ *Daniel C. Girard* |
| Laurence D. King (SBN 206423)<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772-4707<br>*lking@kaplanfox.com* | Daniel C. Girard (SBN 114826)<br>Jordan Elias (SBN 228731)<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>*dcg@girardgibbs.com* |
| Frederic S. Fox (admitted *pro hac vice*)<br>David A. Straite (admitted *pro hac vice*)<br>850 Third Ave., 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714<br>*dstraite@kaplanfox.com* | *Co-Lead Class Counsel* |
| *Co-Lead Class Counsel* | |

## **ATTESTATION STATEMENT**

I, Daniel C. Girard, am the ECF User whose ID and password are being used to file the foregoing Statement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel concur in this filing.

/s/ *Daniel C. Girard*
Daniel C. Girard

10
PLAINTIFFS' MOTION FOR APPEAL BOND
CONSOLIDATED CASE NO.: 5:13-CV-04980-LHK