| | |
|---|---|
| Daniel C. Girard (SBN 114826) | |
| Jordan Elias (SBN 228731) | |
| **GIRARD GIBBS LLP** | |
| 601 California Street, 14th Floor | |
| San Francisco, CA 94108 | |
| Telephone: (415) 981-4800 | |
| Facsimile: (415) 981-4846 | |
| *dcg@girardgibbs.com* | |

| | |
|---|---|
| Laurence D. King (SBN 206423) | Frederic S. Fox (admitted *pro hac vice*) |
| **KAPLAN FOX & KILSHEIMER LLP** | David A. Straite (admitted *pro hac vice*) |
| 350 Sansome Street, Suite 400 | **KAPLAN FOX & KILSHEIMER LLP** |
| San Francisco, CA 94104 | 850 Third Ave., 14th Floor |
| Telephone: (415) 772-4700 | New York, NY 10022 |
| Facsimile: (415) 772-4707 | Telephone: (212) 687-1980 |
| *lking@kaplanfox.com* | Facsimile: (212) 687-7714 |
| | *dstraite@kaplanfox.com* |

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO MAIL LITIGATION | No. 5:13-cv-04980-LHK |
| | **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR APPEAL BOND AND REQUEST TO VACATE HEARING** |
| | Fed. R. App. P. 7 |
| | Date: December 22, 2016 |
| | Time: 1:30pm |
| | Location: Courtroom 8 |
| | 280 South 1st Street |
| | San Jose, CA 95113 |

**I. INTRODUCTION**

Serial pro se objector Patrick S. Sweeney, Esq. filed a baseless objection to the settlement of this action without a reasonable and competent inquiry and for an improper purpose (the "Sweeney Objection," ECF No. 194). This Court rejected the Sweeney Objection on standing and merits grounds. *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *7 (N.D. Cal. Aug. 25, 2016) ("The information obtained from the discovery, along with the record in this case, demonstrate that Sweeney's objection lacks merit."). Thereafter, Mr. Sweeney filed a frivolous Notice of Appeal on September 26, 2016, *see* ECF No. 207, and plaintiffs-appellees moved for a modest appeal bond in the amount of $2,000. ECF No. 211 (the "Appeal Bond Motion"); *see also* ECF No. 211-2 (certificate of service on Mr. Sweeney via email and U.S. Mail). Mr. Sweeney's deadline to respond to the Appeal Bond Motion was October 25, 2016, but to date nothing appears on the docket. Plaintiffs-appellees therefore respectfully request that the Court vacate the hearing scheduled for December 22, 2016 and grant the Appeal Bond Motion on the current record.

**II. RELEVANT SUPPLEMENTAL BACKGROUND**

Following Mr. Sweeney's Notice of Appeal, the Ninth Circuit docketed the case on September 30, 2016, entered appearances, and set deadlines. *See* Court of Appeals Docket No. 16-16759, 9th Cir. ECF No. 1. On October 3, 2016, the Court of Appeals issued an order requiring Mr. Sweeney to pay his filing fee, or file a motion to proceed in forma pauperis, or show cause why the appeal "should not be dismissed for failure to prosecute." 9th Cir. ECF No. 2-1. His deadline to comply with the Court of Appeals' order was October 24, 2016, but to date, there is no indication on the docket that Mr. Sweeney has complied.

**III. IT IS APPROPRIATE TO VACATE THE DECEMBER 22 HEARING AND GRANT THE APPEAL BOND MOTION ON THE CURRENT RECORD**

*A. Mr. Sweeney Has Provided No Evidence of Inability to Pay the Bond.*

An appellant's ability to pay is a factor in determining whether to impose an appeal bond, and this factor "is grounded in due process concerns." *Schulken v. Washington Mut. Bank*, 09-cv-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). Where (as here) an appellant fails to rebut evidence of his ability to pay, such failure "weighs in favor of a bond." *Id*. Furthermore, when the

1

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR APPEAL BOND
CONSOLIDATED CASE NO.: 5:13-CV-04980-LHK

amount of the appeal bond is limited to taxable costs that the unsuccessful appellant would have to pay anyway, a bond does not deprive the appellant of due process. *Tennille v. Western Union Co.*, 774 F.3d 1249, 1257-58 (10th Cir. 2014) ($5,000 appeal bond).

Plaintiffs-appellees have produced evidence of Mr. Sweeney's ability to pay a bond. *See generally* Appeal Bond Motion, ECF No. 211. Mr. Sweeney was served with the Appeal Bond Motion, *see* ECF No. 211-2, but has failed to rebut the evidence therein or otherwise respond in any fashion. Plaintiffs-appellees also request a modest $2,000 bond, an amount lower than bonds imposed in this District in similar circumstances. *See, e.g., Schulken*, 2013 WL 1345716, at *6 (imposing $5,000 appeal bond on an objector appellant). Finally, because Mr. Sweeney has failed to dispute the evidence of his ability to pay, the hearing scheduled for December 22, 2016 is no longer necessary. *See, e.g., Hill v. State St. Corp.*, 09-cv-12146-GAO, 2015 WL 1734996, at *3 (D. Mass. Apr. 16, 2015) (imposing appeal bond on serial class action objectors 35 days after motion filed, and without a hearing).

*B. Mr. Sweeney Poses a Risk of Nonpayment for Appellees' Costs.*

As outlined in the plaintiffs-appellees' reply in further support of their motion for sanctions, ECF No. 212, Mr. Sweeney has a documented history of ignoring court orders and the risk of non-payment is substantial. For example, Mr. Sweeney willfully failed to obey a court order to pay court costs associated with a bankruptcy case that he himself initiated. Appeal Bond Motion, ECF No. 211 at 5. That violation of the bankruptcy court's order is one of the bases asserted by the Wisconsin Office of Lawyer Regulation in support of disbarment. ECF No. 212 at 5. Worse, as noted above, Mr. Sweeney is currently in violation of the Court of Appeals' order to pay the filing fee *in this very case*. It is unclear if Mr. Sweeney is even prosecuting the appeal any longer, but if he were to pay the filing fee and if the Court of Appeals were to accept late payment, it is particularly appropriate to require a modest appeal bond to ensure payment of costs.

**IV. CONCLUSION**

For all the foregoing reasons, plaintiffs-appellees' Motion for Appeal Bond should be granted.

| | |
|---|---|
| Dated: November 1, 2016 | Respectfully submitted, |
| **KAPLAN FOX & KILSHEIMER LLP** | **GIRARD GIBBS LLP** |
| By: /s/ *Laurence D. King* | By: /s/ *Daniel C. Girard* |
| Laurence D. King (SBN 206423)<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772-4707<br>*lking@kaplanfox.com* | Daniel C. Girard (SBN 114826)<br>Jordan Elias (SBN 228731)<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>*dcg@girardgibbs.com* |
| Frederic S. Fox (admitted *pro hac vice*)<br>David A. Straite (admitted *pro hac vice*)<br>850 Third Ave., 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714<br>*dstraite@kaplanfox.com* | *Co-Lead Class Counsel* |
| *Co-Lead Class Counsel* | |

## **ATTESTATION STATEMENT**

I, Daniel C. Girard, am the ECF User whose ID and password are being used to file the foregoing Statement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel concur in this filing.

/s/ *Daniel C. Girard*
Daniel C. Girard

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email on Patrick S. Sweeney, Esq at Patrick@sweeneylegalgroup.com.

                                                             /s/ *Daniel C. Girard*
                                                                Daniel C. Girard